JOSEPH H. HUNT
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
M. ANDREW ZEE (CA Bar No. 272510)
Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646
Facsimile: (415) 436-6632
E-mail: m.andrew.zee@usdoj.gov

*Attorneys for Defendants Judicial Council of the Ninth Circuit, Sidney Thomas, in his official capacity, Molly Dwyer, in her official capacity*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| CYRUS SANAI,<br><br>          Plaintiff,<br><br>     v.<br><br>ALEX KOZINSKI, et al.,<br><br>          Defendants. | No. 4:19-cv-08162-YGR<br><br>**DEFENDANTS' CASE MANAGEMENT STATEMENT**<br><br>Date:   March 23, 2020<br>Time:   2:00 p.m.<br>Courtroom:   1<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Action Filed:   December 16, 2019 |

Defendants Judicial Council of the Ninth Circuit, Molly Dwyer, in her official capacity, and Sidney Thomas, in his official capacity ("Defendants"), submit this Case Management Statement pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California. This Court's Standing Order in Civil Cases permits the filing of separate case management statements in cases, like this one, involving litigants unrepresented by counsel. ECF No. 11-1. This statement is submitted solely on behalf of the three Defendants listed above, and is not submitted on behalf of any other defendant in this case, including Judge Thomas in his individual capacity.

**1.  Jurisdiction and Service:** Defendants deny that this Court has subject matter jurisdiction over Plaintiff's claims. Plaintiff has filed in the record proofs of service on the U.S. Attorney General, ECF No. 21, and the U.S. Attorney for the Northern District of California, ECF No. 19, accomplished March 10 and March 9, 2020, respectively. Defendants' deadline to respond to the Complaint is currently May 8, 2020. Plaintiff has not filed proof of compliance with Fed. R. Civ. P. 4(i)(2) with respect to Defendant Dwyer in her official capacity or Defendant Thomas in his official capacity, and Defendants Dwyer and Thomas do not waive defenses to proper service of process.

**2.  Defendants' Statement of Facts:** This case is little more than an invitation for the Court to entertain anew Plaintiff's baseless allegations of judicial misconduct that date back as far as 2005 and that have all been dismissed, in one form or another, through appropriate review conducted by multiple Judicial Councils under the Judicial Conduct and Disability Act of 1980 and the Rules for Judicial-Conduct and Judicial-Disability Proceedings.

Plaintiff advances a complex history of misconduct allegations against numerous current and former federal judges and court officials in the Ninth Circuit, as well as the Judicial Council of the Ninth Circuit. He accuses these judges and other court officials of orchestrating a cover up of alleged misconduct by defendant Alex Kozinski, the former Chief Judge of the U.S. Court of Appeals for the Ninth Circuit, and of a concerted effort to take retaliatory action against Plaintiff through the State Bar of California.

*Sanai v. Kozinski*, No. 4-19-cv-08162-YGR
Defendants' Case Management Statement

- 1 -

Although many of Plaintiff's factual allegations have little apparent bearing on the claims he asserts, what emerges from the Complaint as its core claim is that the Judicial Council of the Ninth Circuit in 2010 erred when it issued an order containing a public reprimand of Plaintiff and served that order on the State Bar of California.  The Judicial Council's order was premised on the fact that Plaintiff had filed misconduct complaints that were frivolous and, moreover, submitted as a tactic in aid of underlying litigation in which Plaintiff was involved.  The Ninth Circuit has expressly recognized the propriety of issuing sanctions against a judicial misconduct complainant who abuses the process in this fashion.  *See In re Complaint of Judicial Misconduct*, 550 F.3d 769, 769 (9th Cir. 2008).  Plaintiff's case, even if it could be heard in this Court, cannot withstand that binding authority.

