UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **CYRUS SANAI**, <br> Plaintiff, <br> v. <br> **ALEX KOZINSKI, ET AL.**, <br> Defendants. | Case No. 4:19-cv-08162-YGR <br><br> **ORDER DENYING *EX PARTE* APPLICATION** <br><br> Re: Dkt. No. 8 |

The Court has reviewed *pro se* plaintiff Cyrus Sanai's *ex parte* application to order: (1) the Clerk of the Court to issue summons; and (2) for the Court "to fully disclose all of her relationships with the defendants; any Circuit Judge who had an office in Pasadena; Circuit Judge Ikuta and form Circuit Judge Reinhardt; any judge who served on the Judicial Council of the Ninth Circuit from 1998 to date; and any other information a litigant would be interested in knowing." (*See* Dkt. No. 8.)

With regards to Sanai's first request, requesting an order that the Clerk of the Court issue summons in this case, the Court notes that this request appears to now be mooted. Sanai filed an initial proposed summons on December 18, 2020 (Dkt. No. 3.); with no response from the Clerk of the Court at that time, Sanai filed the instant application on December 24, 2020. (Dkt. No. 8.) The Clerk of the Court thereafter, on December 26, 2020, issued the summons. (Dkt. No. 10.) Sanai has since submitted an additional summon on March 4, 2020 (Dkt. No. 17) to which the Clerk of the Court responded by reissuing on that same day. (Dkt. No. 18.) Accordingly, in light of the foregoing, the Court **DENIES AS MOOT** the first request.

With regard to Sanai's second request, the Court is guided by the ethical rules bound to it, including by the Code of Conduct for United States Judges, and by the applicable statutes, including 28 U.S.C. section 455. Under 28 U.S.C. section 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Under section 455(b), a judge shall also disqualify herself where "[s]he has a personal bias or prejudice concerning a party, or personal knowledge of

disputed evidentiary facts concerning the proceeding." The Court perceives no reason for disqualification nor does the Court have any relevant information to share or to disclose pursuant to section 455.[1] To the extent plaintiff requires more information, the request is **DENIED**.

This Order terminates Docket Number 8.

**IT IS SO ORDERED.**

Dated: March 20, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] Sanai indicates that he is involved in other litigation pending before the Ninth Circuit on the issue of the extent of required disclosures. *Id.* at 9. The Court is aware of no authority requiring disclosures to prove a negative, that is, where no basis for disqualification exists.

2