JOSEPH H. HUNT
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
M. ANDREW ZEE (CA Bar No. 272510)
Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646
Facsimile: (415) 436-6632
E-mail: m.andrew.zee@usdoj.gov

*Attorneys for Defendants Judicial Council of
the Ninth Circuit, Cathy Catterson, Audrey
Collins, Molly Dwyer, Irma Gonzalez,
Ronald Gould, Terry Hatter, Jr., Alex
Kozinski, Margaret McKeown, Johnnie
Rawlinson, Sidney Thomas*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

CYRUS SANAI,

        Plaintiff,

   v.

ALEX KOZINSKI, et al.,

        Defendants.

No. 4:19-cv-08162-YGR

**DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFF'S COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................. 1

BACKGROUND .................................................................................................... 2

I.      LEGISLATIVE BACKGROUND ............................................................... 2

II.     PROCEDURAL HISTORY .......................................................................... 4

        A.      Plaintiff's Misconduct Allegations and the Ninth Circuit Judicial Council's
                Publicly Available Orders in Response ............................................. 5

                1.      Plaintiff's 2005 and 2007 Misconduct Complaints ................................ 5

                2.      Plaintiff's 2008 Misconduct Complaint and the Judicial Council's 2010
                        Order .................................................................................. 6

        B.      Plaintiff's Claims ........................................................................ 9

ARGUMENT ...................................................................................................... 11

I.      SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE
        OFFICIAL CAPACITY DEFENDANTS. ........................................................ 12

II.     CONGRESS EXPRESSLY PRECLUDED JUDICIAL REVIEW OF PLAINTIFF'S
        CLAIMS. .......................................................................................... 13

III.    ABSOLUTE JUDICIAL IMMUNITY BARS PLAINTIFF'S CLAIMS. ...................... 15

IV.     QUASI-JUDICIAL IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST
        DEFENDANTS CATTERSON AND DWYER. ................................................. 17

V.      EVEN IF THE COURT WERE TO CONSIDER PLAINTIFF'S CLAIMS ON THE
        MERITS, THEY ARE SUBJECT TO DISMISSAL. ........................................... 20

CONCLUSION ................................................................................................... 23

1

### TABLE OF AUTHORITIES

2

**Cases**

3

*Adams v. Comm. on Judicial Conduct & Disability*,
  165 F. Supp. 3d 911 (N.D. Cal. 2016) ................................................................. *passim*

4

5

*Ashelman v. Pope*,
  793 F.2d 1072 (9th Cir.1986) ........................................................................... 16

6

7

*Blaha v. Rightscorp, Inc.*,
  No. CV 14-9032 DSF (JCGx), 2015 WL 4776888 (C.D. Cal. May 8, 2015) ......................... 21

8

*Bradley v. Fisher*,
  80 U.S. 335 (1871) ...................................................................................... 16

9

10

*Bus. Guides, Inc. v. Chromatic Cmmc'ns Enters.*,
  498 U.S. 533 (1991) .................................................................................. 21, 22

11

12

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991) ................................................................................... 16, 20

13

14

*ComputerXpress, Inc. v. Jackson*,
  93 Cal. App. 4th 993 (Cal. Dist. Ct. App. 2001) ......................................................... 22

15

16

*Danos v. Jones*,
  721 F. Supp. 2d 491 (E.D. La. 2010) .................................................................... 13

17

18

*Delacruz v. Antle*,
  No. 5:14-CV-05336-EJD, 2017 WL 3670791 (N.D. Cal. Aug. 25, 2017) ............................... 21

19

*Delacruz v. State Bar of Cal.*,
  764 Fed. App'x 635 (9th Cir. 2019) ..................................................................... 21

20

21

*Ferguson v. Waid*,
  798 Fed. App'x 986 (9th Cir. 2020) ..................................................................... 21

22

23

*Harris v. Cty. of Orange*,
  682 F.3d 1126 (9th Cir. 2012) ........................................................................... 5

24

25

*In re Complaint of Judicial Misconduct*,
  550 F.3d 769 (9th Cir. Jud. Council 2008) ........................................................ *passim*

26

*Jones v. Shields*,
  107 Fed. App'x 725 (9th Cir. 2004) ..................................................................... 23

27

28

*Khanna v. State Bar of Cal.*,
  505 F. Supp. 2d 633 (N.D. Cal. 2007) ................................................................... 15

*Lynch v. United States*,
  292 U.S. 571 (1934) ................................................................................................. 12

*McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders*,
  264 F.3d 52 (D.C. Cir. 2001) ................................................................................... 14

*Miller v. Gammie*,
  335 F.3d 889 (9th Cir.2003) (en banc) ................................................................... 17

*Moore v. Brewster*,
  96 F.3d 1240 (9th Cir. 1996) ............................................................................ 16, 17

*Mullis v. U.S. Bankr. Court for Dist. of Nevada*,
  828 F.2d 1385 (9th Cir. 1987) .......................................................................... 15, 16

*Munns v. Kerry*,
  782 F. 3d 402 (9th Cir. 2015) ................................................................................. 12

*O'Callaghan v. Hon. X*,
  661 Fed. App'x 179 (6th Cir. 2016) ........................................................................ 15

*Ocasio v. Kozinski*,
  No. C 08-4820JF(PR), 2008 WL 5046288 (N.D. Cal. Nov. 25, 2008) ............... 17, 18

*Overton v. Torruella*,
  183 F. Supp. 2d 295 (D. Mass. 2001) ..................................................................... 17

*Paige v. State of Cal.*,
  102 F.3d 1035 (9th Cir. 1996) ........................................................................... 20, 21

*Peterson v. Timme*,
  621 Fed. App'x 536 (10th Cir. 2015) ..................................................................... 12

*Rollins v. Kramer*,
  927 F.2d 610, 1991 WL 26473 (9th Cir. 1991) ....................................................... 23

*Shemonsky v. Vanaskie*,
  No. 04CV2759, 2005 WL 2031140 (M.D. Pa. Aug. 16, 2005) ............................... 13

*Smith v. Krieger*,
  389 Fed. App'x 789 (10th Cir. 2010) ..................................................................... 12

*Smith v. Scalia*,
  44 F. Supp. 3d 28 (D.D.C. 2014) ........................................................................... 12

*Sosa v. DirecTV, Inc.*,
  437 F.3d 923 (9th Cir. 2006) ................................................................................. 21

*Sanai v. Kozinski*, **No. 4-19-cv-08162-YGR**
Defendants' Motion to Dismiss Plaintiff's Complaint
- iii -

