UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CYRUS SANAI**, <br> Plaintiff, <br> v. <br> **ALEX KOZINSKI, ET AL.**, <br> Defendants. | Case No. 4:19-cv-08162-YGR <br><br> **ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE FIRST AMENDED COMPLAINT** <br><br> Re: Dkt. No. 45 |

The Court has reviewed *pro se* plaintiff Cyrus Sanai's administrative motion requesting leave to file a first amended complaint under Federal Rule of Civil Procedure 15(a)(1) ("Rule 15(a)(1)") to the deadline set for response to the motion to dismiss, September 30, 2020. (Dkt. No. 45.) Sanai highlights that the Court previously extended the deadline for the response to the pending motion to dismiss. (*See* Dkt. No. 37.) Sanai avers that "[t]he question is whether that is the deadline for filing an opposition, or whether Plaintiff may file a first amended complaint having read through the motion to dismiss and the authorities." (Dkt. No. 45 at 2.) Sanai does attach a proposed first amended complaint. Defendants oppose the motion on the following grounds: (1) an administrative motion is not the proper mechanism for Sanai's request; (2) Sanai no longer has a right to file under Rule 15(a)(1); (3) there is no basis to support Sanai's contention that the prior Order extended Sanai's ability to file an amended complaint; (4) Sanai has failed to attach any proposed amended pleading; and (5) the proposed amendments, as detailed in the administrative motion, would be futile. (Dkt. No. 46 at 2-3.)

Having reviewed the parties' briefing and the record in this matter, Sanai does not persuade. Even assuming that the administrative motion is the proper mechanism for Sanai's request, Sanai has no right to file under Rule 15(a)(1), where such as-of-right ability runs from

either twenty-one (21) days after service of the original pleadings, or, as relevant here, twenty-one (21) days after service of a motion under Federal Rule of Civil Procedure 12. Both of these dates have already elapsed. Thus, Sanai can no longer file an amended complaint under Rule 15(a)(1).

Sanai's remaining argument—that the Court extended the deadline to file an amended complaint—mischaracterizes the prior Order and further conflates two separate and unrelated deadlines. First, the prior Order is clear that the extension pertained to a "response *to the motion dismiss*." (Dkt. No. 37.) Indeed, Sanai's prior administrative motion, upon which the prior Order addressed, only requests an extension to respond *to* the motion to dismiss. (*See generally*, Dkt. No. 34.) Second, Sanai's argument conflates two separate deadlines: one for responding to the motion to dismiss—which would generally be fourteen (14) days under a regular briefing schedule—and another for the filing of an amended complaint—as discussed above. The record reflects that—while Sanai is proceeding *pro se* in this matter—Sanai is a licensed attorney who has experience litigating in federal courts. At a minimum, Sanai should be familiar enough with the Federal Rules of Civil Procedure to understand that a deadline for the response to a motion to dismiss is separate from any deadline for the filing of an amended complaint under Rule 15(a)(1).

Accordingly, the administrative motion requesting leave to file a first amended complaint is **DENIED**.

This Order terminates Docket Number 45.

**IT IS SO ORDERED.**

Dated: August 21, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

2