Cyrus M. Sanai, SB#150387
SANAIS
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, California, 90210
Telephone: (310) 717-9840
cyrus@sanaislaw.com

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS SANAI, an individual, | Case No. 19-CV-08162-YGR |
| Plaintiff, | **REPLY IN SUPPORT OF ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY ON PENDING MOTION TO DISMISS** |
| vs. | |
| ALEX KOZINSKI, in his personal capacity; CATHY CATTERSON, in her personal capacity; THE JUDICIAL COUNCIL OF THE NINTH CIRCUIT, an administrative agency of the United States; MOLLY DWYER, in her official capacity; SIDNEY THOMAS, in his official and personal capacities; PROCTOR HUG JR., in his personal capacity; M. MARGARET MCKEOWN, in her personal capacity; RONALD M. GOULD, in his personal capacity; JOHNNIE B. RAWLINSON, in her personal capacity; AUDREY B. COLLINS, in her personal capacity; IRMA E. GONZALEZ, in her personal capacity; ROGER L. HUNT, in his personal capacity; TERRY J. HATTER JR., in his personal capacity; ROBERT H. WHALEY, in his personal capacity; THE JUDICIAL COUNCIL OF CALIFORNIA, an administrative agency of the State of California; and DOES 1-10, individuals and entities whose identities and capacities are unknown; | Complaint Filed:  December 17, 2019 |
| Defendants. | |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

I. **THERE HAS BEEN NO DE FACTO OR DE JURE SUR-REPLY REGARDING THE MOTION TO DISMISS**

The Defendants oppose the administrative motion for a sur-reply without addressing the authority which requires either leave to be granted or for this Court to hold oral argument: *Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728-29 (9th Cir. 1991)." Order, January 13, 2021, Docket #67.  In *Lake at Las Vegas Investors Group,* the Ninth Circuit held that it is not reversible error for the District Court to refuse to hold oral argument if the Court allows supplemental briefing by the opposing party.  The failure to address this case law, cited by this Court, is yet another instance of the DOJ, representing current and past judges of the Ninth Circuit, insisting that this Court ignore established, published case law.

The only meaningful argument made by the Defendant is the factually erroneous contention that Plaintiff has previously filed a sur-reply.  They identify the Supplement to the Reply in Support of the Motion for Oral Argument.  This argument is either made in bad faith or a state of confusion.  The Supplement, like the motion it supports, sought relief that would make a sur-reply unnecessary; it does not constitute the sur-reply itself.   Plaintiff contended that oral argument was merited to address the new issues raised in the Defendants Reply in support of their Motion to Dismiss, as well as the relative unusual considerations of transparency created in a case where a Plaintiff is suing current and former judges of the same Circuit in which this Court resides, and where one of the Defendants resigned rather than face the consequences of his perjury in a hearing before a Judicial Council.  This Court refused to acknowledge the transparency issues, and cited *Lake at Las Vegas Investors Group, supra,* as support for its denial of the motion for oral argument.  However, *Lake at Las Vegas Investors Group, supra,* only authorizes denying oral argument where the Plaintiff is allowed supplemental briefing after the Defendants' reply has been filed.

## II. THE DEFENDANTS' BRIEFING AND NEWLY REVEALED FACTS REGARDING THE DOJ FURTHER SUPPORT GRANTING LEAVE FOR A SUR-REPLY OR ORAL ARGUMENT

At the beginning of November, 2020, the Defendants requested additional time to file a reply in support of the Motion to Dismiss. Plaintiff opposed this motion on grounds of the absence of a good explanation of the need for additional time. The request was made soon after Jeffrey Clark was appointed acting head of the Civil Division of DOJ.

We now know that Mr. Clark's ambitions included replacement of the acting attorney general to utilize the DOJ as a tool to keep former President Trump in power. See K. Benner, "Trump and Justice Dept. Lawyer Said to Have Plotted to Oust Acting Attorney General," *N.Y. Times,* Jan. 22, 2021 at A1. Mr. Clark's legal strategy to keep President Trump in power echoes the legal strategy of the DOJ in this case, in that it is based on bad-faith arguments that do not acknowledge either exceptions or qualifications to legal doctrines, or attempt to conflate different doctrines to eliminate established exceptions. Notably, Mr. Clark was directly responsible for unsuccessful attempts to clothe President Trump's defamation of one of his many rape accusers with Presidential immunity. See K. Benner and C. Savage, "Jeffrey Clark Was Considered Unassuming. Then He Plotted With Trump", *N.Y. Times,* Jan. 24, 2021 at A1.

Under the circumstances of this case, it appears that the delay was requested in order to coordinate the legal arguments made in the Reply in support of the Motion to Dismiss with Mr. Clark. This was no doubt necessary because the arguments crafted by Mr. Clark in the E. Jean Carroll lawsuit are directly parallel to the arguments made in this lawsuit. In the E. Jean Carroll lawsuit, President Trump was accused of retaliatory defamation after Carroll publicly disclosed Trump's sexual misconduct towards her in the mid 1990's. Clark directed the DOJ to file a motion to intervene in the lawsuit and take over Trump's defense, arguing that the retaliatory statements made by Trump were made in his official capacity. If accepted, then Trump's conduct would have been subject to absolute Presidential immunity as to damages. *Nixon v. Fitzgerald,* 457 U.S. 731 (1982). It would also have allowed the DOJ to advance the discredited argument that the President is immune to injunctive relief. *See* O. Keiter, "Yes, President Trump, Courts

Can Order You to Follow the Law", *Knight First Amend.t Inst. At Columbia Univ.,* May 15, 2018 (found at https://knightcolumbia.org/content/yes-president-trump-courts-can-order-you-follow-law) (discussing the unsuccessful efforts of the DOJ to convince federal courts that they lack jurisdiction to issue injunctive relief against the President).

The parallels between the DOJ's efforts to shield President Trump and the DOJ's tactics in this case should be easy to spot. The DOJ has argued that the President is immune from injunctive and declaratory relief in the performance of his duties, and the DOJ has argued that judges acting under color of a judicial council or the Judicial Conference are immune, ignoring the established, published law to the contrary. The DOJ has argued that the President may commit retaliatory defamation against a whistle-blower as part of his presidential duties, and has argued to this Court that the members of a judicial council have unlimited, judicially-unreviewable authority to retaliate against a whistle-blower.

The commonality between the DOJ's efforts, led by Mr. Clark, on behalf of the President and the DOJ's efforts to shield Judge Kozinski and his colleagues in this case should push this Court to reconsider whether oral argument should be held. But if not, then Plaintiff has the right to present his arguments regarding the new issues raised by the Defendants in their delayed reply brief, including further elaboration on the highly problematic linkage between the DOJ's efforts on behalf of Trump and its efforts here.

## III.    CONCLUSION

This Court should grant leave for Plaintiff to file a sur-reply of up to 10 pages with ten days of the Court's order, or, based on the new information declosed by the New York Times, order oral argument.

Dated: January 26, 2021

By: _____/s/ Cyrus Sanai_____
       CYRUS SANAI
         Plaintiff