1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**CYRUS SANAI,**

Plaintiff,

v.

**ALEX KOZINSKI, ET AL.,**

Defendants.

Case No.  4:19-cv-08162-YGR

**ORDER: (1) GRANTING MOTION TO DISMISS; (2) DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) DENYING AS MOOT AMENDED ADMINISTRATIVE MOTION TO SERVE REMAINING DEFENDANTS**

Re: Dkt. Nos. 36, 55, 64

*Pro se* plaintiff Cyrus Sanai brings this action against defendants Alex Kozinski, Cathy Catterson, the Judicial Council of the Ninth Circuit, Molly Dwyer, Sidney Thomas, Proctor Hug Jr., M. Margaret McKeown, Ronald M. Gould, Johnnie B. Rawlinson, Audrey B. Collins, Irma E. Gonzalez, Roger L. Hunt, Terry J. Hatter Jr., Robert H. Whaley, and the Judicial Council of California.  Sanai brings nine causes of action, including: (1) injunctive relief for violation of constitutional rights; (2) mandamus; (3) declaratory judgment; (4) abuse of process (federal law); (5) malicious prosecution (federal law); (6) wrongful use of administrative proceedings (California law); (7) *Bivens* claim for damages; (8) relief under California Public Records Act; and (9) injunctive relief to remedy future violation of constitutional rights.

Now before the Court are the following motions: (1) moving defendants' motion to dismiss the operative complaint (Dkt. No. 36);[1] (2) Sanai's motion for leave to file a first amended complaint (Dkt. No. 55); and (3) Sanai's amended administrative motion to serve remaining defendants Hunt and Whaley.  (Dkt. No. 64.)  The motions are fully briefed by the parties.

---

[1]  The moving defendants include: Kozinski, Catterson, the Judicial Council of the Ninth Circuit, Dwyer, Thomas, McKeown, Gould, Rawlinson, Collins, Gonzalez, and Hatter.

Having carefully considered the briefing and arguments submitted in this matter, and for the reasons set forth more fully below,[2] the Court **HEREBY ORDERS** as follows: (1) the motion to dismiss is **GRANTED**; (2) the motion for leave to file a first amended complaint is **DENIED**; and (3) the administrative motion to serve the remaining defendants is **DENIED AS MOOT**.

## I.    BACKGROUND

The Court summarizes the allegations relevant to the disposition of the pending motions. The Court further incorporates and summarizes public orders and documents issued by the Ninth Circuit Judicial Council which are referenced throughout the complaint.[3]  Thus:

### A.    The Parties

Plaintiff Sanai is an attorney licensed to practice in California and various federal courts.

Defendants are an assortment of current and former federal judges and court staff, and related judicial entities.  These include:

Current Judges.  Thomas, McKeown, Gould, and Rawlinson are current judges who sit on the United States Court of Appeals for the Ninth Circuit.  Hunt, Hatter, and Whaley are senior district court judges stationed at various district courts within the Ninth Circuit.

Former Judges.  Kozinski is a former judge and chief judge of the Ninth Circuit who resigned in December 2017.[4]  Kozinski is now a practicing attorney appearing before federal courts including the Ninth Circuit.  Hug is also a former Ninth Circuit judge.[5]  Collins and

---

[2]  The Court reviewed the papers submitted by the parties in connection with the motion to dismiss, the motion for leave to file a first amended complaint, and amended administrative motion for service on the remaining defendants, and determined that the motions were appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78.  *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728-29 (9th Cir. 1991).  Accordingly, the Court vacated the hearings scheduled for these motions.

[3]  The Court "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. Moreover, documents not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citations omitted).

[4]  As Sanai's complaint alleges in great detail, Kozinski abruptly resigned following a period when former law clerks and court staff publicly disclosed past allegations of sexual harassment and harassment initiated by Kozinski.

[5]  The Court takes judicial notice that Hug passed in October 2019, which this date was

1  Gonzalez are former judges of the United States District Court for the Southern District of

2  California.

3         <u>Court Staff</u>.  Catterson is the former Clerk and Chief Executive of the Ninth Circuit.

4  Dwyer is the current Clerk of the Ninth Circuit.

5         <u>Related Judicial Entities</u>.  The Judicial Council of the Ninth Circuit is an administrative

6  agency of the United States that oversees the operation of federal courts within the Ninth Circuit.

7  Its headquarters are in San Francisco, within the Northern District of California.  Thomas is the

8  current chairperson of the Ninth Circuit Judicial Council.  McKeown, Gould, Rawlinson, Hug,

9  Collins, Gonzalez, Hunt, Hatter, and Whaley are either current or former members of the Ninth

10  Circuit Judicial Council.   The Judicial Council of California is an administrative agency of the

11  state of California.  Its headquarters are in San Francisco.

