1  Cyrus M. Sanai, SB#150387
   SANAIS
2  9440 Santa Monica Boulevard, Suite 301
   Beverly Hills, California, 90210
3  Telephone: (310) 717-9840
   cyrus@sanaislaw.com
4

5

6

7

8       UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
                              CALIFORNIA
9

10  CYRUS SANAI, an individual,              )  Case No.  19-CV-08162-YGR
                                             )
11                      Plaintiff,           )  **MOTION FOR LEAVE TO FILE**
           vs.                               )  **MOTION FOR**
12                                           )  **RECONSIDERATION OF APRIL 9,**
    ALEX KOZINSKI, in his personal           )  **2021 ORDER**
13  capacity; CATHY CATTERSON, in her        )
    personal capacity; THE JUDICIAL          )  Complaint Filed:   December 17, 2019
14  COUNCIL OF THE NINTH CIRCUIT,            )
    an administrative agency of the United   )
15  States; MOLLY DWYER, in her              )
    official capacity; SIDNEY THOMAS,        )
16  in his official and personal capacities; )
    PROCTOR HUG JR., in his personal         )
17  capacity; M. MARGARET                    )
    MCKEOWN, in her personal capacity;       )
18  RONALD M. GOULD, in his personal         )
    capacity; JOHNNIE B. RAWLINSON,          )
19  in her personal capacity; AUDREY B.      )
    COLLINS, in her personal capacity;       )
20  IRMA E. GONZALEZ, in her personal        )
    capacity; ROGER L. HUNT, in his          )
21  personal capacity; TERRY J. HATTER       )
    JR., in his personal capacity;  ROBERT   )
22  H. WHALEY, in his personal capacity;     )
    THE JUDICIAL COUNCIL OF                  )
23  CALIFORNIA, an administrative            )
    agency of the State of California; and   )
24  DOES 1-10, individuals and entities      )
    whose identities and capacities are      )
25  unknown;                                 )

26  Defendants.

27

28
                                    -1-

1

TO ALL THE CLERK OF THE COURT

2

 Plaintiff Cyrus Sanai hereby files this motion under Local Rule 7-9  requesting this Court

3

for leave to file a motion for reconsideration of the April 9, 2021.

4

5

6

By: _____/s/ Cyrus Sanai_____

CYRUS SANAI

7

Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR LEAVE

**TABLE OF CONTENTS OF MEMORANDUM OF POINTS AND AUTHORITIES AND EXHIBITS**

I.      PLAINTIFF MAY FILE A MOTION FOR RECONSIDERATION OF THE APRIL 9, 2021
        ORDER ................................................................................................................. 3
II.     PLAINTIFF HAS FILED THIS MOTION WITH REASONABLE DILIGENCE ............. 4
III.    RECONSIDERATION IS REQUIRED UNDER LOCAL RULE 7-9(b)(3) ...................... 4
    A.    The Court Failed to Consider Material Facts or Dispositive Legal Arguments ................... 4
    B.    The Court Failed to Consider the Allegations that the State Bar Court Dismissed the
    Judicial Council's Complaint Against Sanai with Prejudice.......................................................... 4
    C.    The Court Explicitly Stated that it Did Not Consider All of Plaintiff's Arguments. ........... 8
    D.    The Court Failed to Acknowledge Or Address The Fact That Plaintiff Attacks the Judicial
    Conduct and Disability Act on a Facial Basis............................................................................... 12
    E.    The Court Failed to Acknowledge The Fact that the Elements of Count 6 Do Not Involve
    the Censure Order and Do Not Involve Review of the Correctness of the Order....................... 14
    F.    The Court Failed to Acknowledge The Dispositive Legal and Factual Arguments That
    Judicial Acts Were Not Involved. ................................................................................................ 16
IV.    CONCLUSION ............................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Comm. on Judicial Conduct & Disability,*
   165 F. Supp. 3d 911 (N.D. Cal. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14, 19

*Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429 (1993) . . . . . . . . . . . . . . . . . . . . . . 19

*Atkinson-Baker & Assocs., Inc. v. Kolts,* 7 F.3d 1452 (9th Cir. 1993) . . . . . . . . . . . . 18, 22

*Broadrick v. Oklahoma,* 413 U.S. 601 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Carvalho v. Equifax Information Services LLC,* 629 F.3d 876 (9th Cir. 2010) . . . . . . . . . . . 13

*DiLeo v. Ernst & Young,* 901 F.2d 624 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Forrester v. White,* 484 U.S. 219 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders,*
   264 F.3d 52 (D.C. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Moore v. Brewster,* 96 F.3d 1240 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Mullis v. U.S. Bankr. Court for Dist. of Nevada,* 828 F.2d 1385 (9th Cir. 1987) . . . . . . . . . 18

**Statutes**

28 U.S.C. §351 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**Rules**

C.D. CA L.R. 83-3.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Fed. R. Civ. P. 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. Civ. P. 25 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

L.R. 7-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

L.R. 7-9(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

L.R. 7-9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

L.R. 7-9(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

L.R. 7-9(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 15

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.      PLAINTIFF MAY FILE A MOTION FOR RECONSIDERATION OF THE APRIL 9, 2021 ORDER

This Court has not yet entered judgment in this case.  Accordingly, Plaintiff may file a motion for reconsideration under the local rules:

> (a)      Leave of Court Requirement. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

L.R. 7-9(a)

The requirements are as follows:

> (b)      Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
> (1)  That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2)  The emergence of new material facts or a change of law occurring after the time of such order; or
> (3)  A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.
>
> (c)      Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

The prohibition against repetition of argument in the motion for leave means that a party in the motion for leave is limited to pointing out which requirement is under L.R. 7-9(b) is met, but may not delve into what was argued and how the new arguments relate to the old.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.     PLAINTIFF HAS FILED THIS MOTION WITH REASONABLE DILIGENCE

This motion is being filed on the next court day following the April 9, 2021 order.  It is therefore timely, as it would be impossible to file this motion more quickly.