To the extent Plaintiff took issue with prior decisions of the Judicial Council on his misconduct complaints, the Act provides a right of appeal to the Judicial Conference of the United States.  What Congress also provided, however, was that "all orders and determinations, including denials of petitions for review, shall be final and conclusive and *shall not be judicially reviewable* on appeal or otherwise."  28 U.S.C. § 357(c) (emphasis added).  That language should end this case.  Even absent that language, this case would be subject to dismissal under a variety of immunities and jurisdictional doctrines available to judicial defendants, notwithstanding Plaintiff's efforts to plead around them.  At bottom, the case appears to be little more than an impermissible collateral attack on the outcomes of his multiple judicial misconduct complaints, perhaps with the goal of impacting the State Bar proceedings apparently pending against Plaintiff.  Plaintiff has no right to the novel "name-clearing hearing" he seeks from this Court, *see* Compl. ¶ 81, and Defendants intend to seek dismissal of the Complaint.

**3.     Legal Issues:**  Plaintiff has asserted three counts against Defendants (Counts One, Two, and Three) and six claims against other defendants in this action.  Against Defendants, his claims seek, among other relief, mandamus and injunctive relief requiring the Judicial Council of the Ninth Circuit to vacate the public order of reprimand it issued in 2010, requiring the Judicial Council to disclose confidential investigative documents to Plaintiff, and requiring the Judicial

*Sanai v. Kozinski*, No. 4-19-cv-08162-YGR
Defendants' Case Management Statement

- 2 -

Council to rewrite its rules and procedures in a manner acceptable to Plaintiff; and a declaratory judgment that "fully sets out the history" of various alleged actions by certain judges and former judges of the U.S. Court of Appeals for the Ninth Circuit.

Among the legal issues arising from Plaintiff's claims against Defendants are:

- whether Plaintiff has satisfied the requirements of Article III standing for his claims against Defendants;
- whether jurisdiction in this case is precluded pursuant to 28 U.S.C. § 357(c), which generally provides that "all orders and determinations, including denials of petitions for review, [made under the Judicial Conduct and Disability Act] shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise";
- whether sovereign immunity bars Plaintiffs' claims against Defendants;
- whether Defendants are immune from suit; and
- whether Plaintiff has stated a valid claim for relief against any of the Defendants.

**4.    Motions:**

**Plaintiff's Motions.**  Plaintiff has filed an Ex Parte Motion to Order Clerk to Issue Summons and for Disclosure.  ECF No. 8.

**Defendants' Motions.**  The United States, prior to service on the U.S. Attorney General and the U.S. Attorney for the Northern District of California, filed an Administrative Motion to Continue the Case Management Conference.  ECF No. 15.  Continuance of the case management conference is warranted until such time as Plaintiff has effectuated service on all defendants and until such time as the U.S. Department of Justice has had sufficient opportunity to confer with any defendants who have been sued in their individual capacities who wish to be represented by the Department.[1]  Defendants anticipate seeking an extension of time to respond to the

---

[1] Undersigned counsel was informed the afternoon of March, 16, 2020, the day that this filing was due, that representation of the following individual capacity defendants who had requested representation by the U.S. Department of Justice had been approved: Cathy Catterson; Alex Kozinski, Sidney Thomas, Ronald Gould, Margaret McKeown, Johnnie Rawlinson, Terry Hatter, Jr., and Irma Gonzalez.  Given the timing of this development, and the practical difficulties

*Sanai v. Kozinski*, No. 4-19-cv-08162-YGR
Defendants' Case Management Statement

- 3 -

Complaint beyond the current May 8, 2020 deadline to allow sufficient time to prepare a response following consultation between the U.S. Department of Justice and those defendants who have been sued in their individual capacities.

Defendants anticipate moving to dismiss pursuant to Rule 12(b)(1) and, in the alternative, Rule 12(b)(6) at the appropriate time.

**5. Amendment of Pleadings:** The claims asserted against Defendant Thomas are duplicative of those asserted against the Judicial Council of the Ninth Circuit and that Defendant Thomas should accordingly be dismissed.  Defendants submit that the deadline to amend the pleadings should be set for 90 days after the date of the case management conference.