*Stolz v. Wong Commc'ns Ltd. P'ship*,
  25 Cal. App. 4th 1811 (Cal. Dist. Ct. App. 1994) ............................................ 22

*Stump v. Sparkman*,
  435 U.S. 349 (1978) ...................................................................... 16, 19

*United Mine Workers of Am. v. Pennington*,
  381 U.S. 657 (1965) .......................................................................... 21

*Wheeldin v. Wheeler*,
  373 U.S. 647 (1963) .......................................................................... 21

**Statutes**

28 U.S.C. § 351 .................................................................... 3, 7, 20

28 U.S.C. § 357(c) ............................................................... *passim*

28 U.S.C. § 360(a) ............................................................... *passim*

28 U.S.C. §§ 352-355 ................................................................ 17

28 U.S.C § 2401(a) ............................................................... 11, 20

The Judicial Conduct and Disability Act of 1980,
  Pub. L. No. 96-458, § 3, 94 Stat. 2035, 2036-40 ......................................... 2

**Other Authorities**

H.R. Rep. No. 96-1313 (1980) ............................................................ 2

*Report of the National Commission on Judicial Discipline & Removal*,
  152 F.R.D. 265 (Aug. 1993) ........................................................... 2, 3

Rules for Judicial-Conduct and Judicial-Disability Proceedings ...................... 3, 15, 19

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Defendants Judicial Council of the Ninth Circuit, Cathy Catterson, Audrey Collins, Molly Dwyer, Irma Gonzalez, Ronald Gould, Terry Hatter, Jr., Alex Kozinski, Margaret McKeown, Johnnie Rawlinson, and Sidney Thomas, by and through undersigned counsel, move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for the reasons more fully set forth in the following Memorandum of Points and Authorities.

Among the issues the Court may need to address in deciding Defendants' Motion are whether sovereign immunity bars Plaintiff's claims; whether 28 U.S.C. § 357(c) precludes judicial review of Plaintiff's claims; whether judicial immunity and quasi-judicial immunity bar Plaintiff's claims; and whether Plaintiff has stated a claim for which relief can be granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff *pro se* Cyrus Sanai has filed a Complaint that raises a barrage of allegations against current and former judges of the Ninth Circuit Judicial Council, the Judicial Council itself, and court officials. Plaintiff's allegations, many of which are wholly immaterial to the claims he attempts to advance, generally arise out of a series of judicial misconduct complaints that Plaintiff submitted pursuant to the Judicial Conduct and Disability Act of 1980, after he struck up a dispute circa 2005 with Defendant and then-Chief Judge of the Ninth Circuit, Alex Kozinski, on certain legal questions. The serial allegations of judicial misconduct by Plaintiff that followed, and the multiple proceedings that ensued, ended in 2010 with dismissal of his misconduct claims as frivolous, limitations on his ability to file further misconduct complaints, and a public reprimand by the Judicial Council, whose 2010 members are all Defendants here. After 2010, it appears

from Plaintiff's Complaint, Plaintiff found himself facing disciplinary charges by the State Bar of California, for which he blames Defendants.

With this lawsuit, Plaintiff seeks to rehash this entire affair by calling into question the propriety of the Judicial Council's actions and alleging a free-ranging retaliatory conspiracy against him by Defendants, all of whom are judges and court officials in the Ninth Circuit. Plaintiff's claims in this action, when stripped of the bombast and irrelevancies that adorn them, amount to no more than an effort to relitigate matters repeatedly considered and decided by the Judicial Council in the underlying misconduct proceedings.

Sound doctrines of sovereign, judicial, and quasi-judicial immunity preclude Plaintiff from proceeding with those claims in this Court.  And in any event, Congress expressly foreclosed judicial review of any orders or determinations by a judicial council, which is precisely what Plaintiff asks of this Court.  Even were the merits of Plaintiff's claims subject to review, they are subject to summary dismissal.  Plaintiff should not be permitted to entangle yet another judicial forum in whatever quest he is pursuing.  The Complaint should be dismissed.

## BACKGROUND

## I.    LEGISLATIVE BACKGROUND

The Judicial Conduct and Disability Act of 1980 ("the Act"), Pub. L. No. 96-458, § 3, 94 Stat. 2035, 2036-40, aimed "to improve judicial accountability and ethics, . . . and, at the same time, to maintain the independence and autonomy of the judicial branch."  H.R. Rep. No. 96-1313, at 1 (1980).  The Act "create[d] a mechanism and procedures within the judicial branch of government to consider and respond to complaints against Federal judges."  *Id.*  The formal complaint resolution mechanism established under the Act would supplement and reinforce existing informal means of addressing judicial conduct and disability.  *See, e.g.*, Robert W.

Kastenmeier et al., *Report of the National Commission on Judicial Discipline & Removal*, 152 F.R.D. 265, 280 (Aug. 1993).

To that end, the Act permits any person to file a complaint with the clerk of a court of appeals alleging that a federal judge in the circuit "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts" or "is unable to discharge all the duties of office by reason of mental or physical disability." 28 U.S.C. § 351(a). Alternatively, the chief judge of the circuit may "identify a complaint" on the basis of available information. *Id.* § 351(b). Any complaint must be transmitted to the subject judge, *id.* § 351(c), and "expeditiously review[ed]" by the chief judge, *id.* § 352(a).

After reviewing a complaint, the chief judge has two options: (1) the chief judge may dismiss the complaint or conclude the proceeding where there are no issues of fact or where corrective action has been taken or intervening events make further action unnecessary, *id.* § 352(b)(1), (b)(2); or (2) the chief judge may appoint a "special committee" comprised of the chief judge and an equal number of circuit and district judges "to investigate the facts and allegations contained in the complaint," *id.* § 353(a). The chief judge must provide notice of his or her action to the complainant and the subject judge. *See id.* §§ 352(b), 353(a)(3). If the chief judge dismisses the complaint or concludes the proceeding, an aggrieved complainant or subject judge may file a petition for review with the circuit's judicial council. *Id.* § 352(c). The denial of such a petition "shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise." *Id.*

Pursuant to Rule 26 of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, a chief judge has discretion, in "exceptional circumstances," to "ask the Chief Justice to transfer a proceeding . . . to the judicial council of another circuit." There is nothing in Rule 26, however,

that obligates the chief judge to make a transfer request to the Chief Justice, or the Chief Justice to grant any discretionary transfer request that is made by the chief judge.

Finally, section 357(c) of the Act provides: "Except as expressly provided in this section and section 352(c), all orders and determinations, including denials of petitions for review, shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise." *Id.* § 357(c).