12       **B.**     **Summary of the Allegations**

13       In short, Sanai's complaint raises a barrage of allegations against current and former judges

14  of the Ninth Circuit Judicial Council, the Judicial Council itself, and court officials.

15       A dispute between Sanai and Kozinski originated when they exchanged views on legal

16  issues through articles published in 2005 in the *San Francisco Recorder*.  During this time, Sanai

17  discovered a website maintained by Kozinski, in which certain materials were uploaded and

18  maintained on this website.  Following that exchange, in October 2005, Sanai filed a judicial

19  misconduct complaint against Kozinski.  In December 2006, then Chief Judge Mary M. Schroeder

20  dismissed Sanai's complaint.  Sanai alleges that certain findings by Chief Judge Schroeder were

21  erroneous and that the dismissal Order was deliberately delayed for ulterior and possibly nefarious

22  reasons, specifically "to give Kozinski time to take his website off-line and scrub the contents."

23  Compl. ¶ 58.  Sanai alleges that he filed a petition to review the dismissal order, and that that the

24  Ninth Circuit Judicial Council denied his petition.  Sanai thereafter filed another judicial

25

26  _____

27  prior to the filing of the operative complaint in December 2019.  *Lee v. City of Los Angeles*, 250
   F.3d 668, 689 (9th Cir. 2001) ("Under Fed. R. Evid. 201, a court may take judicial notice of

28  'matters of public record.'").

United States District Court
Northern District of California

misconduct complaint against Kozinski.[6]

Following a June 2008 *Los Angeles Times* article stating that Kozinski's personal website contained publicly accessible and explicit materials, Kozinski self-reported and filed a misconduct complaint against himself.  Sanai alleges that by order of Chief Justice John Roberts of the United States Supreme Court, that complaint and any future complaints related to the same events, was and were to be transferred to the Judicial Council for the Third Circuit for further proceedings.  Sanai then filed another judicial misconduct complaint (the "2008 Complaint") against Kozinski.[7]

The Ninth Circuit Judicial Council thereafter issued an order staying proceedings on the 2008 Complaint.  *Id.* ¶ 64; *see* Order, *In re Complaint of Judicial Misconduct* (Aug. 19, 2008) ("2008 Stay Order") (Ex. A to the Mot.).  As the 2008 Stay Order states, the Judicial Council examined the 2008 Complaint, "determined that exceptional circumstances do not exist," and concluded that it would be "inappropriate to transfer this complaint to the Third Circuit Council."  2008 Stay Order.  Noting, however, that the Third Circuit Judicial Council's decision on the earlier complaint "could potentially affect some collateral aspects of the complaint," the Judicial Council stayed proceedings on the 2008 Complaint pending a decision in the Third Circuit.  *Id.*  Sanai alleges that the 2008 Stay Order violated Chief Justice Robert's order.  Compl. ¶ 64.

In October 2009, the Third Circuit Judicial Council issued a decision on Judge Kozinski's self-reported complaint.  Sanai's complaint reflects dissatisfaction with the investigatory process employed by the Third Circuit Judicial Council, where the sole witnessed consisted of testimony from Konzinski himself.  Following this decision, Sanai alleges that the Judicial Council "began its campaign of retaliation."  *Id.* ¶ 66.  Sanai alleges that the 2008 Complaint was "assigned" to Judge Stephen Reinhardt of the Ninth Circuit, who Sanai alleges was "Kozinski's best friend on the Court."  *Id.*[8]

_____

[6]  Sanai's allegations on these complaints are scant, but concern the legal article Kozinski had written for the *San Francisco Recorder* as well as the website maintained by Kozinski.

[7]  The specific allegations for the 2008 Complaint are also threadbare.  The Court understands the misconduct to concern Konzinski's public hosting of explicit material given Sanai's citation to Kozinski's self-reporting of his misconduct on the issue.

[8]  While Sanai alleges that the Ninth Circuit Judicial Council "assigned investigation of

4

1    Based on subsequent actions by the Ninth Circuit Judicial Council, the Judicial Council

2    issued a "Censure Order" against Sanai in alleged retaliation for his complaint.[9]  Compl. ¶ 67.