## III.     RECONSIDERATION IS REQUIRED UNDER LOCAL RULE 7-9(b)(3)

### A.   The Court Failed to Consider Material Facts or Dispositive Legal Arguments

Reconsideration is required under L.R. 7-9(b)(3) because there was a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Because of L.R. 7-9(c), Plaintiff is barred, in this motion, from repeating the material facts or dispositive legal arguments.  Instead, he must identify them without repetition.

### B.   The Court Failed to Consider the Allegations that the State Bar Court Dismissed the Judicial Council's Complaint Against Sanai with Prejudice.

The Court stated that:

> The State Bar apparently filed such charges in 2014, and, according to Sanai, **all but one of the charges, a charge related to Sanai's filing of judicial misconduct complaints, were dismissed.**

April 9, 2021 Order, Docket No. 72 at 6:1-3 (bold emphasis added).

This finding of fact ignores the pleadings that state the exact opposite.  The material facts alleged by Plaintiff is that the State Bar Court dismissed all of the charges, including the charge related to filing of the judicial misconduct complaints on the merits.  While Plaintiff may not repeat his arguments in the pleadings on this point, he can quote his own complaint:

> 70.     By 2014 the OCTC finalized a strategy of bringing claims that were barred by the limitation rule and the evidence-less claim of the JC to trial. Defending himself, Sanai obtained dismissal of all but one charge.  The State Bar Court judge wrote about the charge relating to the reporting of judicial misconduct that:
> > In this count the State Bar alleges that between October 2008 and September 2010, Respondent "filed and maintained formal judicial complaints with the Ninth Circuit Judicial

Council against approximately 19 federal judges, when such complaint were frivolous and made for improper reasons . . . . " It alleges that the filing of these complaints constituted acts of moral turpitude.

In his motion, Respondent argues that the evidence received by this court is insufficient to establish clear and convincing evidence to support this count.

The State Bar did not put in evidence the complaints actually filed by Respondent against the federal judges. **In response to this court's inquiry, it was informed by the State Bar that it was unable to do so due to the Ninth Circuit's refusal to provide those complaints to the State Bar.** Being unable even to read the complaints filed by Respondent, this court cannot conclude that any of those complaints were filed frivolously or constituted an act of moral turpitude. **To the extent that this court is aware of the content of one of those complaints, the record shows that it was apparently justified and resulted in a formal apology by the judge and a self-administered recusal by him from the pending matter involving Respondent.**

71.     In a subsequent order dismissing more charges, the State Bar Court judge wrote as follows:

In 2010, a complaint was made to the State Bar by the Judicial Council of the Ninth Circuit regarding Respondent's purportedly frivolous complaints to it about a number of federal judges. This complaint by the Judicial Council of the Ninth Circuit subsequently formed the basis for Count 6 of the pending NDC. When the complaint was received, the State Bar opened case No. 10-0-09221 (the '10 case) and contacted Respondent about the matter. **Then, after learning that the Judicial Council of the Ninth Circuit would not release to the State Bar the actual complaints filed by Respondent against the federal judges, the State Bar decided to issue a warning letter to Respondent in November 2011, and closed the case.[7] (Ex. 1040.) That decision was explained, both orally and in writing, by the State Bar to Cathy Catterson, a representative of the Judicial Council of the Ninth Circuit, on November 8, 2011. (Ex. 1041.) Thereafter, she complained of the State Bar's decision in a letter, dated January 19, 2012, directed to the then Acting Chief Trial Counsel of the State Bar.**

[7] The State Bar had previously notified the Judicial Council of the Ninth Circuit in May 2011 that it would be difficult to pursue any complaint that Respondent's complaints against various federal appellate justices were frivolous without having access to the actual

underlying complaints. As stated by the State Bar at that time: "As
you may be aware, to prevail in State Bar disciplinary proceedings,
our office must prove by clear and convincing evidence that an
attorney committed willful misconduct. Although the Judicial
Council's order of September 30 2010, will certainly be a useful
piece of evidence to establish that Mr. Sanai engaged in misconduct
by filing frivolous misconduct complaints, it would be insufficient
standing alone to prove by clear and convincing evidence that Mr.
Sanai engaged in misconduct warranting discipline, especially since
the order does not include any specific findings of fact but rather
includes only the conclusion that Mr. Sanai abused the misconduct
complaint procedure." (Ex. 1039, p. 2.)

[8] Given the State Bar's inability to provide this court with a copy of
the actual complaints filed by Respondent against the federal
judges, this court – as accurately predicted by the State Bar in May
2011 –eventually dismissed that count at trial due to the State Bar's
failure to provide clear and convincing evidence that those
complaints were frivolous. The evidence was not sufficient even to
enable this court to identify all of the judges against whom
complaints had been filed.

Complaint, Docket #1 at ¶¶ 70-71  (bold emphasis in original, underline emphasis added).

Plaintiff thus put into the complaint not only a portion of the order dismissing the charges

based on the Defendants' complaint to the State Bar, but also a subsequent order discussing and

reiterating the judicially-noticeable fact that the State Bar Court "eventually dismissed that count

at trial due to the State Bar's failure to provide clear and convincing evidence that those

complaints were frivolous. The evidence was not sufficient even to enable this court to identify all

of the judges against whom complaints had been filed."

So how did the Court make this manifest error disregarding judicially noticeable facts?