**6. Evidence Preservation:** Undersigned counsel for Defendants has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

**7. Disclosures:** No disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) have been made because no conference of the parties has occurred pursuant to Rule 26(f). *See* Fed. R. Civ. P. 26(a)(1)(C).  Defendants intend to request relief from the requirements of Rule 26(f) and Rule 26(a)(1)(A) until such time as their anticipated Motion to Dismiss has been decided.

**8. Discovery:** Defendants maintain that no discovery is warranted, that any discovery would be improper, and, to the extent the Court entertains the possibility of discovery, that any question of whether discovery should be had should not be decided until after the Court has ruled on Defendants' anticipated Motion to Dismiss.

**9. Class Actions:** This matter is not a class action.

**10. Related Cases:** Defendants are not aware of any related cases pending before this Court.  Defendants are aware of a disciplinary proceeding that has been initiated against Plaintiff by the State Bar of California, and that appears to be referenced in Plaintiff's Complaint.

**11. Relief:** Defendants intend to seek the entry of judgment in Defendants' favor.

---

involved with contacting all of those individual capacity defendants before filing, this Statement is not filed on any of their behalves.

*Sanai v. Kozinski*, No. 4-19-cv-08162-YGR
Defendants' Case Management Statement

- 4 -

**12.    Settlement and ADR:** This case is not susceptible to a settlement or other negotiated resolution. Defendants have responded to a settlement proposal they received from Plaintiff.

**13.    Consent to Magistrate Judge for All Purposes:** Plaintiff filed a declination to proceed before a magistrate judge for all further proceedings. ECF No. 4. Defendants do not seek reassignment to a magistrate judge.

**14.    Other References:** This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues:** Defendants are not presently aware of any issues that can be narrowed by agreement or motion or any processes regarding the presentation of evidence at trial that should be followed in this case.

**16.    Expedited Trial Procedure:** This case is not the type that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17.    Scheduling:** It is premature and inappropriate to set dates for designation of experts, discovery cutoff, pretrial conference, and trial. Defendants intend to seek an extension of time to respond to the Complaint to align with the response deadline of the individual defendants (assuming they are properly served) and to file a Motion to Dismiss in early Summer of 2020.

**18.    Trial:** This case can and should be decided on the basis of dispositive motions and no trial is necessary or warranted.

**19.    Disclosure of Non-Party Interested Entities or Persons:** Pursuant to Civil Local Rule 3-15, Defendants are not required to file a Certification of Interested Entities or Persons.

**20.    Professional Conduct:** Undersigned counsel for Defendants has reviewed the Guidelines for Professional Conduct for the Northern District of California

**21.    Other Matters:** Because the Judicial Conduct and Disability Act contains strict confidentiality and non-disclosure requirements as to certain documents potentially relevant here, *see* 28 U.S.C. § 360(a), Defendants may be compelled to make certain filings under seal or with redactions on the public docket. It may not be possible to obtain an exception to this

requirement pursuant to § 360(c) given the many judges named by Plaintiff in the underlying misconduct complaints and the impracticality of obtaining authorization in writing from all of them.  Defendants are not aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: March 16, 2020.                                      Respectfully submitted,

                                               U.S. DEPARTMENT OF JUSTICE

                                               JOSEPH H. HUNT
                                               Assistant Attorney General
                                               ELIZABETH J. SHAPIRO
                                               Deputy Branch Director

                                               */s/ M. Andrew Zee*
                                               M. ANDREW ZEE (CA Bar No. 272510)
                                               Attorney
                                               Civil Division, Federal Programs Branch
                                               U.S. Department of Justice
                                               450 Golden Gate Avenue, Room 7-5395
                                               San Francisco, CA 94102
                                               Telephone: (415) 436-6646
                                               Facsimile: (415) 436-6632
                                               E-mail: m.andrew.zee@usdoj.gov

                                               *Attorneys for Defendants Judicial Council of the Ninth Circuit, Sidney Thomas, in his official capacity, Molly Dwyer, in her official capacity*

*Sanai v. Kozinski*, **No. 4-19-cv-08162-YGR**
Defendants' Case Management Statement

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of March, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.

                         */s/ M. Andrew Zee*
                         M. ANDREW ZEE