## II.   PROCEDURAL HISTORY

Plaintiff filed his Complaint on December 16, 2019.  ECF No. 1.  Plaintiff thereafter filed an *ex parte* application concerning the summons and to have this Court disclose certain information that, in Plaintiff's view, might support a disqualification motion.  ECF No. 8.  In that document and another filing, ECF No. 6, Plaintiff "suggested" that this case be reassigned to Judge Eagan of the Northern District of Oklahoma.  The Court denied Plaintiff's request for information disclosure on March 20, 2020.  ECF No. 27.  On March 18, 2020, the Court entered an Order granting the United States' request to continue the Initial Case Management Conference and set a compliance hearing regarding service for June 12, 2020.  ECF No. 26.

Following several unsuccessful efforts by Plaintiff to effectuate service, the parties reached an agreement regarding service on some, but not all, Defendants, followed by an agreement on a deadline for all such Defendants to respond to the Complaint.  ECF No. 31.

In this action, the Department of Justice represents the Judicial Council and the Defendants sued in their official capacities and, in addition, has been authorized to represent those Defendants who have been sued in their individual capacities who now move to dismiss.  The Department does not represent Defendants Roger L. Hunt, Robert H. Whaley, or the Judicial Council of California, which appears to be a state entity, and this Motion is not brought on their behalves. References in this Motion to "Defendants" are thus solely to Defendants Judicial Council of the Ninth Circuit (the "Judicial Council"), Cathy Catterson, Audrey Collins, Molly Dwyer, Irma

Gonzalez, Ronald Gould, Terry Hatter, Jr., Alex Kozinski, Margaret McKeown, Johnnie Rawlinson, and Sidney Thomas.

### A.   Plaintiff's Misconduct Allegations and the Ninth Circuit Judicial Council's Publicly Available Orders in Response

Plaintiff's claims center on the disposition of a series of judicial misconduct complaints that he filed against Judge Kozinski with the Judicial Council of the Ninth Circuit.   Although Plaintiff peppers his Complaint with numerous allegations of inappropriate conduct by Judge Kozinski and others, as well as allegations about the conduct of state officials, news reporters, and various relations of Judge Kozinski, these allegations are immaterial to the claims he asserts. The following recitation of the factual basis for Plaintiff's claims is based on the allegations of Plaintiff's Complaint, assuming them to be true for purposes of this Motion, as well as the contents of publicly available orders issued by the Judicial Council pursuant to the Act.[1]

### 1.   Plaintiff's 2005 and 2007 Misconduct Complaints

According to Plaintiff, a dispute between Plaintiff and Judge Kozinski originated when they exchanged views on legal issues through articles published in 2005 in the *San Francisco Recorder*.  Compl. ¶¶ 46-51.  Following that exchange, in October 2005, Plaintiff filed a judicial misconduct complaint against Judge Kozinski.  *Id.* ¶ 52.   In December 2006, Chief Judge Schroeder dismissed Plaintiff's complaint.  *Id.*   Plaintiff alleges that certain findings by Chief Judge Schroeder were erroneous and that the dismissal Order was deliberately delayed for ulterior reasons, specifically "to give Kozinski time to take his website off-line and  scrub the contents." *Id.* ¶ 55-58.  Plaintiff alleges that he filed a petition to review the dismissal order, and that that the

---

[1] "We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.  Moreover, documents not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents."  *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citations omitted).

*Sanai v. Kozinski*, No. 4-19-cv-08162-YGR
Defendants' Motion to Dismiss Plaintiff's Complaint

Judicial Council denied his petition.  *Id.* ¶ 59.  Plaintiff filed another judicial misconduct complaint against Judge Kozinski.  *Id.* ¶ 60.  Other than alleging that this new complaint had something to do with "Judge Kozinski's redistribution" of the legal article Judge Kozinski had written for the *San Francisco Recorder*, Plaintiff provides no information about the basis for this complaint.  Nor does Plaintiff make any allegation or take issue with how it was resolved, assuming it was.[2]

2.   *Plaintiff's 2008 Misconduct Complaint and the Judicial Council's 2010 Order*

Plaintiff alleges that, following a June 2008 *Los Angeles Times* article stating that Judge Kozinski's personal website contained publicly accessible explicit materials, Judge Kozinski "filed a misconduct complaint against himself."  Compl. ¶ 63.  He alleges that by order of Chief Justice Roberts, that complaint and any future complaints related to the same events, was and were to be transferred to the Judicial Council for the Third Circuit for further proceedings.  *Id.*  Plaintiff then filed another judicial misconduct complaint (the "2008 Complaint") against Judge Kozinski. *Id.* ¶ 64.  Plaintiff does not describe in detail the basis for whatever was asserted in his 2008 Complaint.[3]

In response to Plaintiff's 2008 Complaint, the Judicial Council issued an order staying proceedings on that complaint.  *Id.* ¶ 64; *see* Order, *In re Complaint of Judicial Misconduct* (Aug. 19, 2008) ("2008 Stay Order"), attached as Ex. A.  As the 2008 Stay Order states, the Judicial

---

[2] Pursuant to the Act, and subject to exceptions not present here, "all papers, documents, and records of proceedings related to investigations conducted . . . shall be confidential and shall not be disclosed by any person in any proceeding."  28 U.S.C. § 360(a).  Defendants in this Motion abide by these statutory confidentiality requirements, except to the extent disclosure has already been made by Plaintiff in his Complaint.  Defendants' submission of Judicial Council orders is consistent with the Act, *see id.* § 360(b).

[3] Although Plaintiff does not allege precisely when the 2008 Complaint was filed, based on context Defendants assume it to be in 2008.

*Sanai v. Kozinski*, No. 4-19-cv-08162-YGR
Defendants' Motion to Dismiss Plaintiff's Complaint

1    Council examined the 2008 Complaint, "determined that exceptional circumstances do not exist,"

2    and concluded that it would be "inappropriate to transfer this complaint to the Third Circuit

3    Council." 2008 Stay Order.  Noting, however, that the Third Circuit Judicial Council's decision

4    on the earlier complaint "could potentially affect some collateral aspects of the complaint," the

5    Judicial Council stayed proceedings on the 2008 Complaint pending a decision in the Third

6    Circuit.  *Id.*  Plaintiff alleges that the 2008 Stay Order was a violation of the Chief Justice's order.

7    Compl. ¶ 64.

8        In October 2009, the Third Circuit Judicial Council issued a decision on Judge Kozinski's

9    complaint against himself.  Following this decision, Plaintiff alleges, the Judicial Council "began

10   its campaign of retaliation."  *Id.* ¶ 66.  He alleges that the 2008 Complaint was "assigned" to Judge