3    Sanai asserts that the 2010 Order was improperly issued because the Judicial Council lacked

4    jurisdiction for two reasons: first, he alleges that "the misconduct complaints" should have been

5    transferred to the Third Circuit; second, he alleges that the Judicial Council was without power "to

6    censure or sanction anyone" because Congress "never granted" such power.  *Id.*

7    Thereafter, Sanai alleges that Kozinski and Catterson, as the then-Circuit Executive,

8    "began a campaign" to have the State Bar, through its Chief Trial Counsel, file disciplinary

9

10   Sanai's complaint to Kozinski's best friend on the Court, Stephen Reinhardt," the face of the
relevant order shows that the assignment was not made by the Judicial Council but by the clerk
11   pursuant to 28 U.S.C. § 351(c), which provides for the transmission of a complaint against the
chief judge "to that circuit judge in regular active service next senior in date of commission."  *See*
12   Order, *In re Complaint of Judicial Misconduct* (Nov. 25, 2009), at 1 n.1 (Ex. B to the Mot.)
("2009 Order").
13

14   [9]  Although omitted from the complaint, Judge Reinhardt in the 2009 Order dismissed the
2008 Complaint (and other judicial misconduct complaints Sanai had filed against other judges),
15   rejecting Sanai's allegations.  *See* 2009 Order.  Judge Reinhardt observed that Sanai had filed
"numerous allegations" against judges who had ruled against him, and had "done so without any
16   factual basis for his claims, and appears to have described his conduct as part of a litigation
strategy." *Id.* at 10.  Judge Reinhardt thus referred Sanai's conduct to the Judicial Council "for
17   whatever action in this regard, including referral to the state bar, it may deem appropriate." *Id.* at
11 (citing *In re Complaint of Judicial Misconduct*, 550 F.3d 769 (9th Cir. Jud. Council 2008)).

18   In a later January 2010 order (also omitted from the complaint), the Judicial Council acted
19   on Judge Reinhardt's referral and ordered Sanai "to show cause why he should not be sanctioned
by an order requiring him to obtain leave before filing any further misconduct complaints, or by
20   issuance of a public reprimand, and/or by referral to the California State Bar Association." *See*
Order, *In re Complaint of Judicial Misconduct* (Jan. 25, 2010) ("2010 Show Cause Order"), at 2,
21   (Ex. C to the Mot.). The Judicial Council found after a careful review of the record that Sanai had
"rais[ed] many frivolous claims" and "admitted using the misconduct process to further his
22   litigation strategy." *Id.* at 1.

23   Following Sanai's filing of a petition for review of Judge Reinhardt's 2009 Order and his
response to the 2010 Show Cause Order, the Judicial Council denied the petition, publicly
24   reprimanded Sanai, and imposed a pre-filing order, which Sanai identifies as the "Censure Order".
*See* Order, *In re Complaint of Judicial Misconduct* (Sept. 30, 2010) ("2010 Order") (Ex. D to the
25   Mot.).  Reiterating its prior conclusion that Sanai's misconduct complaints were "frivolous," the
Judicial Council directed the Clerk to "serve this order on the State Bar of California . . . to
26   consider appropriate disciplinary action." 2010 Order at 16625. It further required any future
misconduct complaint or petition for review submitted by Sanai to be lodged by the Clerk and
27   subjected to a determination of whether it "merits further review and should be filed." *Id.* at
16626. The Judicial Council provided that Sanai could, on or after September 1, 2012, "petition
28   the court to lift the pre-filing review order." *Id.*

charges against him.  *Id.* ¶ 68.  The State Bar apparently filed such charges in 2014, and, according to Sanai, all but one of the charges, a charge related to Sanai's filing of judicial misconduct complaints, were dismissed.   Finally, Sanai alleges that in December 2017, he filed a motion with the Judicial Council to vacate the 2010 Order.  According to Sanai, this request remains pending.

In sum, Sanai's claims concern the 2010 Order.  Specifically, Sanai asserts that the 2010 Order violated his due process rights (Counts 1, 2), constituted an "abuse of process" (Count 4), or constituted "malicious prosecution" (Count 5) because the authorizing act, the Judicial Conduct and Disability Act of 1980, does not specifically authorize a "censure order" and does not provide complainants with "due process rights to prove their complaints."  Compl. ¶¶ 79, 89.  Sanai also claims his rights were violated when the Judicial Council did not transfer the 2008 Complaint to the Third Circuit for all proceedings.  Sanai further asserts a claim for a declaratory judgment (Count 3) that "fully sets out the history of Kozinski's sexual harassment, the enablement of it by the [Judicial Council], Catterson, and other members of the Ninth Circuit Court of Appeals and District Court within the Ninth Circuit, and retaliatory conduct by Kozinski, the [Judicial Council], Catterson and others that was conducted against Mecham, Walter, Sanai, Hakala and others."  *Id.* ¶ 97.  Finally, in Counts 6 and 7, Sanai asserts claims for monetary damages for "wrongful use of administrative proceedings" (Count 6), *id.* ¶¶ 112-14, and further "demand[s] that a [Bivens] remedy be created" for his particular factual allegations, *id.* ¶ 120. These final two claims are based, again, on the 2010 Order, and on the assertion that defendants "wrongfully initiated a California attorney disciplinary proceeding," *id.* ¶ 112, with the objective "to retaliate against Sanai for blowing the whistle," *id.* ¶ 113.