It's manifestly obvious.  Rather than read the Complaint, this Court transcribed the Defendants'

manifestly false characterization of the State Bar Court proceedings almost word-for-word:

The State Bar apparently filed such charges in 2014, and, according to
Plaintiff, all but one of the charges—a charge related to Plaintiff's filing of
judicial misconduct complaints—were dismissed.

Motion to Dismiss, Docket No. 36, at 14:8-11.

The only change between this Court's verbiage and the Defendants' is that this Court

changed "Sanai" to "Plaintiff."

MEMORANDUM OF POINTS AND AUTHORITIES

The fact that the Court did not read the complaint, but instead transcribed the Defendants' characterization of it, is a dispositive error as to Count 6.  These Counts do not involve any judicial or administrative acts, but rather making the bar complaint, which any person can do.  It is an explicit requirement for the cause of action alleged that Plaintiff had prevailed on count alleging misconduct in filing the judicial misconduct complaints.  Accordingly, the Court's finding of fact was an implicit rejection of Count 6 on the merits.

But the Court's defalcation raises constitutional issues as well.  It is clear from the Court's cut and paste of the Defendants' false characterization of Plaintiff's complaint, and in other places in the April 9, 2021 order discussed below, that it refused to follow the requirements of motion practice, which includes reading all of Plaintiff's pleadings and his addressing his arguments. Instead, the Court only read the submissions of the Defendants, and only included in its order those issues which the Defendants addressed.  Where Plaintiff made an argument and the Defendants ignored it, this Court ignored the argument as well.  Because the Court did not address all of the arguments raised by Defendants, it likewise did not address everything Plaintiff stated.  But there are a sufficiently large number of examples to demonstrate that this Court violated Plaintiff's right to be heard in a meaningful time and in a meaningful manner.

Cutting and pasting a FALSE statement of fact creates a second issue of due process; it creates in reasonable minds that the judge is not exercising independent judgment, but is instead the agent of the parties:

> From time to time district judges extract portions of briefs and use them as the basis of opinions. We have disapproved this practice because it disguises the judge's reasons and portrays the court as an advocate's tool, even when the judge adds some words of his own. *E.g., Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 313-14 (7th Cir.1986); *In re X-Cel, Inc.,* 776 F.2d 130 (7th Cir.1985).

*DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (1990).

As will be discussed in a motion to be shortly filed, this Court's adoption of portions of the Defendants' motion to dismiss, along with other actions it took, require this Court's recusal.

MEMORANDUM OF POINTS AND AUTHORITIES

1

2

**C.  The Court Explicitly Stated that it Did Not Consider All of Plaintiff's Arguments.**

3

In motion practice, a moving party normally gets the first and last written word, and then

4

non-moving party is ordinarily granted oral argument to address any new issues or facets of raised

5

issues.  A Court has the discretion to eliminate oral argument if all matters are fully addressed.

6

In this case, in its reply brief, the Defendants raised multiple new issues. One of the new

7

issues was arguing that Plaintiff had not exhausted administrative remedies, because the motions

8

Plaintiff filed to vacate the 2010 Order have never been ruled upon.  This concession that

9

administrative remedies must be exhausted means that any statute of limitations was tolled.

10

Plaintiff explicitly raised this problem in administrative motions to hold oral argument or

11

grant leave to file a sur-reply.  *See* Motion for Oral Argument or Sur-Reply, Docket No. 56.

12

However, Plaintiff was able to address the issue as well in his reply in support of his motion for

13

leave to amend.  He was allowed to do so because the Defendants incorporated by reference their

14

arguments from their pleadings concerning the motion to dismiss.  See Opposition to Motion for

15

Leave to Amend, Docket No. 61 at 4.  Because Defendants incorporated their arguments from

16

those pleadings, Plaintiff was entitled, under the local rules and under due process, to address

17

them in his reply.  *See* L.R. 7-3.

18

The Court's response to Plaintiff's filing a reply to the Defendants' argument that leave to

19

amend was futile because of the arguments made in the briefing on the motion to dismiss was to

20

refuse to address the arguments in the reply and threaten sanctions if Plaintiff raised them again as

21

follows:

22

> The Court notes that Sanai has bootstrapped arguments to his motion for
> leave to amend that are primarily addressed against the moving defendants' reply
> in support of their motion to dismiss. See e.g., Mot. at 6-11 (Dkt. No. 55) (section
> titled "The Defendants Have Asserted a Theory of Immunity that Both Violates
> Established United States Supreme Court Law and Is So Egregious that It Must be
> Explicitly Rejected" and discussion therein). In other words, Sanai has given
> himself a surreply (and then a later additional reply brief). The Court cabins its
> analysis to the proposed amendments and the arguments made in support of his
> request for leave to file a first amended complaint. The Court expressly warns
> Sanai from continuing with similar gamesmanship in this litigation, or else risk
> facing sanctions.

23

24

25

26

27

28

-8-

April 9, 2021 Order, Docket No. 72 at 15, fn 16.

The right to address these issues arises because the Defendants chose to incorporate their arguments from the Motion to Dismiss in their opposition to the Motion to File a First Amended Complaint.  The Court has thus admitted that it failed to consider arguments relevant to the Motion, and the grounds it asserts demonstrate a flagrant disregard of Plaintiff's due process rights.  Reconsideration is thus required under both the local rules and by the due process right to be heard.

**D.    The Court Failed to Acknowledge Or Address Plaintiff's Dispositive Authority that a Plaintiff May Sue an Official Capacity Defendant Protected by Sovereign Immunity for Injunctive Relief and Declaratory Relief for  Violation of Constitutional Rights Due to Failure to Carefully Read Plaintiff's Complaint.**

The Court  in its discussion of sovereign immunity wrote that:

> Instead, Sanai advances several arguments as to why sovereign immunity does not apply in this action, including: (1) the Judicial Council is an "agency" and fallswithin the scope of the sovereign immunity waiver in the Administrative Procedure Act ("APA"), 5 U.S.C. § 702; (2) that defendants acted in a ultra vires manner; and (3) that the 2010 Order waived sovereign immunity.