11   Stephen Reinhardt, who Plaintiff alleges was "Kozinski's best friend on the Court."  *Id.*  Although

12   omitted from Plaintiff's Complaint, Judge Reinhardt in a November 2009 Order ("2009 Order")

13   dismissed the 2008 Complaint (and multiple other judicial misconduct complaints Plaintiff had

14   filed against other judges), rejecting all of Plaintiff's allegations.  *See* Order, *In re Complaint of

15   Judicial Misconduct* (Nov. 25, 2009), attached as Ex. B.[4]  In the conclusion of the 2009 Order,

16   Judge Reinhardt observed that Plaintiff had filed "numerous allegations" against judges who had

17   ruled against him, and had "done so without any factual basis for his claims, and appears to have

18   described his conduct as part of a litigation strategy."  *Id.* at 10.  Judge Reinhardt thus referred

19   Plaintiff's conduct to the Judicial Council "for whatever action in this regard, including referral

---

26   [4] Although Plaintiff alleges that the Judicial Council "assigned investigation of Sanai's complaint
27   to Kozinski's best friend on the Court, Stephen Reinhardt," the face of the Order shows that the
     assignment was not made by the Judicial Council but by the clerk pursuant to 28 U.S.C. § 351(c),
28   which provides for the transmission of a complaint against the chief judge "to that circuit judge
     in regular active service next senior in date of commission."  *See* 2009 Order at 1 n.1.

*Sanai v. Kozinski*, No. 4-19-cv-08162-YGR
Defendants' Motion to Dismiss Plaintiff's Complaint

to the state bar, it may deem appropriate." *Id.* at 11 (citing *In re Complaint of Judicial Misconduct*, 550 F.3d 769 (9th Cir. Jud. Council 2008)).

In a January 2010 Order (also not mentioned in Plaintiff's Complaint), the Judicial Council acted on Judge Reinhardt's referral and ordered Plaintiff "to show cause why he should not be sanctioned by an order requiring him to obtain leave before filing any further misconduct complaints, or by issuance of a public reprimand, and/or by referral to the California State Bar Association." *See* Order, *In re Complaint of Judicial Misconduct* (Jan. 25, 2010) ("2010 Show Cause Order"), at 2, attached as Ex. C. The Judicial Council found after a careful review of the record that Plaintiff had "rais[ed] many frivolous claims" and "admitted using the misconduct process to further his litigation strategy." *Id.* at 1.

Following Plaintiff's filing of a petition for review of Judge Reinhardt's 2009 Order and his response to the 2010 Show Cause Order, the Judicial Council denied the petition, publicly reprimanded Plaintiff, and imposed a pre-filing order. *See* Order, *In re Complaint of Judicial Misconduct* (Sept. 30, 2010) ("2010 Order"), attached as Ex. D. Reiterating its prior conclusion that Plaintiff's misconduct complaints were "frivolous," the Judicial Council directed the Clerk to "serve this order on the State Bar of California . . . to consider appropriate disciplinary action." 2010 Order at 16625. It further required any future misconduct complaint or petition for review submitted by Plaintiff to be lodged by the Clerk and subjected to a determination of whether it "merits further review and should be filed." *Id.* at 16626. The Judicial Council provided that Plaintiff could, on or after September 1, 2012, "petition the court to lift the pre-filing review order." *Id.*

Calling it the "Censure Order," Plaintiff alleges that the 2010 Order was improperly issued because the Judicial Council lacked jurisdiction for two reasons. First, he alleges that "the

misconduct complaints" should have been transferred to the Third Circuit.  Second, he alleges that the Judicial Council was without power "to censure or sanction anyone" because Congress "never granted" such power.  Compl. ¶ 67.  Plaintiff's claims in this lawsuit are centrally focused on this 2010 Order.

Plaintiff goes on to allege that Judge Kozinski and Ms. Catterson, the then-Circuit Executive, "began a campaign" to have the State Bar, through its Chief Trial Counsel, file disciplinary charges against him.  *Id.* ¶¶ 68-69.  The State Bar apparently filed such charges in 2014, and, according to Plaintiff, all but one of the charges—a charge related to Plaintiff's filing of judicial misconduct complaints—were dismissed.  *Id.* ¶¶ 70-72.

Finally, Plaintiff alleges that in December 2017, he filed a motion with the Judicial Council to vacate the 2010 Order.  *Id.* ¶ 76.  According to Plaintiff, this request remains pending. *Id.*

## B.    Plaintiff's Claims

Plaintiff's claims fall into several broad categories, but generally challenge the Judicial Council's September 2010 Order.  Plaintiff asserts that the 2010 Order violated his due process rights (Counts 1, 2), constituted "abuse of process" (Count 4), or constituted "malicious prosecution" (Count 5) because the Act does not specifically authorize a "censure order" and does not provide complainants with "due process rights to prove their complaints."  Compl. ¶¶ 79, 89.  Plaintiff also claims his rights were violated when the Judicial Council did not transfer the 2008 Complaint to the Third Circuit for all proceedings.  *Id.* ¶¶ 100, 106.

Plaintiff purports to assert a claim for a declaratory judgment (Count 3) that, in his words, "fully sets out the history of Kozinski's sexual harassment, the enablement of it by the [Judicial Council], Catterson, and other members of the Ninth Circuit Court of Appeals and District Court

within the Ninth Circuit, and retaliatory conduct by Kozinski, the [Judicial Council], Catterson and others that was conducted against Mecham, Walter, Sanai, Hakala and others." *Id.* ¶ 97.

In several places, Plaintiff also purports to challenge the filing of a State Bar complaint against him, as well as Defendants' alleged refusal to respond to unspecified "subpoenas." *Id.* ¶¶ 78, 80. Yet the State Bar prosecution, as Plaintiff himself admits, was led by the Bar's Chief Trial Counsel, and not by Defendants. *See id.* ¶ 70. And beyond one passing and ambiguous mention of unspecified "subpoenas," *id.* ¶ 72, it is unclear what Plaintiff is referring to when he challenges Defendants' "refusal to provide any relevant documents to Sanai after a subpoena was issued." *Id.* ¶ 78.

Finally, in Counts 6 and 7, Plaintiff purports to assert claims for monetary damages for "wrongful use of administrative proceedings" (Count 6), *id.* ¶¶ 112-14, and further "demand[s] that a [Bivens] remedy be created" for his particular factual allegations, *id.* ¶ 120. These claims are based, again, on the 2010 Order, *id.* ¶ 121, and on the assertion that Defendants "wrongfully initiated a California attorney disciplinary proceeding," *id.* ¶ 112, with the objective "to retaliate against Sanai for blowing the whistle," *id.* ¶ 113.