Sanai seeks a variety of equitable relief, including injunctions that among other things, would require defendants to disclose numerous documents; would require the Judicial Council to promulgate broad information disclosure rules for all judges in the Ninth Circuit; would prohibit the Judicial Council from imposing any sanction or penalty on a judicial misconduct complainant; and would vacate the 2010 Order. Sanai further requests a declaratory judgment that "fully sets out the history" of the various acts alleged in his complaint.  *Id.* at 51. Sanai also seeks $10,000,000 for emotional injury, reputational injury, lost income, and expenses, and an unknown amount of

1   punitive damages. *Id.* at 51-52.[10]

2   **II.    MOTION TO DISMISS**

3        The moving defendants move to dismiss the operative complaint under Federal Rules of

4   Civil Procedure 12(b)(1) and 12(b)(6).  The Court summarizes the applicable legal standard before

5   considering the parties' arguments.

6        **A.    Legal Standard**

7        The standards with respect to these motions are well known and not in dispute.

8   Rule 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction.

9   Federal courts are of "limited jurisdiction" and plaintiff bears the burden to prove the requisite

10   federal subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Of Am.*, 511 U.S. 375, 377

11   (1994).  A challenge pursuant to Rule 12(b)(1) may be facial or factual.  *See White v. Lee*, 227

12   F.3d 1214, 1242 (9th Cir. 2000).  A facial 12(b)(1) motion involves an inquiry confined to the

13   allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond

14   the complaint to extrinsic evidence.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

15        Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for

16   failure to state a claim upon which relief may be granted.  Dismissal for failure to state a claim

17   under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of

18   sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d

19   1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

20   Cir. 1988)).  The complaint must plead "enough facts to state a claim [for] relief that is plausible

21   on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[11]

22   _____

23        [10]  Sanai also purports to challenge in the complaint the filing of a State Bar complaint
     against him, as well as defendants' alleged refusal to respond to unspecified "subpoenas." *Id.* ¶¶
24   78, 80. Yet the State Bar prosecution, as Sanai concedes, was led by the State Bar's Chief Trial
     Counsel, not by Defendants. *See id.* ¶ 70. The complaint is otherwise unclear on what Sanai is
     referring to with regard to the State Bar complaint.

25
26        [11]  The Court notes that in general, *pro se* plaintiffs are held to a less stringent standard
     than those plaintiffs who are proceeding with counsel. *See Erickson v. Pardus*, 551 U.S. 89, 94
27   (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however
     inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by
28   lawyers[.]" (internal quotation marks omitted)).  This is inapplicable where Sanai himself is a
     lawyer licensed and practicing in the state of California.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**B.      Analysis**

The moving defendants assert the following grounds: (1) sovereign immunity; (2) lack of jurisdiction for the review of decisions made by the Judicial Council; (3) absolute judicial immunity and quasi-judicial immunity; and (4) the claims brought otherwise lack merit.  The Court addresses each in turn below.

Sovereign Immunity.  In general, agencies and officers of the United States of America cannot be sued unless Congress has waived the sovereign immunity of the United States.  *Munns v. Kerry*, 782 F.3d 402, 412 (9th Cir. 2015).  "[A]ny waiver must be unequivocally expressed in statutory text . . . and will not be implied." *Id.* (quotation omitted; alteration and ellipsis in original).  The plaintiff bears the burden of establishing the existence of such a waiver, absent which "courts have no subject matter jurisdiction over cases against the [federal] government." *Id.* (alteration in original).  The bar of sovereign immunity "applies alike to causes of action arising under acts of Congress and to those arising from some violation of rights conferred upon the citizen by the Constitution." *Lynch v. United States*, 292 U.S. 571, 582 (1934) (citations omitted).

Moreover, sovereign immunity of the United States extends to federal judges sued in their official capacities.  *See, e.g.*, *Smith v. Scalia*, 44 F. Supp. 3d 28, 38 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015); *Peterson v. Timme*, 621 F. App'x 536, 541 (10th Cir. 2015); *Smith v. Krieger*, 389 F. App'x 789, 795 (10th Cir. 2010).  District courts have also found that judicial councils and other bodies comprised of federal judges and courts are entitled to sovereign immunity.  *See Adams v. Comm. on Judicial Conduct & Disability*, 165 F. Supp. 3d 911, 919 (N.D. Cal. 2016) (granting on sovereign immunity grounds motion to dismiss action against Judicial Conference committee); *Danos v. Jones*, 721 F. Supp. 2d 491, 495 (E.D. La. 2010) ("There is apparently no dispute that the Judicial Council is entitled to sovereign immunity."), *aff'd*, 652 F.3d 577 (5th Cir. 2011); *Shemonsky v. Vanaskie*, No. 04CV2759, 2005 WL 2031140, at *4 (M.D. Pa. Aug. 16, 2005) ("As Congress has not authorized suits against the Third Circuit Judicial Conference, Plaintiff's action against it must be dismissed.").