April 9, 2021 Order, Docket No. 72 at 9:2-6.

What this Court did not address was Plaintiff's argument that sovereign immunity does not prohibit a Plaintiff from suing an official capacity defendant for injunctive and declaratory relief notwithstanding the complete absence of any waiver of sovereign immunity.   Plaintiff is barred from repeating his argument in this motion for leave, but he can cite to it for easy reference.  It appears in the Opposition, Docket No. 50, page 14, lines 9-16, and pages 17 line 5 to page 18 line 6.

But even more startling than the refusal of Judge Rogers to address this argument is the fact that Judge Rogers addressed this very point in an opinion cited by both parties and herself in the April 9, 2021 order:

> "Suits that charge federal officials with unconstitutional acts are not barred by sovereign immunity" since the federal official is considered to be acting

-9-

MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7

outside an official capacity (i.e., acting ultra vires ) if the actions are unconstitutional. *United States v. Yakima Tribal Court,* 806 F.2d 853, 859 (9th Cir.1986) (*citing Larson,* 337 U.S. at 690, 696–97, 69 S.Ct. 1457 ). Because the merits of the Constitutional challenge merge with the sovereign immunity issue in this regard, the Court conducts an analysis of viability of the constitutional claim under Rule 12(b)(6) grounds, infra, at Section III.B. *Cf. Mashiri v. Dep't of Educ.,* 724 F.3d 1028, 1032 (9th Cir. 2013) (reaching the challenge on the merits where "the question of '[w]hether the *Larson –Dugan* exception' applied 'merge[d] with the question on the merits.'").

*Adams v. Comm. on Judicial Conduct & Disability,* 165 F. Supp. 3d 911, 919 (N.D. Cal. 2016)(Hon. Y. Gonzales Rogers)

8
9
10
11
12
13

The Court refused to acknowledge, in particular, that Circuit Judge Thomas could be sued for his actions as a member of the Judicial Council from 2008 to present day. Judge Thomas was sued in his official capacity a member of the Judicial Council and its current Chairman, as well as his personal capacity. The Court false states that "The allegations as to Thomas in his official capacity as the current chairperson of the Judicial Council are also bald and insufficient to demonstrate any ultra vires act." April 9, 2021 Order, Docket No. 72 at 10 fn. 12. What the Court missed are the following definitions:

14
15
16
17

>    IRMA E. GONZALEZ ("Gonzalez");  ROGER L. HUNT ("Hunt"), TERRY J. HATTER, JR. ("Hatter") and ROBERT H. WHALEY ("Whaley") are United States District Court judges.  Together with McKeown, Gould, Rawlinson, and Thomas they are the identified as the "Current JC Judges"  The Current JC Judges and Hug and Collins are the "2010 JC Defendants."

18

Complaint, Docket No. 1 at ¶8.

19
20
21

Contrary to the Court's assertion, Plaintiff did not sue Thomas in his official capacity as Chairman.  Plaintiff sued Thomas in his official capacity for all acts alleged, but mentioned, in passing, that he was currently Chairman, as follows:

22
23

>    To the extent that injunctive and declaratory relief against the JC requires an individual defendant, Defendant SIDNEY THOMAS ("Thomas"), the current Chairman of the JC, is sued in his official capacity to obtain injunctive and declaratory relief.

24

Complaint at ¶5.

25
26
27
28

This does NOT say that the official capacity lawsuit is against Thomas solely as Chairman; read in conjunction with paragraph 8, it is clear that every act of the Current JC Judges and the 2010 JC Defendants was an act alleged to have been taken by Judge Thomas, and he is sued for doing so IN HIS PERSONAL AND OFFICIAL CAPACITIES.  Now this Court may

-10-

MEMORANDUM OF POINTS AND AUTHORITIES

wonder, why was only Judge Thomas sued in his official capacity, and not the Current JC Judges or the 2010 JC Defendants.   The answer is simple.  As far as Plaintiff is aware, only Judge Thomas has been on the Judicial Council during the entire course of events.  When a person is sued in his OFFICIAL Capacity, that party is required to be substituted out of the case when he or she ceases to occupy that official position. *See* Fed. R. Civ. P. 25.  Accordingly, the only person who could be sued in his personal and official capacity is Judge Thomas; to obtain official capacity relief for the actions of the other members, Plaintiff would have to double the number of Defendants.  Plaintiff has no desire to unnecessarily increase the number of judges against whom he must litigate.  Plaintiff explained this point when he stated that Judge Thomas was sued in his official capacity to obtain injunctive and declaratory relief.  However, the acts alleged apply to both his personal capacity and official capacity liability.  This is sufficient.

A party is not required to plead official and individual capacity acts separately.  The standard practice for pleadings, which this court is aware of, is that the actions taken by the defendant are alleged and then the allegation of personal or official capacity is deemed to apply to all acts.

However, this Court appears to be erecting barriers to pleading that apply to no other person.  Accordingly, if necessary, Plaintiff can amend his complaint to allege the acts of the Current JC Judges or 2010 JC Defendants, and then, separately allege exactly the same acts and facts with regard to Judge Thomas in official capacity as a member of the Judicial Council during the entire course of events and his current status as Chairman, if that is what the Court will require of Plaintiff.  Accordingly, if this Court believes that the official capacity acts of Judge Thomas must be separately pled, Plaintiff can do so by pleading every single act alleged of the 2010 JC Defendants and the Current JC Defendants as acts of Judge Thomas in his official capacity in completely separate paragraphs.  ""[L]eave to amend shall be freely given when justice so requires*." Carvalho v. Equifax Information Services LLC*, 629 F.3d 876, 892 (9th Cir. 2010), *citing* Fed. R. Civ. P. 15(a).    This rule has been interpreted to require a district court to grant

leave to amend that will eliminate the Court's misreading of the complaint, and have every act of

the Judicial Council alleged as in official capacity act of Judge Thomas.