Plaintiff seeks a variety of equitable relief from this Court, including injunctions that among other things, would require Defendants to disclose numerous documents; would require the Judicial Council to promulgate broad information disclosure rules for all judges in the Ninth Circuit; would prohibit the Judicial Council from imposing any sanction or penalty on a judicial misconduct complainant; and would vacate the 2010 Order. Compl. at 50-52. Plaintiff further requests a declaratory judgment that "fully sets out the history" of the various acts alleged in his Complaint. *Id.* at 51. Plaintiff also seeks $10,000,000 for emotional injury, reputational injury, lost income, and expenses, and an unknown amount of punitive damages. *Id.* at 51-52.

**ARGUMENT**

Plaintiff's lawsuit cannot proceed because this Court—and indeed, any court—lacks jurisdiction to hear it.  First, Plaintiff has identified no waiver of sovereign immunity that would permit his claims against the Defendants sued in their official capacity to proceed.  Next, Congress in the Judicial Conduct and Disability Act prescribed limited mechanisms for the review of judicial misconduct complaints, including by chief judges, judicial councils, and, in some circumstances, the Judicial Conference of the United States.  Yet Congress expressly precluded all other forms of judicial review of misconduct complaints, let alone review of the sort of wholesale collateral attack on a judicial council that Plaintiff seeks here.  Even if Congress had not precluded this Court from reviewing Plaintiff's claims, all Defendants are immune from suit under judicial and quasi-judicial immunity doctrines.

Even if none of these grave jurisdictional flaws were present, Plaintiff's claims are meritless and subject to dismissal for failure to state a claim.  The claims appear to be recycled versions of Plaintiff's judicial misconduct allegations, which have been deemed frivolous on several occasions.  His attacks on the 2010 Order, assuming *arguendo* they could be brought, are time barred under 28 U.S.C § 2401(a) since Plaintiff did not file the Complaint until more than nine years after the Order issued.  Meanwhile, Plaintiff's vague claims of *ultra vires* judicial action and due process violations do not withstand scrutiny given the Act's broad grant of authority to judicial councils to resolve complaints of misconduct.  Under the *Noerr-Pennington* doctrine, Defendants are also immune from Plaintiff's claims based on allegations that Defendants somehow caused the California State Bar to take action against him.  Also meritless are Plaintiff's purported federal common law claims for abuse of process and malicious prosecution; such causes of action do not exist, as the Supreme Court has specifically recognized.  The same goes for his

state law claim of abuse of process for Defendants' alleged role in initiating a State Bar proceeding against him; the tort of abuse of process does not extend to such administrative proceedings. Plaintiff's request for a declaratory judgment that "fully sets out the history" of the matters he alleges, Compl. at 51, meanwhile, is barred by the Act's provision prohibiting disclosure of investigations conducted under its auspices. *See* 28 U.S.C. § 360(a). Finally, Plaintiff's request for the Court to create a "new breed" of *Bivens* claim cannot overcome judicial immunity. Plaintiff's Complaint should be dismissed.

## I.   SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE OFFICIAL CAPACITY DEFENDANTS.

Agencies and officers of the United States cannot be sued unless Congress has waived the sovereign immunity of the United States. *Munns v. Kerry*, 782 F. 3d 402, 412 (9th Cir. 2015). "[A]ny waiver must be unequivocally expressed in statutory text . . . and will not be implied." *Id.* (quotation omitted; alteration and ellipsis in original).  The plaintiff bears the burden of establishing the existence of such a waiver, absent which "courts have no subject matter jurisdiction over cases against the [federal] government." *Id.* (alteration in original).  The bar of sovereign immunity "applies alike to causes of action arising under acts of Congress and to those arising from some violation of rights conferred upon the citizen by the Constitution." *Lynch v. United States*, 292 U.S. 571, 582 (1934) (citations omitted).

It is well-established that the sovereign immunity of the United States extends to federal judges sued in their official capacities. *See, e.g.*, *Smith v. Scalia*, 44 F. Supp. 3d 28, 38 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015); *Peterson v. Timme*, 621 Fed. App'x 536, 541 (10th Cir. 2015);  *Smith v. Krieger*, 389 Fed. App'x 789, 795 (10th Cir. 2010).  And in other cases involving judicial councils and other bodies comprised of federal judges, courts, including this one, have readily found those entities entitled to sovereign

immunity. *See Adams v. Comm. on Judicial Conduct & Disability*, 165 F. Supp. 3d 911, 919 (N.D. Cal. 2016) (granting on sovereign immunity grounds motion to dismiss action against Judicial Conference committee); *Danos v. Jones*, 721 F. Supp. 2d 491, 495 (E.D. La. 2010) ("There is apparently no dispute that the Judicial Council is entitled to sovereign immunity."), *aff'd*, 652 F.3d 577 (5th Cir. 2011); *Shemonsky v. Vanaskie*, No. 04CV2759, 2005 WL 2031140, at *4 (M.D. Pa. Aug. 16, 2005) ("As Congress has not authorized suits against the Third Circuit Judicial Conference, Plaintiff's action against it must be dismissed.").  The outcome here should be no different: all claims against the Defendants sued in their official capacity—Ms. Dwyer, Judge Thomas, and the Ninth Circuit Judicial Council—must be dismissed because Congress has not waived Defendants' sovereign immunity from suit.

## II. CONGRESS EXPRESSLY PRECLUDED JUDICIAL REVIEW OF PLAINTIFF'S CLAIMS.

Even assuming no sovereign immunity bar, this Court does not have jurisdiction over Plaintiff's claims.  Congress expressly precluded courts from reviewing dispositions of judicial misconduct complaints submitted as part of the Act.  The Act could scarcely be any clearer on this score. Section 357(c)—entitled "No judicial review"—provides: "Except as expressly provided in this section and section 352(c), all orders and determinations, including denials of petitions for review, shall be final and conclusive and *shall not be judicially reviewable on appeal or otherwise*." 28 U.S.C. § 357(c) (emphasis added).  The exception in the first clause of Section 357(c) authorizes review by a judicial council or the Judicial Conference only *within* the Act's framework for judicial conduct and disability proceedings.  Under no circumstances does the Act permit a single Article III judge to review the determinations of multiple Article III judges under the Act's judicial conduct and disability process, as Plaintiff asks this Court to do.