Here, Sanai does not dispute that he has sued the Ninth Circuit Judicial Council as well as Dwyer and Thomas in their official capacities.  Under the above authority, Dwyer, Thomas in his

8

1   official capacity, and the Judicial Council would therefore be appropriately dismissed on the

2   ground of sovereign immunity.  Instead, Sanai advances several arguments as to why sovereign

3   immunity does not apply in this action, including: (1) the Judicial Council is an "agency" and falls

4   within the scope of the sovereign immunity waiver in the Administrative Procedure Act ("APA"),

5   5 U.S.C. § 702; (2) that defendants acted in a *ultra vires* manner; and (3) that the 2010 Order

6   waived sovereign immunity.

7         Sanai does not persuade. First, the Judicial Council is not an "agency" as defined under the

8   APA.  Indeed, as Sanai concedes, the APA expressly excludes "the courts of the United States"

9   from the definition of an "agency."  5 U.S.C. § 551(a)(1)(B).  Sanai's argument, that this express

10   exclusion is strictly limited to courts and does not encompass their auxiliary functions, such as

11   judicial councils, has been repeatedly rejected by other courts.  *See McKissock & Hoffman, P.C. v.*

12   *Waldron*, No. CIV.A. 10-7108, 2011 WL 3438333, at *3 (E.D. Pa. Aug. 5, 2011) ("The Judicial

13   Conference is a policy-making body composed of federal judges and it acts as an auxiliary of the

14   courts. It is not an agency."); *Tashima v. Admin. Office of the U.S. Courts*, 719 F. Supp. 881, 886

15   (C.D. Cal. 1989), *aff'd*, 967 F.2d 1264 (9th Cir. 1992) ("[T]he Administrative Office [of the U.S.

16   Courts] is not an 'agency' within the meaning of the APA."); *In re Fid. Mortg. Inv'rs*, 16 B.R.

17   477, 478 (S.D.N.Y. 1981), *aff'd*, 690 F.2d 35 (2d Cir. 1982) ("The APA excludes the entire

18   judicial branch of the federal government.").  Thus, the APA is simply inapplicable with respect to

19   the Judicial Council.

20         Second, Sanai's allegations do not demonstrate that these particular defendants, or even the

21   2010 Judicial Council, were acting in an *ultra vires* manner.  Indeed, as the moving defendants

22   highlight, none of the official-capacity Defendants or the 2010 Judicial Council acted in the

23   "'clear absence of all jurisdiction,'" *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d

24   1385, 1388 (9th Cir. 1987) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)), where

25   precedent authorizes judges to utilize their inherent authority to issue sanctions generally, *see, e.g.*,

26   *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-46 (1991), and to issue a reprimand in the specific

27   context of a judicial misconduct proceeding, *see In re Complaint of Judicial Misconduct*, 550 F.3d

28   769 (9th Cir. 2008).  Thus, these *ultra vires* arguments are not relevant to the determination of

United States District Court
Northern District of California

9

whether these certain defendants possess sovereign immunity.[12]

Finally, Sanai's arguments that the 2010 Order waived sovereign immunity is without merit.  "Only Congress enjoys the power to waive the United States' sovereign immunity," *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1090 (9th Cir. 2007), and it must do so by indicating "a consent to be sued that is 'unequivocally expressed' in the text of a relevant statute," *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 768 (9th Cir. 2018) (quoting *United States v. Bormes*, 568 U.S. 6, 9-10 (2012)).  Thus, an order by a judicial council is plainly not sufficient to waive sovereign immunity.  Even considering the language of the 2010 Order, nothing demonstrates that the Ninth Circuit Judicial Council has waived sovereign immunity.

Accordingly, the Court concludes that sovereign immunity bars an action against Thomas in his official capacity, Dwyer, and the Ninth Circuit Judicial Council, and the claims against them are appropriately dismissed with prejudice.