>    **D.  The Court Failed to Acknowledge Or Address The Fact That Plaintiff Attacks the**
>
>    **Judicial Conduct and Disability Act on a Facial Basis.**

The Court wrote that:

> *McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders,* 264
> F.3d 52, 58-64 (D.C. Cir. 2001). *See also id.* at 62 (refusing "to read [the judicial
> review bar] to allow review of constitutional as-applied claims by conventional
> courts"). Indeed, as the D.C. Circuit recognized in *McBryde,* jurisdiction is
> appropriate for only those claims challenging the facial constitutionality of the
> Judicial Conduct and Disability Act of 1980 itself—and no other type of claim.
> *Id.* at 58-59, 62. Sanai otherwise cites no authority for the proposition that ultra
> vires claims are not subject to this judicial review bar, and the Court can find no
> logic in extending this one exception to section 357 to cover such ultra vires
> claims.

April 9, 2021 Order 11:13-18.

The statement Plaintiff only cites to *McBryde* for this proposition is false.  Plaintiff

explicitly cited to this Court's own decision in Adams throughout his opposition, and this Court's

analysis in Adams supplies the authority that seemingly befuddles this Court in this case.  In

*Adams* this Court stated:

> "Suits that charge federal officials with unconstitutional acts are not barred
> by sovereign immunity" since the federal official is considered to be acting
> outside an official capacity (i.e., acting ultra vires ) if the actions are
> unconstitutional. *United States v. Yakima Tribal Court,* 806 F.2d 853, 859 (9th
> Cir.1986) (*citing Larson,* 337 U.S. at 690, 696–97, 69 S.Ct. 1457 ). Because the
> merits of the Constitutional challenge merge with the sovereign immunity issue in
> this regard, the Court conducts an analysis of viability of the constitutional claim
> under Rule 12(b)(6) grounds, infra, at Section III.B. *Cf. Mashiri v. Dep't of
> Educ.,* 724 F.3d 1028, 1032 (9th Cir. 2013) (reaching the challenge on the
> merits where "the question of '[w]hether the *Larson –Dugan* exception'
> applied 'merge[d] with the question on the merits.'").

*Adams v. Comm. on Judicial Conduct & Disability,* 165 F. Supp. 3d 911, 919 (N.D. Cal.
2016)(Hon. Y. Gonzales Rogers)

Plaintiff believed that this Court understood the implication of its own words, but since it

could not draw the correct conclusion, it will be spelled out in a logical train of reasoning

appropriate for a law student's outline

1.   *McBryde* states that federal courts have judicial jurisdiction over facial attacks on the Judicial Conduct and Disability Act of 1980.  *McBryde, supra.*

2.   Facial attacks are constitutional attacks.  Facial attacks include arguments that  a statute is substantially overbroad when First Amendment rights are at isscue.  *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973).

3.   For purposes of defeating sovereign immunity, constitutional attacks are ultra vires attacks.  *See Adams, supra.*

4.   Facial attacks, which include overbreadth attacks, are constitutional attacks, and thus are ultra vires attacks.

5.   Plaintiff's constitutional attacks are facial (including overbreadth) as follows:

> The Censure Order was unconstitutional, because….the JCDA does not give complainants due process rights to prove their complaints or even an independent, impartial tribunal with notice of evidence used against a complainant.  Indeed, after filing a complaint, the evidence uncovered by any investigation is kept secret.  Now that the disposition of Sanai's complaint was proven to be erroneous—as Sanai's accusations of intentional distribution of pornography by Kozinski have been shown to be true—Sanai still has no right to have the Censure Order vacated under the JC's own practices and procedures.

Complaint, Docket No. 1 at 79; *see also* Opposition to Motion to Dismiss, Docket No. 50 at 28-31 (arguing unconstitutionality of JCDA on facial including overbreadth basis).

6.   This Court had jurisdiction to decide the facial (including overbreadth) attacks in Paragraph 79 of the Complaint.

The chain of reasoning set forth above should have been found by the Court.

Plaintiff anticipates that this Court may contend that because this chain of reasoning was not spelled out in the opposition, it cannot now be considered.  However, under L.R. 7-9(c), Plaintiff cannot repeat the argument he actually made, which due to the space limitations were more concise.  Plaintiff assumes that the no repetition rule was promulgated to force a party to rearticulate his or her contentions, as opposed to cutting and pasting.  In any event, making the connections between constitutional attacks and ultra vires attacks should not be necessary when

-13-

the Court has demonstrated its familiarity with such concepts and how they relate in a prior

published decision.

**E.    The Court Failed to Acknowledge The Fact that the Elements of Count 6 Do**

**Not Involve the Censure Order and Do Not Involve Review of the Correctness**

**of the Order.**

Count 6 alleges as follows:

112.    Catterson, and the 2010 JC Defendants, along with the participation of Kozinski, wrongfully initiated a California attorney disciplinary proceeding against Sanai.  Catterson, the 2010 JC Defendants, and Kozinski were actively involved in bringing and continuing the bar complaint.  The OCTC did not conduct an independent investigation of the complaint brought by Catterson on behalf of the 2010 JC Defendants and Kozinski acting as the JC.  This was because Catterson, Kozinski and the 2010 JC Defendants refused to provide any supporting evidence, and convinced the OCTC that it was incumbent on them, if they wished to have productive legal careers, to bring meritless and harassing charges against Sanai.   There was no legal barrier to conducting an independent investigation of the charge—all it required was a subpoena of the relevant records of the JC.