Plaintiff's challenges to the Judicial Council's determinations and orders, including most prominently the 2010 Order, fall squarely within the broad preclusive language of section 357(c). As the D.C. Circuit has held, any challenge to an "order" or "determination" in a judicial conduct or disability proceeding, even when framed in terms of constitutional or statutory authority, cannot proceed.  *See McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders*, 264 F.3d 52, 58-64 (D.C. Cir. 2001).  Plaintiff's challenges to Defendants' alleged actions, meanwhile, are no more than garden variety disagreements with how his judicial misconduct complaints were decided.  For example, Plaintiff asserts that the Judicial Council exceeded its authority in issuing the 2010 Order and that the Judicial Council erred when it declined to transfer his 2008 Complaint to the Third Circuit.[5]  These are precisely the type of "orders" and "determinations" that Congress set off limits to judicial review other than as provided under the Act.  *See McBryde*, 264 F.3d at 62 (refusing "to read § 372(c)(10) to allow review of constitutional as-applied claims by conventional courts").

Applied to this case, section 357(c) compels dismissal of at least Counts 1, 2, 4, 5, and 6 for lack of jurisdiction.  Each of these Counts focuses on particular determinations by the Judicial Council in either the 2008 Stay Order or the 2010 Order, namely the refusal to transfer the 2008 Complaint, the decision to issue a public reprimand of Plaintiff, and the directive to refer the September 2010 Order to the State Bar.  In Section 357(c), Congress precluded Plaintiff from attempting to relitigate those outcomes in this Court.

---

[5]  Even if Plaintiff does assert the 2010 Order to be "unconstitutional," *see, e.g.*, Compl. ¶ 79, the preclusive text of section 357(c) draws no distinction based on the nature of the challenge.  The D.C. Circuit has construed the Act to allow one (and just one) narrow category of claims: those challenging the *facial* constitutionality of the Act itself. *See McBryde*, 264 F.3d at 58-59.  Plaintiff here advances no such facial challenge to the Act.

*Sanai v. Kozinski*, No. 4-19-cv-08162-YGR
Defendants' Motion to Dismiss Plaintiff's Complaint

### III.   ABSOLUTE JUDICIAL IMMUNITY BARS PLAINTIFF'S CLAIMS.

All claims that Plaintiff asserts against the Defendant Judges and the Judicial Council must be dismissed under the doctrine of absolute judicial immunity.  "Judges are absolutely immune from civil liability for damages for their judicial acts."  *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987).  Such absolute immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief."  *Id.* at 1394.  Judicial immunity also cannot be overcome by purporting, as Plaintiff has here, to sue a judge in his or her individual, as opposed to official, capacity.  *See Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 645-46, 647 (N.D. Cal. 2007), *aff'd*, 308 Fed. App'x 176 (9th Cir. 2009); *see also O'Callaghan v. Hon. X*, 661 Fed. App'x 179, 182 (6th Cir. 2016).  All claims Plaintiff asserts here against the Defendant Judges and the Judicial Counsel are accordingly subject to dismissal.

Plaintiff may attempt to argue that judicial immunity should be ignored based on the nature of the Defendant Judges' alleged conduct—that is, that the Judicial Council and its members acted without jurisdiction or allegedly conspired against him.  Those arguments, however, would be inconsistent with the recognized breadth of the judicial immunity doctrine.  For example, Plaintiff's conclusory claim that the Judicial Council acted without jurisdiction because it should have transferred the 2008 Complaint to the Third Circuit Judicial Council is inadequate to dissolve the Defendant Judges' immunity.  The Judicial Council itself at least twice considered and rejected this same claim about the non-transfer, *see* 2010 Order; 2008 Order, and Plaintiff cannot now contest those outcomes in this Court, *see* 28 U.S.C. § 357(c).  Moreover, the decision whether to even request a transfer from the Chief Justice is wholly discretionary and reserved for "extraordinary circumstances," while the transfer decision is itself committed to the Chief Justice.  *See* Rules for Judicial-Conduct and Judicial-Disability Proceedings, Rule 26.  The Defendant

1   Judges and Judicial Council did not act in the "'clear absence of all jurisdiction,'" as is required

2   to overcome their immunity from suit.  *Mullis*, 828 F.2d at 1388 (quoting *Stump v. Sparkman*, 435

3   U.S. 349, 356-57 (1978)).  The same is true for Plaintiff's claim that the Judicial Council lacked

4   authority to publicly reprimand.  There is clear precedent for the issuance of just such a reprimand

5   in a judicial misconduct proceeding, *see In re Complaint of Judicial Misconduct*, 550 F.3d 769

6   (9th Cir. 2008), and judges unquestionably possess inherent authority to issue sanctions against

7   litigants, their counsel, or both, *see, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-46 (1991).

8       Meanwhile, even accepting as true Plaintiff's allegations of a wide-ranging conspiracy

9   within the Ninth Circuit to arrive at a particular outcome on Plaintiff's misconduct complaints,

10  they are not enough to overcome judicial immunity.  "[J]udicial immunity [is not] lost by

11  allegations that a judge conspired with one party to rule against another party: 'a conspiracy

12  between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly

13  improper, nevertheless does not pierce the immunity extended to judges.'"  *Moore v. Brewster*,

14  96 F.3d 1240, 1244 (9th Cir. 1996) (quoting *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th

15  Cir.1986) (en banc)); *id.* ("Even if, as Moore alleges, Judge Brewster conspired with Sayler to act

16  as an advocate for Fischbach, and interfered with the release of the bond proceeds for the benefit

17  of Fischbach, judicial immunity would bar Moore's action against Judge Brewster.").  Similarly,

18  even assuming the truth of Plaintiff's allegations, pursuant to longstanding Supreme Court

19  precedent, "[a] judge will not be deprived of immunity because the action he took . . .  was done

20  maliciously."  *Stump*, 435 U.S. at 356 (citing *Bradley v. Fisher*, 80 U.S. 335, 350 (1871)).  Thus,

21  notwithstanding Plaintiff's allegations that Defendants acted "maliciously," Compl. ¶¶ 104, 110,

22  115, 117, 122, or in "retaliation" against him, *see id.* ¶¶ 19, 66-67, 72, absolute judicial immunity

23  forecloses his claims against the Defendant Judges.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

While Plaintiff may further argue that the actions challenged in the Complaint are not "judicial acts," *see* Compl. ¶¶ 6-8 (conclusory allegations that the Defendant Judges are not sued "for any judicial act"), that contention would be incorrect as a matter of law.   Adjudicating misconduct complaints presented under the Act is not only "a function normally performed by a judge," *Moore*, 96 F.3d at 1244, but also a function that *must* be performed by a judge, *see* 28 U.S.C. §§ 352-355.  *See also Adams*, 165 F. Supp. 3d at 922 n.5 (agreeing "that absolute judicial immunity applies to the actions of the Committee in reviewing the Ninth Circuit Judicial Council's decisions and issuing an order thereon" and stating that review of judicial misconduct decisions is a judicial act); *Overton v. Torruella*, 183 F. Supp. 2d 295, 300 (D. Mass. 2001) (Judicial Council was empowered to decide complaints of judicial misconduct, which was a form of adjudication and fell within scope of functions protected by absolute immunity); *see also Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003) (en banc) (recognizing the "well-established and well-understood common-law tradition that extended absolute immunity to individuals performing functions necessary to the judicial process").