Judicial Review of Judicial Council Decisions.  The moving defendants contend that the relevant statutory framework governing Judicial Councils and their determinations, the Judicial Conduct and Disability Act of 1980 (the "Act"), forecloses jurisdiction in this case.  Specifically, section 357(c), titled "No judicial review," provides: "Except as expressly provided in this section

---

[12]  Sanai's citation to *Adams* does not persuade.  There, the Court stated that "[b]ecause the merits of the Constitutional challenge merge with the sovereign immunity issue . . . the Court [would] conduct[] an analysis of viability of the constitutional claim" in considering the motion to dismiss.  165 F. Supp. 3d at 919; *see also id.* ("Suits that charge federal officials with unconstitutional acts are not barred by sovereign immunity since the federal official is considered to be acting outside an official capacity (*i.e.*, acting *ultra vires*) if the actions are unconstitutional." (internal quotation marks omitted)).

Here, however, the complaint plainly states that claims brought against Thomas in part and Dwyer in total are in their official capacities, and only to the extent required to obtain his requested relief.  *See* Compl. ¶ 5 ("To the extent that injunctive and declaratory relief against the [Judicial Council] requires an individual defendant, Defendant [Sidney Thomas], the current Chairman of the [Judicial Council], is sued in his official capacity to obtain injunctive and declaratory relief."),  ¶ 9 ("Defendant, [Molly Dwyer] is sued in her official capacity as Clerk of the Ninth Circuit Court of Appeals. The only relief requested of her is the public release of documents in her control.").  There are otherwise no allegations in the complaint regarding any actions that *specifically* Dwyer undertook which were *ultra vires* acts, especially where the gravamen of the complaint concerns the 2010 Order, predating Dwyer's current tenure on the Judicial Council.  The allegations as to Thomas in his official capacity as the current chairperson of the Judicial Council are also bald and insufficient to demonstrate any *ultra vires* act.

and section 352(c), all orders and determinations, including denials of petitions for review, shall be final and conclusive and *shall not be judicially reviewable on appeal or otherwise*." 28 U.S.C. § 357 (emphasis supplied). Thus, the moving defendants assert that this judicial review bar applies at minimum to counts 1, 2, 4, 5, and 6 of the complaint.

The Court agrees. In Section 357(c), Congress expressly precluded a plaintiff from attempting to relitigate orders and determinations issued by a judicial council. Here, each of the above listed counts focuses on particular orders and determinations by the Ninth Circuit Judicial Council, namely the refusal to transfer the 2008 Complaint, the decision to issue a public reprimand of Sanai, and the directive to refer the 2010 Order to the State Bar. The exception in the first clause of Section 357(c) authorizes review by a judicial council or the Judicial Conference only *within* the Act's framework for judicial conduct. Any challenge to an "order" or "determination" in a judicial conduct, even when framed in terms of constitutional or statutory authority, cannot proceed. *See McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders*, 264 F.3d 52, 58-64 (D.C. Cir. 2001). *See also id.* at 62 (refusing "to read [the judicial review bar] to allow review of constitutional as-applied claims by conventional courts"). Indeed, as the D.C. Circuit recognized in *McBryde*, jurisdiction is appropriate for *only* those claims challenging the facial constitutionality of the Judicial Conduct and Disability Act of 1980 itself—and no other type of claim. *Id.* at 58-59, 62. Sanai otherwise cites no authority for the proposition that *ultra vires* claims are not subject to this judicial review bar, and the Court can find no logic in extending this one exception to section 357 to cover such *ultra vires* claims.

Accordingly, counts 1, 2, 4, 5, and 6 of the complaint are appropriately dismissed with prejudice based on a lack of jurisdiction due to the judicial review bar in the Act.

<u>Absolute and Quasi-Judicial Immunity</u>. In general, "[j]udges are absolutely immune from civil liability for damages for their judicial acts." *Mullis*, 828 F.2d at 1388; *see also Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) ("Federal judges are absolutely immune from claims for declaratory and injunctive relief arising from their judicial acts."). Such absolute immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Mullis*, 828 F.2d at 1394. Judicial immunity

also cannot be overcome by purporting to sue a judge in his or her individual, as opposed to official, capacity.  *See Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 645-46, 647 (N.D. Cal. 2007), *aff'd*, 308 F. App'x 176 (9th Cir. 2009); *see also O'Callaghan v. Hon. X*, 661 F. App'x 179, 182 (6th Cir. 2016).

Moreover, "[t]he clerk of the court and the Circuit Executive are immune from suit under quasi-judicial immunity when they are engaged in such functions as '[t]he filing of exhibits and the processing of a request to withdraw an appeal[,] . . .  tasks that are necessary to the judicial process.'" *Adams*, 165 F. Supp. 3d at 923 (quoting *Ocasio v. Kozinski*, No. C 08-4820JF(PR), 2008 WL 5046288, at *1 (N.D. Cal. Nov. 25, 2008)).  Because a judicial council has an "adjudicative role" in resolving misconduct complaints, actions of the circuit clerk or circuit executive that are "integral" to that process are protected by quasi-judicial immunity. *Id.* at 924.