113.    No reasonable person in the position of the 2010 JC Defendants, Catterson and Kozinski would have believed that there were reasonable grounds to bring the proceedings or make the complaint against Sanai.   They knew Sanai's accusations against Kozinski and other judges were true and valid.  The 2010 JC Defendants, Catterson and Kozinski were informed that the proceedings would fail unless evidence was provided; but the  2010 JC Defendants, Catterson and Kozinski knew that the judicial misconduct complaint filed by Sanai was meritorious, and given an opportunity Sanai could prove all of his allegations, so they caused the OCTC  to eschew any independent investigation.  Kozinski, Catterson, and the 2010 JC Defendants acted primarily with a purpose other than succeeding on the merits of the complaint; their goal was to retaliate against Sanai for blowing the whistle, and to discourage Kozinski's many other victims from doing the same.

114.    The bar proceedings would not have occurred but for the actions of the 2010 JC Defendants, Catterson and Kozinski, and thus were a substantial factor in their occurring.  Sanai suffered harm because of them.

115.    California's statutory litigation privilege and a privilege specific to bar complaints prohibit all liability for making complaints or giving information in judicial, administrative and other official proceedings (including the State Bar) unless the  requirements of malicious prosecution are met.  *See* Judicial Council of California, California Civil Jury Instructions, CACI 1500 et. seq. (2017), in particular CACI 1502 and cases cited therein.   This is the exceptional situation where  the OCTC failed to conduct an independent investigation of the charge to obtain the information necessary to prevail; moreover, the barrier to investigation

-14-

was the refusal of the complainant to provide the relevant evidence, because such evidence would have exonerated Sanai.  Kozinski and the 2010 JC Defendants are not entitled to judicial immunity because the acts they committed did not constitute performance of judicial duties of a judge of any United States District Court or the Ninth Circuit Court of Appeals.  "Fundamentally, however, misconduct proceedings are inquisitorial and administrative." *In re Manuel Real, supra.*  Administrative agency personnel are entitled to qualified immunity to claims under federal law and the United States Constitution to the extent that their activities arise from performance of their duties within their jurisdiction, and their conduct does not violate clearly established law. This count arises under California law, so qualified immunity does not apply.  In addition, the act taken herein, the filing of a complaint with the California Bar Association, is not an act within the administrative jurisdiction of the JC or a matter to which federal law pre-empts state law; anyone can file a bar complaint.  Accordingly, there is no immunity, qualified or not, arising under federal law.

116.    Even if qualified immunity did apply to state law claims, the immunity does not apply here. It was clearly established law, set out in CACI 1502 and the cases cited therein, that a person may not make a meritless complaint about an attorney to the California bar, then escape liability if the Bar fails to investigate the charge independently.  In addition, it was clearly established law that Sanai had the right to compel witnesses and obtain evidence to defend himself in his bar trial.  Catterson, on behalf of herself (as Clerk) and Kozinski and the 2010 JC Defendants, refused to comply with Sanai's trial subpoenas on the grounds, *inter alia,* that Sanai could not compel the production of records or testimony of Catterson or any judges under FEDERAL law because their testimony is inadmissible.  This position was frivolous; federal judges regularly testify in bar hearings in every state.  *See, e.g. Comm'n for Lawyer Discipline v. Cantu,* Tex. Sup. Ct. No. 18-0879 (October 25, 2019) (per curiam)(federal judge who was presiding in case from which misconduct arose competent to testify).  It was also clearly established law that Sanai's due process rights override any evidentiary issues or privilege under FEDERAL law, because the relevant law of privilege and evidence were CALIFORNIA law.  Moreover, it was clearly established law that by making the complaint, Catterson, Kozinski and the 2010 JC Defendants necessarily waived all claims of confidentiality as to records in their possession and in possession or control of the JC that could exonerate Sanai.

117.    Sanai is entitled to monetary damages for emotional injury, lost income and opportunities to obtain income, reputational injury and out-of-pocket expenses arising from the abuse of process by Kozinski, Catterson, and the 2010 JC Defendants.  The actions of Kozinski, Catterson, and the 2010 JC Defendants were taken maliciously and with the explicit intention of violating Sanai's constitutional rights, to oppress him, and to make his disbarment a warning to anyone who sought to blow the whistle on Kozinski or other judges in the Ninth Circuit, so imposition on punitive damages on each is merited.

Complaint, Docket No. 1, ¶¶112-117.

1    Nowhere in the allegations of Count 6 is there a direct or indirect reference to the 2010

2   Order.[1]  Plaintiff alleged that "the act taken herein, the filing of a complaint with the California

3   Bar Association, is not an act within the administrative jurisdiction of the JC or a matter to which

4   federal law pre-empts state law; anyone can file a bar complaint."  The Court dismissed Count 6

5   solely on the grounds that "counts 1, 2, 4, 5, and 6 of the complaint are appropriately dismissed

6   with prejudice based on a lack of jurisdiction due to the judicial review bar in the Act."  However,

7   Count 6 does not require review of the 2010 Order.  The 2010 Order could be completely correct

8   and Plaintiff would still win Count 6, because Plaintiff won in State Bar Court due to the refusal of

9   the Defendants to provide any evidence or testimony to prove their claim.   Because the

10  Defendants filed the complaint then refused to provide any evidence, testimony or documents, the

11  State Bar Court judge dismissed the charge with prejudice after the State Bar rested.

12    The Court's failure to recognize these dispositive legal and factual contentions is

13  inextricably entwined with its cut and paste of the Defendants factual contentions made without

14  reading the Complaint.  The Court therefore must grant reconsideration of this issue.