## IV.   QUASI-JUDICIAL IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST DEFENDANTS CATTERSON AND DWYER.

Just as absolute judicial immunity bars Plaintiff's claims against the Defendant Judges, so too does absolute quasi-judicial immunity bar his claims against Defendants Cathy Catterson, the former Ninth Circuit Executive, and Molly Dwyer, the current Clerk of Court.  "The clerk of the court and the Circuit Executive are immune from suit under quasi-judicial immunity when they are engaged in such functions as '[t]he filing of exhibits and the processing of a request to withdraw an appeal[,] . . . tasks that are necessary to the judicial process.'"  *Adams*, 165 F. Supp. 3d at 923 (quoting *Ocasio v. Kozinski*, No. C 08-4820JF(PR), 2008 WL 5046288, at *1 (N.D. Cal. Nov. 25, 2008)).  As this Court has previously concluded, because a judicial council

has an "adjudicative role" in resolving judicial misconduct complaints, actions of the circuit clerk or circuit executive that are "integral" to that process are protected by quasi-judicial immunity. *Id.* at 924.

Here, the actions by Defendant Dwyer that are at issue are at best unclear.  The lone reference to any potential conduct by Defendant Dwyer is in paragraph 72 of the Complaint, where Plaintiff states that defending himself in the State Bar proceedings "requires Sanai to issue or enforce subpoenas to . . . Dwyer."  Compl. ¶ 72.  Yet Plaintiff has nowhere alleged that he has actually issued a subpoena (or any other document request) to Defendant Dwyer, let alone that the subpoena (or other request) has been refused.  Even if the gist of Plaintiff's claim is that Defendant Dwyer is somehow obligated to provide records of judicial misconduct proceedings to Plaintiff, *see* Compl. ¶ 80 (Plaintiff summarily claiming an "entitle[ment]" to all records related to an unspecified misconduct complaint), quasi-judicial immunity would preclude the claim, as this Court held in *Adams*.  165 F. Supp. 3d at 924; *cf.* 28 U.S.C. § 360(a) (generally prohibiting disclosure of "all papers, documents, and records of proceedings related to investigations" under the Act).

Plaintiff's claims against Defendant Catterson are also difficult to discern, but appear to amount to an assertion that Ms. Catterson caused the State Bar to pursue a misconduct proceeding against Plaintiff.  Compl. ¶ 68 (alleging that "Catterson began a campaign of putting personal and legal pressure on the OCTC to file charges against Sanai").  Plaintiff alleges that Ms. Catterson "improperly convinced" the Chief Trial Counsel for the State Bar to file a complaint against him. *Id.* ¶ 21.  Notably, Plaintiff has not described in any detail when this alleged impropriety by Defendant Catterson occurred, or what form it allegedly took.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In any event, even accepting Plaintiff's conclusory allegations as true, his claims against Defendant Catterson founder on quasi-judicial immunity.  First, for a court employee such as Ms. Catterson to file a complaint with the State Bar about an attorney's conduct is not an act "in the clear absence of all jurisdiction" sufficient to eclipse quasi-judicial immunity.  *Adams*, 165 F. Supp. 3d at 924 (citing *Stump*, 435 U.S. at 356-57).  On the contrary, referral to a State's bar is not uncommon when faced with potential attorney misconduct, and that is particularly so when the attorney in question has engaged in what the Judicial Council found to be an "abuse of the misconduct complaint procedure," January 2010 Order; *cf.* Rules for Judicial-Conduct and Judicial-Disability Proceedings, cmt. to Rule 23(b)(8) (contemplating information-sharing "to permit disciplinary action by a bar association or other licensing body").  Moreover, the Judicial Council expressly directed the Clerk of Court to inform the State Bar of Plaintiff's public reprimand, *see* 2010 Order; the Circuit Executive's having allegedly done something effectively akin to what the Judicial Council directed the Clerk to do cannot be deemed in excess of jurisdiction.

Second, and again even assuming the truth of Plaintiff's allegations of retaliatory conduct by Defendant Catterson, conduct that is undertaken "in error" or even "maliciously" is nonetheless covered by quasi-judicial immunity.  *Adams*, 165 F. Supp. 3d at 924.  Plaintiff cannot maintain his claims against Defendant Catterson, which are asserted in Counts 1, 4, 5, 6, and 7, and they must be dismissed under the doctrine of quasi-judicial immunity.

*       *       *

For all of the reasons above, Plaintiff's Complaint should be dismissed for a lack of subject matter jurisdiction.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.   EVEN IF THE COURT WERE TO CONSIDER PLAINTIFF'S CLAIMS ON THE MERITS, THEY ARE SUBJECT TO DISMISSAL.

Given the grave jurisdictional defects underlying Plaintiffs' claims, not much need be said about their lack of merit.  Briefly, however, they appear to be no more than collateral attacks on the decisions reached by the Judicial Council, which deemed his misconduct claims "frivolous" on more than one occasion. *See* 2009 Order; 2010 Show Cause Order; 2010 Order.  To the extent Plaintiff raises a new claim—that the judges on the Judicial Council cannot lawfully reprimand a misconduct complainant—that claim also lacks merit.  *See In re Complaint of Judicial Misconduct*, 550 F.3d 769 (9th Cir. 2008); *see also Chambers*, 501 U.S. at 43 (citing cases that have "outlined the scope of the inherent power of the federal courts").  Likewise, Plaintiff's manifold claims of error by the Judicial Council cannot survive scrutiny when Plaintiff identifies no provision of the Act or the Rules for Judicial-Conduct and Judicial-Disability Proceedings that Defendants allegedly violated.