Here, the moving defendants assert that based on the above the claims brought against the moving defendants[13] are barred by the doctrine of absolute judicial and quasi-judicial immunity. In response, Sanai argues (1) that this immunity only applies to damages; and (2) that the defendants did not engage in judicial acts sufficient to invoke this immunity.

Neither of these responses persuade.  First, despite Sanai's arguments to the contrary, the weight of authority demonstrates that this immunity applies beyond instances merely concerning damages, including instances where declaratory and injunctive relief are asserted even without a *Bivens* claim.  *See Atkinson- Baker*, 7 F.3d at 1454 (immunity from First and Fifth Amendment claims for injunctive and declaratory relief); *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (immunity from claims that bond release "constituted a Due Process violation, civil conspiracy, fraud, and intentional infliction of emotional distress").  *See also Mullis*, 828 F.2d at 1394.  Thus, Sanai's attempts to obtain declaratory and injunctive relief, in addition to his damages request, conflicts with this expansive doctrinal immunity.

Second, Sanai does not persuade that the defendants were not engaging in judicial acts.

---

[13]  These arguments would also implicitly include non-moving defendants Hug, Whaley, and Hunt, who all are or were federal judges, and who all were on the Judicial Council during the relevant time period.

Indeed, under the Act, review of judicial misconduct complaints is an act that must be performed by a judge.  28 U.S.C. §§ 352-355; *Moore*, 96 F.3d at 1244 (defining judicial act as "a function normally performed by a judge").  Similarly, courts have found that judicial misconduct proceedings are judicial acts entitled to immunity.  *See Adams*, 165 F. Supp. 3d at 922 n.5 (agreeing "that absolute judicial immunity applies to the actions of the Committee in reviewing the Ninth Circuit Judicial Council's decisions and issuing an order thereon" and stating that review of judicial misconduct decisions is a judicial act); *Overton v. Torruella*, 183 F. Supp. 2d 295, 300 (D. Mass. 2001) (Judicial Council was empowered to decide complaints of judicial misconduct, which was a form of adjudication and fell within scope of functions protected by absolute immunity); *see also id.* at 305-06 (concluding that acts undertaken by members of the Judicial Council were "within the ambit of acts taken by a judge's judicial capacity"); *Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003) (en banc) (recognizing the "well-established and well-understood common-law tradition that extended absolute immunity to individuals performing functions necessary to the judicial process").

More generally, courts have likewise found that courts considering disciplinary measures for attorneys qualify for absolute immunity.  *See, e.g.*, *Bradley v. Fisher*, 80 U.S. 335 (1871) (absolute immunity applies to disbarring of attorney without first affording the lawyer an opportunity to be heard); *Partington v. Gedan*, 961 F.2d 852, 866-67 (9th Cir. 1992) (interpreting and enforcing state bar disciplinary rules are "judicial" functions); *Sparks v. Character & Fitness Comm.*, 859 F.2d 428, 434 (6th Cir. 1988) (denying an application for admission to a state bar is "judicial" in nature); *LaNave v. Minnesota Sup. Ct.*, 915 F.2d 386, 387 (8th Cir. 1990) (same).

In sum, the Court reaches the conclusion that absolute judicial immunity and quasi-judicial immunity bar Sani's claims even in light of the salacious allegations contained with the complaint. Assuming the entirety and validity of Sanai's allegations, that there was misconduct afoot, or a conspiracy of retaliation from several judges, these allegations still do not unmask this judicial immunity from the defendants.  The doctrine of absolute and quasi-absolute judicial immunity is expansive.  Grave errors or malicious act alone, or even an improper conspiracy by judicial officers, do not tear asunder this immunity.  *See Moore*, 96 F.3d at 1244 ("Grave procedural errors

or acts in excess of judicial authority do not deprive a judge of this immunity."); *Stump*, 435 U.S. at 356 ("A judge will not be deprived of immunity because the action he took . . . was done maliciously[.]").  Indeed, "judicial immunity [is not] lost by allegations that a judge conspired with one party to rule against another party: 'a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges.'"  *Moore*, 96 F.3d at 1244 (quoting *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc)); *id.* ("Even if, as Moore alleges, Judge Brewster conspired with Sayler to act as an advocate for Fischbach, and interfered with the release of the bond proceeds for the benefit of Fischbach, judicial immunity would bar Moore's action against Judge Brewster.").