15    **F.    The Court Failed to Acknowledge The Dispositive Legal and Factual**

16      **Arguments That Judicial Acts Were Not Involved.**

17    The Court's discussion of absolute judicial immunity contends that judicial misconduct

18  proceedings are covered by absolute judicial immunity for their judicial acts.  The only binding

19  authority it cites are a case quoted at length by Plaintiff, *Mullis v. U.S. Bankr. Court for Dist. of*

20  *Nevada,* 828 F.2d 1385 (9th Cir. 1987), and *Atkinson-Baker & Assocs., Inc. v. Kolts,* 7 F.3d 1452

21  (9th Cir. 1993).  *See* April 9, 2021 Order Opposition, Docket No. 50 at 18-21.  Plaintiff cannot

22  repeat his argument.  However, Atkinson-Baker also cited to Mullis, and that decision explains

23  how this Court is wrong:

24

25  _____

[1] Because this Court abjures carefully reading Plaintiff's complaint, he will once again point out

26  that the State Bar proceedings could have overlapped or addressed the question of whether the
    2010 Order was correct or not.  However, that was impossible because after filing a complaint, the

27  Defendants intentionally refused to permit any independent investigation, or to give the Office of
    Chief Trial Counsel the documents and testimony necessary to prevail.

28

-16-

1

2

3

4

5

6

> The Supreme Court has distinguished judicial acts to which absolute immunity necessarily attaches and administrative acts for which such immunity is not available. *See Forrester v. White*, 484 U.S. 219, 229-30, 108 S.Ct. 538, 545-46, 98 L.Ed.2d 555 (1988). Judicial acts are those involving the "`performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.'" *Antoine*, ___ U.S. at ___, 113 S.Ct. at 2171 (*quoting Burns v. Reed*, ___ U.S. ___, ___, 111 S.Ct. 1934, 1946, 114 L.Ed.2d 547 (1991) (Scalia, J., concurring in part and dissenting in part)). Administrative acts are, among others, those "involved in supervising court employees and overseeing the efficient operation of a court." *Forrester,* 484 U.S. at 229, 108 S.Ct. at 545.

7

*Atkinson-Baker & Assocs., Inc. v. Kolts,* 7 F.3d 1452, 1454 (9th Cir. 1993)

8

9

10

11

The *Atkinson-Baker* tests directly springs from United States Supreme Court authority. Plaintiff made the same argument.  Opposition, Docket No. 50 at 22-23.   The opinions of district courts on this subject matter that are in conflict, including this Court's opinion in Adams, cannot stand in the face of binding Ninth Circuit and United States Supreme Court authority.

12

13

14

15

16

17

18

19

So the question then is whether the actions of a Judicial Council are "acts are those involving the "`performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.'"  The answer, of course, is no.  A judicial misconduct complaint does not serve " the function of resolving disputes between parties."  The obviousness of this point is underlined by the fact that Judge Kozinski filed a misconduct complaint against himself. *See* Complaint, Docket No. 1, at ¶15.  Second, judicial misconduct complaints are not "authoritatively adjudicating private rights."  Accordingly, they do not meet the definition in *Atkinson-Baker,* which is binding on this Court.

20

21

22

23

24

25

26

27

Judicial misconduct proceedings are, rather, "involved in supervising court employees and overseeing the efficient operation of a court."  In particular, the Judicial Council in exercising its power is supervising judges, who are employees of the federal court system.  More important, the Judicial Conduct and Disability Act only addresses misconduct which is "prejudicial to the effective and expeditious administration of the business of the courts".  28 U.S.C. §351.  This limitation places much personal misconduct outside the 1980 act.  By its explicit terms, the sole purpose of the exercise of the Judicial Council's powers is "overseeing the efficient operation of the a court".

28

1    Thus under *Atkinson-Baker*, cited by this Court, and the United States Supreme Court's

2  decisions in *Forrester v. White*, 484 U.S. 219 (1988) and *Antoine v. Byers & Anderson, Inc.,* 508

3  U.S. 429 (1993), Judicial Council proceedings related to judicial misconduct are related to the

4  "operation of the court" and not the business of judges.

5    It should be noted that *Forrester* supersedes and overrules all of the case law which defines

6  judicial acts as those "normally performed by judges."  Supervision of courts and discipline of

7  court employees are functions only judges perform, but they are not judicial acts.

8    The Court's citations to the contrary cannot overcome the double barrels of United States

9  Supreme Court and Ninth Circuit authority. The only Ninth Circuit authority relied upon in its

10  discussion of this issue is *Moore v. Brewster,* 96 F.3d 1240 (9th Cir. 1996), which this Court

11  quotes for the proposition that there is immunity "from claims that bond release "constituted a Due

12  Process violation, civil conspiracy, fraud, and intentional infliction of emotional distress".

13  However, a bond release matter directly falls within the definition of an adjudication of private

14  rights.

15    The Court also makes the point that "courts have likewise found that courts considering

16  disciplinary measures for attorneys qualify for absolute immunity."  April 9, 2021 Order at 15-17.

17  That's completely correct, but it disproves the point this Court thinks it is making; when federal

18  judges  act in attorney discipline matters, they are acting in their capacity AS A COURT.  *See, e.g.*

19  C.D. CA L.R. 83-3.2 (local rules for attorney discipline by United States District Court for Central

20  District); Ninth Circuit Rule 46-2 (Rule of the Ninth Circuit COURT OF APPEAL regarding

21  attorney discipline).  When federal court or state court decides an attorney discipline matter, it is

22  "authoritatively adjudicating private rights", that is to say, the right of a private citizen to practice

23  law.  Indeed, this Court's argument blows up in its face.  A Ninth Circuit judge is only authorized

24  to impose attorney discipline in his or her capacity as a member of the Court; the Judicial Council

25  has no role in the attorney discipline process, as clearly set forth in the Ninth Circuit's own rules.