Further, Plaintiff's collateral attack on the 2010 Order, assuming it could be brought at all, is time barred by 28 U.S.C. § 2401(a), which requires that a complaint be filed "within six years after the right of action first accrues."[6]  The Order was issued in September 2010 and Plaintiff waited more than nine years, until December 2019 to file an action challenging its alleged infirmities.  Moreover, if Plaintiff's allegations are taken as true, he has not exhausted his administrative remedies to seek invalidation of the 2010 Order.  On the face of that Order, the Judicial Council noted that, after September 2012, Plaintiff could file a petition to lift the pre-

---

[6] Because the 2010 Order was the denial of Plaintiff's petition for review of the 2009 Order by Judge Reinhardt, who for that purpose was Chief Judge, *see* 28 U.S.C. § 351(c), no administrative appeal could be taken from it, *see id.* § 352(c), and Plaintiff's "claim," assuming he had one, accrued when it was issued.  Of course, the plain text of § 352(c) supersedes the entire inquiry, as it provides that such a denial "shall not be judicially reviewable on appeal or otherwise."

filing review order.  2010 Order at 16626.  Plaintiff appears to allege that he has done so, *see* Compl. ¶ 76, and if that is the case he must await a ruling from the Judicial Council before filing suit, however futile, in this Court.  *See, e.g.*, *Paige v. State of Cal.*, 102 F.3d 1035, 1041 (9th Cir. 1996) ("To establish federal subject matter jurisdiction, a plaintiff must exhaust his administrative remedies before filing a federal complaint.").

Even if they could be heard, Plaintiff's attempt to state claims based on Defendants' alleged "filing of a state bar complaint" also fails because, even accepting the truth of the allegations, Defendants would be immune under the *Noerr-Pennington* doctrine.  Compl. ¶ 80; *see id.* ¶¶ 90, 112-13, 121; *see generally United Mine Workers of Am. v. Pennington*, 381 U.S. 657 (1965).  "Under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct."  *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006).  This Court has previously immunized disseminations of adverse information to the State Bar for its use in evaluating the fitness to practice law.  *Delacruz v. Antle*, No. 5:14-CV-05336-EJD, 2017 WL 3670791, at *6 (N.D. Cal. Aug. 25, 2017) ("Defendants' reporting to the State Bar was a petitioning activity protected by the First Amendment and thus immune from suit."), *aff'd sub nom. Delacruz v. State Bar of Cal.*, 764 Fed. App'x 635 (9th Cir. 2019).  And the Ninth Circuit has held the same in a non-precedential decision.  *See Ferguson v. Waid*, 798 Fed. App'x 986, 988 (9th Cir. 2020).

Plaintiff's purported claims under "federal common law" for abuse of process (Count 4) and malicious prosecution (Count 5) likewise lack merit because no such claims exist under federal common law.  "[T]he Supreme Court has explicitly rejected the notion of a federal common law tort of abuse of process."  *Blaha v. Rightscorp, Inc.*, No. CV 14-9032 DSF (JCGx), 2015 WL 4776888, at *1 (C.D. Cal. May 8, 2015) (citing *Wheeldin v. Wheeler*, 373 U.S. 647,

651-52 (1963)).  And Defendants are unaware of any cause of action for malicious prosecution purportedly rooted in federal common law.  *See Bus. Guides, Inc. v. Chromatic Cmmc'ns Enters.*, 498 U.S. 533, 553 (1991) (rejecting contention that Fed. R. Civ. P. 11 "creates a federal common law of malicious prosecution").

Plaintiff's attempt to assert an abuse of process claim against Defendants under California law for the alleged "initiat[ion]" of a State Bar proceeding (Count 6) also fails.  Compl. ¶ 112.  California courts recognize no such tort when the allegations are based on *administrative* proceedings, as are Plaintiff's claims here.  *See ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1014 (Cal. Dist. Ct. App. 2001) ("The tort [of abuse of process] . . . does not extend to misuse of administrative proceedings, even those involving agencies with 'quasi-judicial' powers . . . ." (quotation omitted)); *Stolz v. Wong Commc'ns Ltd. P'ship*, 25 Cal. App. 4th 1811, 1823 (Cal. Dist. Ct. App. 1994).

Plaintiff's request, meanwhile, for a declaratory judgment that states, among other things, "that the facts alleged in his misconduct complaints are true, or, to the extent they are not accurate, the actual facts," Compl. ¶ 97, and that "fully sets out the history" of the matters he raises in his Complaint, *id.* at 51, would result in relief that violates the Act's express prohibition on disclosure.  *See* 28 U.S.C. § 360(a).  Plaintiff cannot enlist the Court in a fulsome relitigation of the claims from his misconduct complaints and the various allegations he raises here when Congress, with limited, non-applicable exceptions, has prohibited the disclosure "by any person in any proceeding" of "all papers, documents, and records of proceedings related to investigations conducted" under the Act.  *Id.*  Plaintiff's allegations, and at least one of his misconduct complaints, relate to an alleged investigation of Judge Kozinski conducted under the Act, *see,*

*e.g.*, Compl. ¶¶ 65, 96, and his declaratory judgment claim cannot be maintained in light of the Act's strict confidentiality provision.

Finally, Plaintiff's request that this Court create a "new breed" of *Bivens* remedy against federal judges runs headlong into decisions, rooted in absolute judicial immunity doctrine, that reject the availability of just such a remedy. *See, e.g.*, *Jones v. Shields*, 107 Fed. App'x 725, 727 (9th Cir. 2004) ("[J]udicial absolute immunity precludes Jones's Bivens and FTCA claims against District Judge Lloyd D. George for alleged violations of Jones's Fifth Amendment due process rights during his trial."); *Rollins v. Kramer*, 927 F.2d 610, 1991 WL 26473, at *1 (9th Cir. 1991). This Court should not entertain Plaintiffs' request to depart from the sound conclusions of these cases. That is particularly so when Plaintiff himself acknowledges that no *Bivens* claim can be maintained if an "appropriate immunity can be raised by the defendant." Compl. ¶ 119(E). As Defendants have already shown, the doctrines of sovereign, judicial, and quasi-judicial immunity apply, and thus preclude Plaintiff's request to create a new *Bivens* remedy.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be granted and Plaintiff's Complaint should be dismissed.

Dated: June 26, 2020.

Respectfully submitted,

U.S. DEPARTMENT OF JUSTICE

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ M. Andrew Zee*
M. ANDREW ZEE (CA Bar No. 272510)

*Sanai v. Kozinski*, No. 4-19-cv-08162-YGR
Defendants' Motion to Dismiss Plaintiff's Complaint

Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646
Facsimile: (415) 436-6632
E-mail: m.andrew.zee@usdoj.gov

*Attorneys for Defendants Judicial Council of the Ninth Circuit, Cathy Catterson, Audrey Collins, Molly Dwyer, Irma Gonzalez, Ronald Gould, Terry Hatter, Jr., Alex Kozinski, Margaret McKeown, Johnnie Rawlinson, Sidney Thomas*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.


_/s/ M. Andrew Zee_
M. ANDREW ZEE