Accordingly, the claims against the moving defendants Kozinski, Catterson, Dwyer, Thomas, McKeown, Gould, Rawlinson, Collins, Gonzalez, Hatter, as well as non-moving defendants Hunt, Whaley, and Hug, are appropriately dismissed as barred by the doctrines of absolute judicial and quasi-judicial immunity.

Merits Review of the Claim.  In light of the foregoing jurisdictional defects in this action, the Court declines to reach the moving defendants' alternative arguments regarding the merits of Sanai's claims.[14]

### C.    Conclusion

Accordingly, the Court **GRANTS** the motion to dismiss.  The claims against the moving defendants, Kozinski, Catterson, the Judicial Council of the Ninth Circuit, Dwyer, Thomas, McKeown, Gould, Rawlinson, Collins, Gonzalez, Hatter, as well as non-moving defendants Hunt, Whaley, and Hug, are **DISMISSED WITH PREJUDICE**.[15]  Because the only remaining defendant in

---

[14]  Although the Court does not reach the moving defendants' alternative arguments, the Court notes that the arguments regarding whether the claims are time-barred are facially persuasive.  Sanai's complaint concerns actions dating from 2010 and before.  Sanai's complaint was filed almost nine years later.  Sanai does not adequately explain the delay in seeking review and relief relating to the 2010 Order and the actions leading up to the 2010 Order.

[15]  Because the Court finds that the claims asserted against Hunt and Whaley are appropriately dismissed with prejudice, the Court **DENIES AS MOOT** the amended administrative motion to serve remaining defendants.

United States District Court
Northern District of California

this matter is the Judicial Council of California, and Sanai asserts only one state law cause of action against it for relief under the California Public Records Act, the Court finds that it is without subject matter jurisdiction to hear this claim.  Thus, the claim asserted against the Judicial Council of California is **DISMISSED WITHOUT PREJUDICE**.

### III.   MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Sanai has also filed a motion requesting leave to file a first amended complaint. Defendants oppose the motion, asserting primarily that the motion itself is untimely, and secondarily that the proposed amendments to the complaint are futile.

The legal standard with respect to this motion is well known and not in dispute.

Federal Rule of Civil Procedure 15(a) provides that a trial court should "freely give leave when justice so requires."  A district court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'"  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal."  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *see also Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Here, even assuming that Sanai moved to amend his complaint without undue delay, bad faith or dilatory motive,[16] the proposed amendments to the complaint are futile in light of the preceding detailed jurisdictional defects in this action.  Sanai's proposed amendments consist of: (1) additional allegations regarding misconduct during the Judicial Council investigation;

---

[16]  The Court notes that Sanai has bootstrapped arguments to his motion for leave to amend that are primarily addressed against the moving defendants' reply in support of their motion to dismiss.  *See e.g.*, Mot. at 6-11 (Dkt. No. 55) (section titled "The Defendants Have Asserted a Theory of Immunity that Both Violates Established United States Supreme Court Law and Is So Egregious that It Must be Explicitly Rejected" and discussion therein).  In other words, Sanai has given himself a surreply (and then a later additional reply brief).  The Court cabins its analysis to the proposed amendments and the arguments made in support of his request for leave to file a first amended complaint.  The Court expressly warns Sanai from continuing with similar gamesmanship in this litigation, or else risk facing sanctions.

United States District Court
Northern District of California

(2) additional allegations of misconduct by Kozinski and other judges; (3) additional allegations describing motion practice he made before the Judicial Council; and (4) the splitting of one declaratory judgment count (Count 3) into three separate declaratory judgment claims.  None of these proposed amendments or the allegations detailed therein fix the defects found in the complaint, and more broadly, in the maintaining of this action.  In other words, these allegations do not alter the overall calculus that the claims against the defendants, with the exception of the Judicial Council of California, are appropriately dismissed with prejudice.

Accordingly, the Court **DENIES** the motion for leave to file a first amended complaint.

## IV.    CONCLUSION

For the foregoing reasons, the Court **HEREBY ORDERS** as follows:

(1) the motion to dismiss is **GRANTED**;

     a.   the claims asserted against defendants Kozinski, Catterson, the Judicial Council of the Ninth Circuit, Dwyer, Thomas, McKeown, Gould, Rawlinson, Collins, Gonzalez, Hatter, Hunt, Whaley, and Hug are **DISMISSED WITH PREJUDICE**;

     b.   the claim asserted against the Judicial Council of California is **DISMISSED WITHOUT PREJUDICE**;

(2) the motion for leave to file a first amended complaint is **DENIED**; and

(3) the administrative motion to serve the remaining defendants is **DENIED AS MOOT**.

The Clerk of the Court is directed to close this matter in accordance with the above.

This Order terminates Docket Numbers 36, 55, and 64.

**IT IS SO ORDERED.**

Dated: April 9, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

16