26

27

28

-18-

**H.     The Court's Contention that Plaintiff Did Not Explain Why he Filed the Case in 2010 is False.**

The Court states that "Sanai does not adequately explain the delay in seeking review and relief relating to the 2010 Order and the actions leading up to the 2010 Order."  That's false.  There were two reasons.

The statute did not start running until after all relevant proceedings were completed.  See Opposition at 50, at 26:22-28:18.  The first relevant proceedings were the State Bar Court action.  Though the State Bar Court never reached the merits of the 2010 Order, this was not for-ordained.  Had the Defendants co-operated, the State Bar Court would have had to decide whether Plaintiff's conduct was frivolous or not.  However, because the Defendants refused to provide any support for the Bar Complaint, Plaintiff won after the Bar rested.  *See* Complaint, Docket No. 1 at ¶¶70-71.

In addition, Defendant's reply in support of its Motion to Dismiss argued, for the first time, that administrative exhaustion has not been completed.  Plaintiff pointed out in his reply in support of the motion for leave to amend that this meant the statute of limitations had not any cause of action except Cause 6 (which started to run when the State Bar abjured its appeal of Plaintiff's win).  The Court took this argument, which directly answered the question of why Plaintiff took so long, refused to read it, and threated Plaintiff with sanctions if he raised it again.  April 9, 2021 Order, Docket No. 72 at 15, fn 16.

## IV.     CONCLUSION

The Court took five months to produce an order that copies and pastes manifestly false statement of fact from the Defendants' papers; demonstrates a persistent refusal to read the entire complaint; threatens Plaintiff with sanctions and excludes his arguments filed in a reply memorandum supporting his motion for leave to amend that responded to arguments incorporated by reference in Defendant's reply, as he had a right to do; contends that Plaintiff failed to address

an issue that was the subject of his reply that triggered the sanction threat; and takes legal positions at odds with the binding authority it cites, such as *Atkinson-Baker, supra.*

The backdrop of these failures would suggest to any reasonable mind that the Court lacks impartiality in this manner arising from the fact, among others, that the Defendants are colleagues on the bench.  This Court was asked to make specific disclosures about Judge Rogers' relationship to the Defendant.  Docket No. 8.  The order was denied. Docket No. 27.  Plaintiff requested 50 pages in opposition.  Docket No. 41.  He was granted 32 pages, which he used completely.  The Court denied oral argument, despite the issues not having been fully briefed and the Court having failed to read the Complaint, Plaintiff's motion, or even the case law it cites, particularly *Atkinson-Baker, supra.*  These issues will be addressed in a separate motion.  But at this time, the Court must grant leave to file a motion for reconsideration and refrain from entering  a judgment (which would have to be  WITHOUT PREJUDICE if the Court was were correct in its analysis, which it is not, as it finds it lacked jurisdiction).

Dated:  April 12, 2021

By:  _____     /s/ Cyrus Sanai_____
                    CYRUS SANAI
                    Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS OF MEMORANDUM OF POINTS AND AUTHORITIES AND EXHIBITS

I.     PLAINTIFF MAY FILE A MOTION FOR RECONSIDERATION OF THE APRIL 9, 2021 ORDER ................................................................................................................. 3

II.     PLAINTIFF HAS FILED THIS MOTION WITH REASONABLE DILIGENCE ............. 4

III.     RECONSIDERATION IS REQUIRED UNDER LOCAL RULE 7-9(b)(3) ...................... 4

    A.    The Court Failed to Consider Material Facts or Dispositive Legal Arguments................... 4

    B.    The Court Failed to Consider the Allegations that the State Bar Court Dismissed the Judicial Council's Complaint Against Sanai with Prejudice......................................................... 4

    C.    The Court Explicitly Stated that it Did Not Consider All of Plaintiff's Arguments. ........... 8

    D.    The Court Failed to Acknowledge Or Address The Fact That Plaintiff Attacks the Judicial Conduct and Disability Act on a Facial Basis............................................................................ 12

    E.    The Court Failed to Acknowledge The Fact that the Elements of Count 6 Do Not Involve the Censure Order and Do Not Involve Review of the Correctness of the Order....................... 14

    F.    The Court Failed to Acknowledge The Dispositive Legal and Factual Arguments That Judicial Acts Were Not Involved. ............................................................................................. 16

IV.     CONCLUSION ............................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Comm. on Judicial Conduct & Disability,*
  165 F. Supp. 3d 911 (N.D. Cal. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14, 19

*Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429 (1993) . . . . . . . . . . . . . . . . . . . . . . 19

*Atkinson-Baker & Assocs., Inc. v. Kolts,* 7 F.3d 1452 (9th Cir. 1993) . . . . . . . . . . . . 18, 22

*Broadrick v. Oklahoma,* 413 U.S. 601 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Carvalho v. Equifax Information Services LLC,* 629 F.3d 876 (9th Cir. 2010) . . . . . . . . . . . 13

*DiLeo v. Ernst & Young,* 901 F.2d 624 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Forrester v. White,* 484 U.S. 219 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders,*
  264 F.3d 52 (D.C. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Moore v. Brewster,* 96 F.3d 1240 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Mullis v. U.S. Bankr. Court for Dist. of Nevada,* 828 F.2d 1385 (9th Cir. 1987) . . . . . . . . . 18

**Statutes**

28 U.S.C. §351 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**Rules**

C.D. CA L.R. 83-3.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Fed. R. Civ. P. 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. Civ. P. 25 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

L.R. 7-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

L.R. 7-9(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

L.R. 7-9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

L.R. 7-9(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

L.R. 7-9(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28