1   Cyrus M. Sanai, SB#150387
    SANAIS
2   9440 Santa Monica Boulevard, Suite 301
    Beverly Hills, California, 90210
3   Telephone: (310) 717-9840
    cyrus@sanaislaw.com
4

5

6

7

8         UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
                                    CALIFORNIA
9

10  CYRUS SANAI, an individual,              )  Case No.  19-CV-08162-YGR
                                             )
11                          Plaintiff,       )  **REQUEST FOR JUDICIAL
                  vs.                        )  NOTICE**
12                                           )
    ALEX KOZINSKI, in his personal           )  Complaint Filed:   December 17, 2019
13  capacity; CATHY CATTERSON, in her        )
    personal capacity; THE JUDICIAL          )
14  COUNCIL OF THE NINTH CIRCUIT,            )
    an administrative agency of the United   )
15  States; MOLLY DWYER, in her              )
    official capacity; SIDNEY THOMAS,        )
16  in his official and personal capacities;  )
    PROCTOR HUG JR., in his personal         )
17  capacity; M. MARGARET                    )
    MCKEOWN, in her personal capacity;       )
18  RONALD M. GOULD, in his personal         )
    capacity; JOHNNIE B. RAWLINSON,          )
19  in her personal capacity; AUDREY B.      )
    COLLINS, in her personal capacity;        )
20  IRMA E. GONZALEZ, in her personal        )
    capacity; ROGER L. HUNT, in his          )
21  personal capacity; TERRY J. HATTER       )
    JR., in his personal capacity;  ROBERT   )
22  H. WHALEY, in his personal capacity;     )
    THE JUDICIAL COUNCIL OF                  )
23  CALIFORNIA, an administrative            )
    agency of the State of California; and    )
24  DOES 1-10, individuals and entities      )
    whose identities and capacities are       )
25  unknown;                                 )

26  Defendants.

27

28
                                        -1-

TO ALL THE CLERK OF THE COURT

Plaintiff Cyrus Sanai hereby requests this Court to take judicial notice of the following documents and judicially notice facts:

1. The order of the California State Bar Court in *In Re Sanai,* entered on February 6, 2015, attached hereto as Exhibit 1.

2. The Order of the California State Bar Court in *In Re Sanai,* entered on March 20, 2015, attached hereto as Exhibit 2.

3. The fact that in Cyrus Sanai's Complaint in this action, he accurately quotes a portion of the February 6, 2015 order at Paragraph 70 of the Complaint, showing that the count arising from the complaint filed with the State Bar against Cyrus Sanai at the order of the Judicial Council was dismissed with prejudice.

4. The fact that in Cyrus Sanai's Complaint in this action, Docket No. 1 (the "Complaint"), he accurately quotes a portion of the March 20, 2015 order at Paragraph 71 of the Complaint, showing that the count arising from the complaint filed with the State Bar against Cyrus Sanai at the order of the Judicial Council was dismissed with prejudice.

5. The fact that the Defendants' Motion to Dismiss, Docket No. 36, at 14:8-11 states that:

> "The State Bar apparently filed such charges in 2014, and, according to Plaintiff, all but one of the charges—a charge related to Plaintiff's filing of judicial misconduct complaints—were dismissed."

6. The fact that the Defendants' statement quoted in paragraph 5 above ("Defendants' Statement") above is false.

7. The fact that the Defendants' Statement was relied upon by the Judge Rogers when she found in her April 9, 2021 Order, Docket No. 72 at 6:1-3 as follows:

> The State Bar apparently filed such charges in 2014, and, according to Sanai, **all but one of the charges, a charge related to Sanai's filing of judicial misconduct complaints, were dismissed.**

8. The fact that the Defendants' statement quoted in paragraph 7 above ("Judge Rogers' Statement") is false.

9.  The fact that the falsity of both Defendants' Statement and Judge Rogers' Statement was brought to Judge Rogers' attention in a motion for leave to file a motion for reconsideration, Docket No. 73.

10. The fact that the Court stated in its order denying the motion for leave to file a motion for reconsideration, Docket No. 75  that "While the Court's summary of the background section is consistent with that of the defendants' background proffered in their briefing, it is an accurate and relevant summary…."

11. The fact that Judge Rogers Statement, part of "summary of the background section" is not accurate.



By: _____/s/ Cyrus Sanai_____
                CYRUS SANAI
                Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  THE REQUEST FOR JUDICIAL NOTICE

Plaintiff Cyrus Sanai requests judicial notice of the following documents and facts:

1. The Order of the California State Bar Court in *In Re Sanai,* entered on February 6, 2015, a true and correct copy of which is attached as Exhibit 1 hereto.

2. The Order of the California State Bar Court in *In Re Sanai,* entered on March 20, 2015, a true and correct copy of which is attached as Exhibit 2 hereto.

3. The fact that in Cyrus Sanai's Complaint in this action, he accurately quotes a portion of the February 6, 2015 order at Paragraph 70 of the Complaint, showing that the count arising from the complaint filed with the State Bar against Cyrus Sanai at the order of the Judicial Council was dismissed with prejudice.

4.  The fact that in Cyrus Sanai's Complaint in this action, Docket No. 1 (the "Complaint"), he accurately quotes a portion of the March 20, 2015 order at Paragraph 71 of the Complaint, showing that the count arising from the complaint filed with the State Bar against Cyrus Sanai at the order of the Judicial Council was dismissed with prejudice.

5.  The fact that the Defendants' Motion to Dismiss, Docket No. 36, at 14:8-11 states that:

> "The State Bar apparently filed such charges in 2014, and, according to Plaintiff, all but one of the charges—a charge related to Plaintiff's filing of judicial misconduct complaints—were dismissed."

6.  The fact that the Defendants' statement quoted in paragraph 5 above ("Defendants' Statement") above is false.

7.  The fact that the Defendants' Statement was relied upon by the Judge Rogers when she found in her April 9, 2021 Order, Docket No. 72 at 6:1-3 as follows:
> The State Bar apparently filed such charges in 2014, and, according to Sanai, **all but one of the charges, a charge related to Sanai's filing of judicial misconduct complaints, were dismissed.**

8.  The fact that the Defendants' statement quoted in paragraph 7 above ("Judge Rogers' Statement") is false.

9.  The fact that the falsity of both Defendants' Statement and Judge Rogers' Statement was brought to Judge Rogers' attention in a motion for leave to file a motion for reconsideration, Docket No. 73.

10. The fact that the Court stated in its order denying the motion for leave to file a motion for reconsideration, Docket No. 75  that "While the Court's summary of the background section is consistent with that of the defendants' background proffered in their briefing, it is an accurate and relevant summary…."

11. The fact that Judge Rogers Statement, part of "summary of the background section" is not accurate.

## II.      THE SCOPE OF JUDICIAL NOTICE

Federal Courts may grant judicial notice of the existence of documents filed in this Court and other courts, and grant judicial notice of facts determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 18 201(b)(2); see also April 9, 2021 Order at Docket No. 72 ("The Court "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. Moreover, documents not attached to a complaint maybe considered if no party questions their authenticity and the complaint relies on those documents." *Harris v. Cty. of Orange,* 682 F.3d 1126, 1132 (9th Cir. 2012) (citations omitted)") On a motion to dismiss for failure to state a claim, a court likewise "may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading"' and may "treat such a document as part of the complaint, and thus . . . assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 23 1160 (9th Cir. 2012) (alteration in original; quotation marks omitted); *see also, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

MEMORANDUM OF POINTS AND AUTHORITIES

1

2   **III.    JUDICIAL NOTICE IS RELEVANT TO THE MOTION FOR RECUSAL FILED
        HEREWITH AND FUTURE MOTIONS**

3

4          The purpose of this motion for judicial notice is to force this Court to acknowledge that

5   Judge Rogers' statement is false.   This is relevant because Judge Rogers' Statement was

6   plagiarized from the Defendants' Statement, and the fact of this plagiarism, combined with the

7   fact both statements are manifestly false are grounds for this Court's recusal and for vacatur and

8   reversal of the April 9, 2021 Order, Docket No. 72, as discussed in the motion filed herewith and

9   motions to be filed in the next fortnight.

10  **II.    CONCLUSION**

11         This Court should grant judicial notice of the documents and facts requested above.

12  Dated:  April 21, 2021

13

14  By:  _____/s/ Cyrus Sanai_____

15         CYRUS SANAI
            Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

1
2

**DECLARATION OF CYRUS SANAI**

3

Cyrus Sanai hereby declares as follows:

4
5

    1.      I am an attorney admitted in the state of California, and have been so admitted since 1990.  The following facts are taken from personal knowledge, except where so indicated.

6
7

    2.      Attached hereto as Exhibit 1 is a true and correct copy of the order of the California State Bar Court in *In Re Sanai,* entered on February 6, 2015.

8
9

    3.      Attached hereto as Exhibit 1 is a true and correct copy of the order of the California State Bar Court in *In Re Sanai,* entered on March 20, 2015.

10
11
12

I declare, under penalty of perjury of the law of the United States that the foregoing is true and correct.

13

Dated April 21, 2021  in Santa Monica, California

14

/s/ Cyrus Sanai

15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF CYRUS SANAI

EXHIBIT 1

| STATE BAR COURT OF CALIFORNIA | FOR CLERK'S USE ONLY: |
|---|---|
| **HEARING DEPARTMENT**<br><br>845 S. Figueroa Street, 3rd Floor<br>Los Angeles, CA 90017-2515 | **FILED**<br><br>FEB -6 2015<br><br>STATE BAR COURT<br>CLERK'S OFFICE<br>LOS ANGELES |
| In the Matter of:<br><br>**CYRUS M. SANAI,**<br><br>**Member No. 150387,**<br><br>A Member of the State Bar | Case Nos:   10-O-09221, 12-O-10457-DFM<br><br>**ORDERS RE RESPONDENT'S MOTIONS TO DISMISS** |

On October 17, 2014, in anticipation of the conclusion of the State Bar's case-in-chief during the trial of this matter, Respondent filed motions to dismiss all nine of the counts currently pending against him. (Rules Proc. State Bar, rules 5.110 and 5.124(E).)

On October 24, 2014, the State Bar filed an "omnibus" opposition to the motions.

Rule 5.110 provides:

> (A)   Motion on Failure to Meet Burden of Proof.  During a trial, after the party with the burden of proof has rested and before the proceeding is submitted to the Court, the opposing party may make a motion for a determination that the party with the burden of proof has failed to meet its burden, or the Court may make the motion itself and give the parties an opportunity to argue the issue. If the allegations are severable, the Court may dismiss some but not all of them. The Court must consider and weigh all the evidence introduced and determine credibility.

> (B)   Denial of Motion.  If the motion is denied, the moving party may offer evidence to the same extent as if the motion had not been made.

> (C)   Grant of Motion. If the motion is granted, the Court's decision must include findings of fact and conclusions of law.

Rule 5.124(E) provides:

> (E)   Motion to Dismiss for Failure to State a Disciplinable Offense. A motion to dismiss for failure of the initial pleading to state a disciplinable offense may be made at any time before the Court finds culpability.

Having considered the arguments of counsel, the voluminous evidentiary record, and the allegations of the Notice of Disciplinary Charges in this matter, the court concludes as follows:

1

### *Count 1:*

Respondent argues that the State Bar has failed to provide sufficient evidence to establish that he violated an order of the U.S. District Court for the Central District of Washington by filing a lis pendens on May 18, 2005, and that such act constituted an act of moral turpitude.

This court disagrees.  The federal court in Washington issued an order on October 1, 2003, ordering Respondent, a party in that case, not to file or record any lis pendens affecting the former family home without prior approval by that court.  Respondent was present at the hearing when this order was argued and issued, and he was aware of and subject to the order.  Notwithstanding those facts, on May 18, 2005, he filed with the Snohomish County Auditor a lis pendens (titled a "Notice of Pending Cases") on the former family home without prior court approval.  (Ex. 7.)  This lis pendens, *inter alia*, refers to the action pending in federal court and includes the following warning to the prospective purchasers: "Any person who acquires or who intends to acquire an interest in the real property is hereby put on notice of the existence of the above referenced proceeding and the potential elimination of any interest obtained by virtue of such proceedings."

The timing of Respondent's filing of this lis pendens provides strong evidence that the purpose of the filing was to stop the sale of the family home, which was then scheduled to close escrow within a short time thereafter.  Also supporting this conclusion is Respondent's sending of a letter to the prospective purchasers on April 30, 2005, in which he purported to provide them with "actual notice" that the outcome of two pending federal lawsuits "will directly affect the validity of any title you purport to require [sic] to the property identified as 8711 Talbot Road, Edmonds WA."  (Ex. 42.)

Respondent's motion to dismiss Count 1 is DENIED.

### *Count 2:*

In this count, the State Bar alleges that Respondent failed to timely report a sanction order of the U.S. District Court, issued on or about July 1, 2005.

There is no contention made by Respondent in his motion that the State Bar's evidence does not show that he failed to timely report the sanctions that were ordered at that time.  Instead, Respondent argues that this count must be dismissed because, "It is OCTC's burden of proof to show that the disciplinary proceedings were initiated in a timely fashion."

Rule 5.21 of the Rules of Procedure of the State Bar provides, "If a disciplinary proceeding is based <u>solely</u> on a complainant's allegations of a violation of the State Bar Act or Rules of Professional Conduct, the proceeding must begin within five years from the date of the violation." (Emphasis added.)  The rule is further explicit in stating, "The five-year limit does not apply to disciplinary proceedings that were investigated and initiated by the State Bar based on information received from an independent source other than the complainant."

2

The burden of establishing this "statute of limitations" defense is on the Respondent. (Evid. Code, § 500; *In the Matter of Wolff* (Review Dept. 2006) 5 Cal. State Bar Ct. Rptr. 1, 9.[1]) While the evidence is undisputed that the instant proceeding was commenced more than five years after the above sanctions order was issued and after the time to report those sanctions had elapsed, the evidence does not establish that the filing of this action was "based solely on a complainant's allegations" as required by rule 5.21. Instead, as stated by the Review Department of this court in its published *Wolff* decision, the five-year limitations period does not apply to "a disciplinary proceeding initiated by the State Bar on the basis of information received from a source independent of a time-barred complainant." (*Id.* at p. 9, fn. 15.) In that case, like here, the disciplinary action was based on a sanctions order issued a court of record.

Respondent's motion to dismiss Count 2 is DENIED.

### *Count 3:*

In this count, the State Bar alleges that Respondent failed to timely report a sanctions order of the U.S. District Court, issued on or about March 10, 2005.

There is no contention made by Respondent in his motion that the State Bar's evidence does not show that he failed to timely report the sanctions that were ordered at that time. Instead, Respondent argues that this count must be dismissed because "It is OCTC's burden of proof to show that the disciplinary proceedings were initiated in a timely fashion."

For all of the same reasons discussed with regard to Count 2, above, this motion to dismiss Count 3 is DENIED.

### *Count 4:*

In this count, the State Bar alleges that Respondent failed to timely report a sanctions order of the U.S. District Court, issued on or about October 4, 2004.

There is no contention made by Respondent in his motion that the State Bar's evidence does not show that he failed to timely report the sanctions that were ordered at that time. Instead, Respondent argues that this count must be dismissed because "It is OCTC's burden of proof to show that the disciplinary proceedings were initiated in a timely fashion."

For all of the same reasons discussed with regard to Count 2, above, this motion to dismiss Count 4 is DENIED.

### *Count 5:*

In this count, the State Bar alleges that Respondent failed to timely report a sanctions order of the U.S. District Court, issued on or about November 4, 2005.

---

[1] The State Bar's statement in its opposition to the motion to dismiss that this decision is unpublished is incorrect.)

There is no contention made by Respondent in his motion that the State Bar's evidence does not show that he failed to timely report the sanctions that were ordered at that time. Instead, Respondent argues that this count must be dismissed because "It is OCTC's burden of proof to show that the disciplinary proceedings were initiated in a timely fashion."

For all of the same reasons discussed with regard to Count 2, above, this motion to dismiss Count 3 is DENIED.

### *Count 6:*

In this count the State Bar alleges that between October 2008 and September 2010, Respondent "filed and maintained formal judicial complaints with the Ninth Circuit Judicial Council against approximately 19 federal judges, when such complaint were frivolous and made for improper reasons . . . ." It alleges that the filing of these complaints constituted acts of moral turpitude.

In his motion, Respondent argues that the evidence received by this court is insufficient to establish clear and convincing evidence to support this count.

The State Bar did not put in evidence the complaints actually filed by Respondent against the federal judges. In response to this court's inquiry, it was informed by the State Bar that it was unable to do so due to the Ninth Circuit's refusal to provide those complaints to the State Bar.

Being unable even to read the complaints filed by Respondent, this court cannot conclude that any of those complaints were filed frivolously or constituted an act of moral turpitude. To the extent that this court is aware of the content of one of those complaints, the record shows that it was apparently justified and resulted in a formal apology by the judge and a self-administered recusal by him from the pending matter involving Respondent.

This count is DISMISSED WITH PREJUDICE.

### *Count 7:*

In this count, the State Bar alleges that Respondent failed to timely report a sanctions order of the U.S. District Court issued, on or about September 6, 2007.

There is no contention made by Respondent in his motion that the State Bar's evidence does not show that he failed to timely report the sanctions that were ordered at that time. Instead, Respondent argues that this count must be dismissed because "It is OCTC's burden of proof to show that the disciplinary proceedings were initiated in a timely fashion." For all of the same reasons discussed with regard to Count 2, above, that contention is rejected.

Respondent also argues that he had no duty to report the court's order because it was not an award of "sanctions" for which reporting is required by Business and Professions Code section 6068, subdivision (o)(3). This court disagrees.

The scope of the reporting obligation under section 6068, subdivision (o)(3), is not limited to orders issued under authority of statutes or rules having the precise word "sanction" contained

4

therein.  Instead, the duty includes order issued pursuant to statutes and rules (and possibly other sources of authority) which are used for the purpose of punishing bad faith conduct.

This interpretation of the scope of section 6068, subdivision (o)(3), is consistent with the treatment by the California courts of orders issued under other statutes (see, e.g., *Young v. Rosenthal* (1989) 212 Cal. App. 3d 96, 130-138 [order issued under Code of Civil Procedure section 907[2] characterized and treated as "sanction"]), and it is supported by prior decisions of this court. (See *In the Matter of Respondent Y* (Review Dept. 1998) 3 Cal. State Bar Ct. Rptr. 862, 866 [interpreting section 6068, subdivision (o)(3), to require report to be made within 30 days after order issued, even though order is not final and is being appealed].[3]

The order issued by the trial judge here was issued pursuant to 15 U.S.C. 1681n, which provides in pertinent part: "Upon a finding by the Court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for the purpose of harassment, the Court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion or other paper."  In that court's decision, the court noted that the statute reflected "the legitimate substantive federal statutory policy of punishing bad faith conduct made in connection with actions under Section 1681." (Ex. 48, p. 3.)  The court then awarded attorneys pursuant to that statute based on its finding that Respondent's prosecution of the action had been "malicious" and "in bad faith and with the purpose of harassment." (*Id.* at pp. 3-4.)

Respondent's motion to dismiss Count 7 is DENIED.

### *Count 8:*

In this count the State Bar alleges that Respondent encouraged the continuance of an action from a corrupt motive of passion or interest by filing an Abstract  of Judgment in the amount of $143,469.95, with the Los Angeles County Recorder's Office, when he knew he had no basis to do so and did so with a corrupt motive of passion or interest and to inflict harm on the defendants in that proceeding, in willful violation of Business and Professions Code section 6068, subdivision (g).

The evidence received by this court is sufficient to sustain a finding that Respondent's actions in filing the Abstract of Judgment constituted a willful violation of section 6068, subdivision (g).  This conduct by Respondent was an unjustified continuation of his previously efforts to obtain $137,000 in attorney's fees.  Those actions began with his filing of a memorandum of costs on April 17, 2006, discussed more fully below, prior to any judgment having been entered by the court and without having sought any court order awarding him attorney's fees.  After the court entered and then vacated its order of May 11, 2006, disapproving

---

[2] Similar to 15 U.S.C. 1681n, section 907 of the Code of Civil Procedure provides, "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just."

[3] "We hold that the purpose of section 6068, subdivision (o)(3) is to inform the State Bar promptly of events which could warrant disciplinary investigation.  Depending on the facts, any such investigation might not even focus primarily on the sanction itself, but on the conduct preceding or surrounding a sanctions order."

and striking that memorandum of costs, the defendants filed a written motion to have the memorandum of costs stricken, resulting in the court entering an order on July 31, 2006, striking the memorandum of costs. In that order, the court was explicit in stating that Respondent was not entitled to any award of attorney's fees because he had not first sought them through a noticed motion. (Ex. 22.)

Despite that court's written order on July 31, 2006, Respondent proceeded on October 18, 2006 to secure from the court clerk an abstract of judgment and then file that abstract of judgment with the Recorder's Office on October 20, 2006, purporting to show that he held a judgment against The Irvine Company and the other defendants in the amount of $143,469.95 (which was based almost entirely on his previously-disapproved claimed entitlement to $137,000 of attorney's fees). (Ex. 23.) This recorded instrument then created for months an obstacle to those defendants closing various business transactions while the purported "judgment" remained outstanding and unsatisfied.

To remove this impediment to their businesses, the defendants were required by Respondent to file a motion to have the recorded abstract invalidated. The resolution on that motion was delayed by Respondent's unsuccessful challenges to the judge and was not heard until March 2007, at which time the court granted relief from the recorded abstract.

Respondent alleges that the count should be dismissed because the evidence does not provide clear and convincing evidence of the continuation by him of "an action or proceeding from any corrupt motive of passion or interest." More specifically, he argues that a violation of section 6068, subdivision (g), requires "the filing and continuance of a meritless 'action', that is to say 'lawsuit,' and not the filing a specific document therein which is divorced from the merits of the action." (Motion, p. 4.)

This contention lacks merit. Section 6068, subdivision (g), enjoins the "commencement or the continuance of an action or proceeding from any corrupt motive of passion or interest." The use of the disjunctive "or" in that prohibition makes clear that the commencement of an improper action is not a prerequisite to this court finding a violation of the statute based on subsequent conduct, resulting from corrupt motive of passion or interest, seeking to continue the action.

Respondent's motion to dismiss Count 8 is DENIED.

### *Count 9:*

In this count the State Bar alleges, "On or about April 17, 2006, Respondent filed a Memorandum of Costs in *Sanai v. Saltz*, et al., Los Angeles County Superior Court case no. BC235671, listing names of individuals upon an accompanying service list whom Respondent claimed were agents of process for corporate defendants who had been served when he knew, or was grossly negligent in not knowing, that such individuals in fact had not been served on behalf of the corporate defendants, and thereby Respondent committed an act or acts involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code, section 6106." [sic]

Respondent contends in is motion that the State Bar has failed to present clear and convincing evidence supporting this count. This court agrees.

There is no evidence that, when the Memorandum of Costs was filed on April 17, 2006, it included a service list "listing names of individuals upon an accompanying service list whom Respondent claimed were agents of process for corporate defendants who had been served." Instead, the evidence is uncontradicted that the proof of service filed by Respondent with the Memorandum of Costs on April 17, 2006, stated that the memorandum had been addressed and mailed only to the corporate defendants' offices, with no designation of any individual at those offices to which the mail was to be delivered.[4]

The evidence offered by the State Bar in support of the above allegation relates to a contention by Respondent's opposing counsel in 2006 that Respondent, after the Memorandum of Costs had been filed, had made a notation on the previously-filed service list regarding the identity of the designated agents of those corporate defendants for service of process. However, it is undisputed that this notation was made by Respondent with the knowledge and consent of the court's clerk, in her presence, and at her request. This clerk was aware that Respondent, a party to the action, was not (and could not be) the person who had signed the proof of service under penalty of perjury, and there is no evidence that Respondent was claiming to modify the proof of service or that the clerk believed that Respondent's subsequent notation in any way modified the original proof of service.

The disputed issue at that time was whether the clerk had merely requested that Respondent write down the identity of the designated agents for service of process or whether she had asked Respondent to write down the names of the individuals who had actually been served. At an ex parte hearing on May 11, 2006, this clerk was called to testify regarding that issue. Prior to her being summoned to testify in 2006, comments by both the presiding judge and opposing counsel made clear that each had discussed with her the substance of her anticipated testimony. (Ex. 29, pp. 5-6; cf. p. 11, line 26.)[5] During her testimony, her answers were equivocal, including acknowledging on cross-examination that her memory of the event (which had happened less than three days before) was poor and that she did not remember exactly the reason she had given Respondent for asking him to write down the names of the designated agents for service of process. (Ex. 29, pp. 25-26, 44.)

This same clerk was called as a witness by the State Bar during the trial of this matter. Although she had been provided with a copy of her prior testimony, and had affirmed its content as correct for the State Bar in January 2014, when she was called as a witness in this proceeding in August 2014, she testified that she could not identify Respondent, has no recollection of the disputed memorandum of costs, and has absolutely no recollection of discussing the matter with

---

[4] This failure to address the letter to individuals authorized to accept service of process on behalf of the corporation greatly reduces the likelihood that the effort at service will be successful, but is not necessarily fatal. (See *Dill v. Berquist Construction Co.* (1994) 24 Cal. App. 4th 1426, 1437 [service is effective, even if the mailing is not addressed to an authorized agent, if it is actually received by such an agent].)

[5] Respondent contends that the clerk's testimony at that time was improperly influenced by the presiding judge for improper reasons, and he seeks in this proceeding to subpoena and question that judge as an adverse witness in this proceeding regarding his contact with the clerk prior to her testimony.

Respondent.[6] This purported lack of any memory by the witness was not credible, had the effect of eliminating any meaningful cross-examination by Respondent, and makes her prior testimony during the May 11, 2006 ex parte hearing even less convincing.

Also weakening the weight to be given the record of the May 11, 2006 hearing is the fact that it took place without Respondent having been given proper prior notice. Opposing counsel had given Respondent only telephonic notice of his intent to make an ex parte application <u>for an order shortening time</u> for a contemplated written motion seeking to strike the memorandum of costs. Opposing counsel had previously indicated to Respondent that this attack would be based on the absence of a judgment entered by the court prior to the filing of the memorandum of costs. Then, on May 11, 2006, when the court heard the ex parte matter, opposing counsel indicated that he had previously given notice, via a telephone message left on Respondent's phone, of his intent to seek on May 11 the actual order striking the memorandum of costs. Although Respondent objected at the hearing to this lack of notice, the court went forward to issue an order striking the memorandum of cost, based in part on the clerk's testimony. The court was then required to vacate that order on the following day, when Respondent was able to return to court and make a formal record of a copy of the recorded phone message, which was explicit in stating that the only stated purpose of the May 11 ex parte appearance was to seek an order shortening time.

Finally, the contention that Respondent was attempting to mislead the court or opposing counsel into believing that the designated agents for service of process had been served with the memorandum of costs is belied by Respondent's having filed and served a declaration, dated May 10, 2006, in which he provided the court and opposing counsel with a copy of the original proof of service; documentation that the memorandum of costs was served only by sending it by certified mail, addressed only to the corporation and not to any specific individual; and documentation that the individuals signing for the certified mail at the two corporate offices were both individuals other than the designated agents for service of process.

The evidence failing to present clear and convincing proof of the act of moral turpitude alleged in Count 9, that count is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: February 6, 2015

DONALD F. MILES
Judge of the State Bar Court

---

[6] The clerk also denied any memory of her contact with the trial court prior to her testifying in 2006, despite her review of the court's statement in the transcript that he had talked with her.

## CERTIFICATE OF SERVICE

[Rules Proc. of State Bar; Rule 5.27(B); Code Civ. Proc., § 1013a(4)]

I am a Case Administrator of the State Bar Court of California.  I am over the age of eighteen and not a party to the within proceeding.  Pursuant to standard court practice, in the City and County of  Los Angeles, on February 6, 2015, I deposited a true copy of the following document(s):

### ORDERS RE RESPONDENT'S MOTIONS TO DISMISS

in a sealed envelope for collection and mailing on that date as follows:

☒    by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at Los Angeles, California, addressed as follows:

**CYRUS M. SANAI**
**SANAIS**
**433 N CAMDEN DR STE 600**
**BEVERLY HILLS, CA   90210**

☒    by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

**BROOKE SCHAFER, Enforcement, Los Angeles**
**KEVIN BUCHER, Enforcement, Los Angeles**

I hereby certify that the foregoing is true and correct.  Executed in Los Angeles, California, on February 6, 2015.

Tammy Cleaver
Case Administrator
State Bar Court

# EXHIBIT 2

**FILED**

MAR 20 2015

STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

# STATE BAR COURT OF CALIFORNIA

## HEARING DEPARTMENT – LOS ANGELES

| | |
|---|---|
| In the Matter of<br><br>**CYRUS MARK SANAI,**<br><br>**Member No. 150387,**<br><br>A Member of the State Bar. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Nos.: **10-O-09221; 12-O-10457-DFM**<br><br>**ORDER GRANTING MOTIONS TO RECONSIDER DENIAL OF RESPONDENT'S MOTION TO DISMISS AND STATE BAR'S MOTION TO QUASH; DISMISSING COUNTS 1-5 AND 7; GRANTING MOTION TO QUASH SUBPOENAS RE NINTH CIRCUIT EMPLOYEES; AND ABATING RESOLUTION OF COUNT 8 AND RELATED MOTIONS TO QUASH PENDING RESOLUTION OF UNDERLYING CIVIL ACTION** |

The Notice of Disciplinary Charges (NDC) in these cases was filed by the Office of the

Chief Trial Counsel (State Bar) on January 7, 2014.  Counts 1-5 arise out of Respondent's

involvement as a party in litigation filed in the State of Washington; Count 6, which has now

been dismissed by this court, related to complaints filed by Respondent with the Judicial Council

of the Ninth Circuit against various judges of the Ninth Circuit; and Counts 7-9 arise out of

Respondent's involvement as a party in litigation still pending in the Los Angeles County

Superior Court.[1]  In those counts, Respondent is charged with misconduct occurring in April and

May 2005 (Count 1), July 2005 (Count 2), March 2005 (Count 3), October 2004 (Count 4),

---

[1] Count 9 has also now been dismissed by this court.

November 2005  (Count 5), October 2008 through September 2010 (Count 6), September 2007

(Count 7), October 2006 (Count 8), and April 2006  (Count 9).

At the conclusion of the State Bar's case-in-chief against Respondent, Respondent moved

to dismiss all of the nine counts pending against him, contending, inter alia, that the counts are

barred by the five-year rule of limitations set forth in rule 5.21(A) of the Rules of Procedure of

the State Bar of California, which provides:  "If a disciplinary proceeding is based solely on a

complainant's allegations of a violation of the State Bar Act or Rules of Professional Conduct,

the proceeding must begin within five years from the date of the violation."  In turn, the State

Bar defended its decision to file the charges in 2014, well more than five years after the alleged

misconduct, by invoking the provisions of rule 5.21(G), which provides:  "The five-year limit

does not apply to disciplinary proceedings that were investigated and initiated by the State Bar

based on information received from an independent source other than a complainant."

In response to Respondent's motion to dismiss, this court dismissed Counts 6 and 9 based

on the absence of clear and convincing evidence of the misconduct alleged in those counts.[2]  The

court, however, denied Respondent's motion to dismiss the remaining counts based on the five-

year rule of limitations of rule 5.21(A).  The court's decision to defer resolution of that issue was

based on *In the Matter of Wolff* (Review Dept. 2006) 5 Cal. State Bar Ct. Rptr. 1, which holds

that the respondent has the burden of proving application of the rule of limitations.  Since that

burden would suggest that the State Bar had no obligation during its case-in-chief to present

evidence regarding defenses to the apparent application and/or running of the rule of limitations,

but instead presumably could wait to present such evidence until after Respondent had presented

his evidence, this court concluded that resolution of the rule of limitations issue should be

deferred until after the State Bar had the opportunity and burden of presenting any evidence that

---

[2] No request has been made by the State Bar to reconsider those dismissals.

the proceedings were "were investigated and initiated by the State Bar based on information received from an independent source other than a complainant" or that there had been some tolling of the running of the rule of limitations.  Respondent has now filed a motion for reconsideration of this court's denial of that request for dismissal.

Related to the resolution of this rule of limitations issue is whether the State Bar may prevent discovery and/or disclosure of evidence regarding the nature and source of the information the State Bar received and relied on in filing the various counts against Respondent. Respondent has sought, during both pretrial discovery and trial, to require the State Bar to produce a substantial number of documents in its files regarding the history of the State Bar's receipt and handling of complaints and information regarding the events giving rise to the remaining counts, and he has subpoenaed as witnesses at trial the two State Bar employees, attorneys Joseph Carlucci and Brooke Schaeffer, who have been identified as the individuals most knowledgeable about the reasons for the State Bar's investigation and initiation of the pending charges.  In response to those efforts by Respondent, the State Bar has refused to produce the requested documents and witnesses, and it has filed a motion to quash the trial subpoenas.

On October 16, 2014, this court issued an order denying the State Bar's motion to quash Respondent's subpoenas requiring the production of State Bar documents and the appearance as witnesses of attorney Schaeffer.[3]  In that order this court concluded:

> In its motions to quash, the State Bar argues that the requested documents are confidential and protected attorney work product.  It is well-established that the party asserting such a privilege has the burden of establishing that privilege. (*Fellows v. Superior Court* (1980) 108 Cal.App.3d 55, 67; Brown and Weil, *Civil Procedure*

---

[3] In that order the court indicated that it was reserving the issue of whether to quash the subpoena requiring the attendance of Joseph Carlucci as a witness at trial until after the testimony of a designated State Bar witness regarding the procedural history of the matters was heard.  That testimony was received on October 21, 2014.

*Before Trial*, ¶ 8:192.)  In addition, rule 5.65(I) provides that
"When a party withholds information otherwise discoverable under
these rules by claiming that it is privileged or otherwise protected,
the party must make the claim expressly and must describe the
nature of the documents, communications, or things not produced
or disclosed in a manner that, without revealing information itself
privileges, will enable the other party to assess the applicability of
the privilege or protection."[4]  The State Bar has done neither.  The
motions and their supporting declarations do not contain express
claims of privilege or other protection; nor do they describe the
nature of the documents, communications or things not produced
or disclosed "in a manner that, without revealing information itself
privileged or protected, will enable the other party to assess the
applicability of the privilege or protection." (Rule 5.65(I)(2).)  The
motions do not attempt to provide a privilege log that complies
with rule 5.65(I)(2).  The supporting declarations are vague and
general[5] and based on "information and belief" about the contents
of the files and the genesis of the investigations.  In sum, there is
no factual basis for this court to make a preliminary finding that
any of the documents are protected by the attorney work product
rule.

       The State Bar also asserts that all of its files are
confidential pursuant to rule 2301, which states that, except as
otherwise provided by law or the Rules of Procedure, its files and
records are confidential.  This broad rule is applicable to the State
Bar's files prior to its filing of charges against a member.
However, where charges have been filed, due process and the
provisions of the Rules of Procedure, including rule 5.65(I), make
clear that the member is entitled to have access to documents that
are exculpatory.  This is especially true where the State Bar has
called one of its own employees to testify regarding its lack of
prior knowledge of certain facts from the member.

       The list of documents attached to each subpoena sets forth
items that may shed light on the genesis of the initial and any
subsequent complaints against Respondent; their nature, scope and
resolution, if any; and the timing of those events.  These
documents may be relevant in assessing whether any of the
pending charges are time-barred.  There is no other way for
Respondent to obtain this information and defend on this basis.

---

[4] *Rule 5.65(I) also provides in pertinent part that* "Statements of any witness interviewed by the
deputy trial counsel, … are not protected as work product." [Footnote in original order]
[5] *For example,* "Also, many communications between members  of State Bar staff have been
withheld as privileged.  To the best of my information and belief, none of these contain
otherwise discoverable witness interviews." (Bucher declarations, page 6, paragraph 9.)
[Footnote in original order]

While that order required the State Bar to produce documents on October 20, 2014, the State Bar filed a motion for reconsideration of the above order, and compliance was subsequently stayed by this court pending its receipt of the scheduled State Bar testimony, resolution of Respondent's motions to dismiss, and resolution of the State Bar's motion for reconsideration.

On October 27, 2014, Respondent filed an opposition to the motion for reconsideration. On October 28, 2014, the State Bar filed a reply to the opposition. On October 29, 2014, Respondent filed a request to strike the State Bar's reply or, in the alternative, a sur-reply to the reply.[6]

On October 21, 2014, the State Bar called a State Bar investigator to testify regarding the history of the complaints and investigations leading up to the filing of the NDC in 2014. However, this investigator was not assigned to work on these matters until 2011. His only knowledge of the history of the State Bar's first awareness of the matters giving rise to the alleged misconduct being pursued in the pending NDC is based on his review of the State Bar's files, including documents that are the subject of the pending subpoenas. Although he was requested during the morning of his testimony to bring the files he had reviewed to court during his continued testimony that afternoon, he did not do so.

Documents previously provided by the State Bar to Respondent, coupled with the investigator's testimony at trial, make clear that the State Bar was made aware in August 2005 of complaints regarding Respondent's alleged misconduct in the Washington litigation, when Respondent's opposing counsel in that Washington litigation, William Gibb, forwarded information regarding that alleged misconduct to Frederick Bennett (Bennett), court counsel for the Los Angeles County Superior Court, for the stated purpose of having Bennett report that

---

[6] The court exercises its discretion to receive both the reply and the sur-reply. The request to strike the reply is denied.

- 5 -

information to the State Bar. Bennett then forwarded that information to the State Bar. In the course of Bennett's complaining to the State Bar, he indicated that he was then acting as "counsel of record for Judge Grimes" - to whom Respondent had apparently written a letter after Judge Grimes had been removed by the appellate court from presiding further over the matter in which Respondent was a party. Bennett complained to the State Bar that Respondent's letter to his client violated various rules of professional conduct. (See Exs. 60, 1045.) Respondent now argues in this proceeding that Bennett's real motivation for his complaints to the State Bar was retaliation for Respondent testifying in opposition to the elevation of Judge Grimes to the appellate bench.

The information provided to the State Bar by Bennett was initially handled in case No. 05-O-3430 (the '05 case). Thereafter, an additional complaint regarding Respondent's activities in the Washington litigation was received by the State Bar in April 2006 from an employee of the Washington State Bar. This individual provided the State Bar with copies of the sanction orders underlying counts 2, 4, and 5 of the pending NDC as well as information underlying counts 1 and 3. (Ex. 64.) The State Bar then opened case No. 06-O-12214 (the '06 case) and contacted Respondent in October 2006 regarding the sanction orders and his other actions in the Washington proceeding. (Ex. 65.) At that time, Respondent confirmed the prior issuance of the orders underlying counts 2-5. At some time thereafter, both the '05 and '06 cases were closed. The State Bar's witness during the trial of the instant matter was not able to identify who made the decision to close the cases or precisely when they were closed.

At some point in 2008, a new case, case No. 08-O-13372 (the '08 case), was opened. The State Bar witness testified that this new case was based on the '05 case and was opened within a few months after the '05 case was closed at the recommendation of the attorney who had closed the '05 case. The witness, however, did not identify who that attorney was. What

- 6 -

prompted the matter to be re-opened, albeit under a different case number, was not explained.

Respondent was then contacted in 2009 about the conduct underlying counts 7 and 9, and the '08 case was then closed. The State Bar's witness stated that a number of attorneys worked on the '08 investigation, but he could not identify the specific individual who had closed the file.

In 2010, a complaint was made to the State Bar by the Judicial Council of the Ninth Circuit regarding Respondent's purportedly frivolous complaints to it about a number of federal judges. This complaint by the Judicial Council of the Ninth Circuit subsequently formed the basis for Count 6 of the pending NDC. When the complaint was received, the State Bar opened case No. 10-O-09221 (the '10 case) and contacted Respondent about the matter. Then, after learning that the Judicial Council of the Ninth Circuit would not release to the State Bar the actual complaints filed by Respondent against the federal judges, the State Bar decided to issue a warning letter to Respondent in November 2011, and closed the case.[7] (Ex. 1040.) That decision was explained, both orally and in writing, by the State Bar to Cathy Catterson, a representative of the Judicial Council of the Ninth Circuit, on November 8, 2011. (Ex. 1041.) Thereafter, she complained of the State Bar's decision in a letter, dated January 19, 2012, directed to the then Acting Chief Trial Counsel of the State Bar.

---

[7] The State Bar had previously notified the Judicial Council of the Ninth Circuit in May 2011 that it would be difficult to pursue any complaint that Respondent's complaints against various federal appellate justices were frivolous without having access to the actual underlying complaints. As stated by the State Bar at that time: "As you may be aware, to prevail in State Bar disciplinary proceedings, our office must prove by clear and convincing evidence that an attorney committed willful misconduct. Although the Judicial Council's order of September 30, 2010, will certainly be a useful piece of evidence to establish that Mr. Sanai engaged in misconduct by filing frivolous misconduct complaints, it would be insufficient standing alone to prove by clear and convincing evidence that Mr. Sanai engaged in misconduct warranting discipline, especially since the order does not include any specific findings of fact but rather includes only the conclusion that Mr. Sanai abused the misconduct complaint procedure." (Ex. 1039, p. 2.)

In May 2012, Respondent was notified that the *'10* case had been re-opened by the State Bar, resulting in the subsequent filing of count 6 in the pending NDC.[8] (Ex. 1043.)  When asked during cross-examination why the *'10* case was re-opened at that time, the State Bar's witness stated that he did not know.  When asked who made the decision to prosecute the re-opened *'10* case, the witness identified attorney Schaeffer.

All counts in the NDC, other than count 6 [regarding Respondent's complaints about the federal judges], are now encompassed within case No. 12-O-10457 (the *'12* case).  No explanation was given by the State Bar's witness at trial regarding why the *'12* case was opened other than to say that it was based on information learned while investigating the *'10* case.  The State Bar's witness, however, was unable to provide any specifics as to what that information was or whether there was any information with regard to the Washington matters that was not already in the State Bar's files for the earlier cases.  The witness also could not identify any person who had provided information to the State Bar who was not a "complainant."  Finally, no reason has been given as to why the matter was opened under the new *'12* number, rather than by re-opening the *'05*, *'06*, or *'08* case.

The alleged misconduct which forms the basis for the remaining counts took place in 2004 (Count 4), 2005 (Counts 1, 2, 3, and 5), 2006 (Counts 8), and 2007 (Count 7).  The NDC in this matter was filed in 2014.  The State Bar had received complaints and documentation regarding all of the misconduct alleged in those counts well more than five years prior to the filing of the NDC.  Hence, the five-year rule of limitations of rule 5.21(A) has expired for each of those counts unless that rule is inapplicable or the running of the five-year period was tolled.

---

[8] Given the State Bar's inability to provide this court with a copy of the actual complaints filed by Respondent against the federal judges, this court - as accurately predicted by the State Bar in May 2011 - eventually dismissed that count at trial due to the State Bar's failure to provide clear and convincing evidence that those complaints were frivolous.  The evidence was not sufficient even to enable this court to identify all of the judges against whom complaints had been filed.

In the State Bar's motion seeking reconsideration of this court's order denying its motions to quash Respondent's subpoenas, the State Bar argues that it referred in the original motions to quash to an earlier privilege log that had previously been provided to this court in conjunction with the State Bar's effort to avoid having to disclose documents during discovery. It argues that this reference relieved it of any obligation to provide that privilege log to this court in conjunction with its motions to quash. It also contends that the privilege log, not signed or affirmed as true by any individual, substantiates its claims of privilege. A review of this privilege log reveals that the State Bar has asserted that every disputed document is subject to a claim of "Attorney Work Product Privilege."

While this court is inclined to disagree with the State Bar's arguments,[9] a review of the privilege log, when combined with the testimony of the State Bar's prior witness, makes clear that Respondent is correct that this court should reconsider its prior decision to defer consideration of the rule 5.21 issue. The testimony of the State Bar's witness did not show that any of the remaining counts "were investigated and initiated by the State Bar based on information received from an independent source other than a complainant." Instead, that testimony merely reaffirmed that all of the alleged misconduct, as well as documentation of that

---

[9]     As previously explained by this court in its original order, the State Bar, with or without the privilege log, has generally fallen far short of establishing that the bulk of these documents are protected by the attorney work product rule. Moreover, even documents protected by that rule are subject to disclosure on a finding that denial of discovery "will unfairly prejudice the party seeking discovery in preparing that party's claim or defense or will result in an injustice." (Code Civ. Proc., § 2018.030, subd. (b).) This court finds that such is the case here. That conclusion is buttressed by the State Bar's use of its files to provide the basis for the testimony offered at trial by its own witness, who is the author of some of the disputed documents.

     However, the good cause disclosure rule, quoted above, is expressly limited by subdivision (a) of section 2018.030, which states that "an attorney's impressions, conclusion, opinions, or legal research or theories is not discoverable under any circumstances." In reviewing the privilege log, the court notes that the State Bar only sought to describe a few of the documents in dispute as falling within the absolute privilege of subdivision (a). Those documents are numbered in the privilege log as follows: Documents 11, 13, 60, 61, 62, 85, 99, 115, 116, 126, 127, 138, 160, 161, 192, 212, 213, 217-247, 258, and 259.

conduct, had been received by the State Bar from complainants well prior to five years before the filing of the NDC. The witness did not identify any new evidence that the State Bar had received from any source independent of a complainant at any time prior to five years before the filing of the NDC.

The privilege log provided by the State Bar makes clear that the State Bar has asserted an "Attorney Work Product Privilege" against any further disclosure of evidence, including any testimony from the most knowledgeable State Bar employees, regarding the basis for the filing of the remaining charges against Respondent. Having relied on claims of privilege to avoid such disclosure, both during discovery and trial, the State Bar cannot now reverse its position and offer any of such evidence in rebuttal to Respondent's rule 5.21(A) defense. Accordingly, under the circumstances of this case, it is not inappropriate for this court to decide the rule of limitations issue at this time.

This court finds that counts 1-5 and 7 are barred by the five-year rule of limitations set forth in rule 5.21(A). The State Bar's contention that those counts are subject to rule 5.21(G) is unpersuasive and unsupported by the evidence. Further, its contention that the running of the rule of limitations with regard to counts 2-5 and 7 is subject to tolling because of Respondent's ongoing obligation to report the sanction orders is contrary to both law and fact. Instead, the evidence is clear and convincing that Respondent reported the sanctions orders to the State Bar in 2006, when he was contacted at that time by the State Bar about those orders. After he had done so, the pending cases were then closed. As previously noted, why those matters were subsequently re-opened in 2012 under a different case number could not be explained by the State Bar's witness. There is no evidence that the matters were reopened based on any new evidence regarding Respondent's prior failure to timely report the orders.

Because the dismissal of counts 1-5 and 7 makes the disputed production of documents by the State Bar and the requested testimony of Brooke Schaeffer and Joseph Carlucci irrelevant to the remaining issues in this matter, their motions to quash are granted. That determination, however, is without prejudice to Respondent's ability to renew his request to subpoena such individuals as witnesses with documents in the event that any of the dismissed counts are reversed on appeal.

On the issue of the alleged tolling of rule 5.21(A), this court reaches a different decision with regard to Count 8. While the alleged misconduct in that matter occurred in October 2006, the issue of whether that conduct was inappropriate is tied to the issue of whether Respondent's filing of the Abstract of Judgment was wrongful. It has become clear to this court during the trial and subsequent discussions with counsel that the Los Angeles litigation is still ongoing and that there remains the possibility that Respondent's conduct can and might ultimately be determined in that matter to have been legally correct. There has been no final determination in that civil matter in that regard. Under such circumstances, the running of the five-year limitations period is tolled pursuant to rule 5.21(C)(3).

This court previously notified the parties of its concern that resolution of Count 8 should be abated until the pending Los Angeles litigation has been resolved, and it then provided them with an opportunity to be heard on that issue. Good cause appearing, this court now orders that resolution of Count 8 is abated pursuant to rule 5.50(B) until the pending Los Angeles litigation has been resolved.

In three related matters, motions to quash have been filed on behalf of various individuals who also received trial subpoenas from Respondent, including Michael Salz; Frederick Bennett, Leslie Green, Sheri Carter, and Judges Terry Green and Kevin Brazile of the Los Angeles County Superior Court; and Cathy Catterson and Molly Dwyer of the Ninth Circuit.

- 11 -

Michael Salz is Respondent's opposing attorney in the Los Angeles litigation and has already appeared as a witness for the State Bar in this matter with regard to Count 8. Respondent wishes to re-call him as a witness during Respondent's case-in-chief, which Respondent is clearly entitled to do. However, Respondent has also served Salz with a subpoena requiring Salz to produce documents. While Salz argues in his motion to quash that many of the requested documents are irrelevant to the proceeding, resolution of that motion is best deferred until the Los Angeles litigation has been resolved.

A motion to quash was also filed on behalf of Frederick Bennett, Leslie Green, Sheri Carter, and Judges Terry Green and Kevin Brazile of the Los Angeles County Superior Court. Frederick Bennett is court counsel for the Los Angeles County Superior Court and, as previously noted, was the individual who complained about Respondent's misconduct in the Washington litigation at the request of Respondent's opposing counsel in that matter. Bennett previously acted as counsel for Judge Elizabeth Grimes in several private matters involving Respondent, and Respondent contends that Bennett's testimony and documents are relevant to showing that there has been an inappropriate conspiracy between various individuals and judges such that the decisions of the federal and state courts, offered into evidence by the State Bar in this proceeding, lack validity or, in the alternative, should not be given the weight normally afforded such determinations. Because Bennett was the original complainant in 2005 with regard to the Washington litigation (Counts 1-5), if those counts had not been dismissed, Respondent would have been entitled to call him as a witness at trial, especially as his contacts with the State Bar relate to the rule of limitations issue. Those counts, however, have now been dismissed. With regard to testimony by Bennett and the other witnesses from the Los Angeles County Superior Court possibly relevant to the remaining Count 8, resolution their motion to quash should also be deferred until after the Los Angeles litigation is resolved.

Finally, motions to quash have been filed by Cathy Catterson and Molly Dwyer, both employees of the Ninth Circuit.[10]  As previously noted, Catterson was in communication with the State Bar regarding the Ninth Circuit's complaint that Respondent had filed complaints against various federal judges (Count 6).  Had that count not been dismissed, Catterson's testimony, and possibly Dwyer's, would have been relevant.  That count, however, has now been dismissed. Because the dismissal of that count makes their testimony and production of documents irrelevant to the issues in this matter, their motions to quash are granted.  That determination, however, is without prejudice to Respondent's ability to renew his request to subpoena such individuals as witnesses with documents in the event that any of the dismissed counts are reversed on appeal.

For the reasons stated above, Counts 1-5 and 7 are dismissed with prejudice.  Resolution of the remaining count, Count 8, is abated pending final resolution of the pending Los Angeles litigation.  This abatement extends to the motions to quash of Michael Salz, Frederick Bennett, Leslie Green, Sheri Carter, and Judges Terry Green and Kevin Brazile.

The motions to quash of Cathy Catterson, Molly Dwyer, Joseph Carlucci and Brooke Schaeffer are granted, without prejudice to Respondent's ability to renew his request to subpoena such individuals as witnesses with documents in the event that any of the dismissed counts are reversed on appeal.

IT IS SO ORDERED.

Dated: March **20**, 2015

DONALD F. MILES
Judge of the State Bar Court

---

[10] The court exercises its discretion to receive both the replies and the sur-replies of the parties regarding these motions.  Respondent's requests to strike the replies are denied.

# CERTIFICATE OF SERVICE

*[Rules Proc. of State Bar; Rule 5.27(B); Code Civ. Proc., § 1013a(4)]*

I am a Case Administrator of the State Bar Court of California. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of Los Angeles, on March 20, 2015, I deposited a true copy of the following document(s):

**ORDER GRANTING MOTIONS TO RECONSIDER DENIAL OF RESPONDENT'S MOTION TO DISMISS AND STATE BAR'S MOTION TO QUASH; DISMISSING COUNTS 1-5 AND 7; GRANTING MOTION TO QUASH SUBPOENAS RE NINTH CIRCUIT EMPLOYEES; AND ABATING RESOLUTION OF COUNT 8 AND RELATED MOTIONS TO QUASH PENDING RESOLUTION OF UNDERLYING CIVIL ACTION**

in a sealed envelope for collection and mailing on that date as follows:

☒ by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at Los Angeles, California, addressed as follows:

**CYRUS M. SANAI**
**SANAIS**
**433 N CAMDEN DR STE 600**
**BEVERLY HILLS, CA 90210**

☒ by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

**BROOKE SCHAFER, Enforcement, Los Angeles**
**KEVIN BUCHER, Enforcement, Los Angeles**

I hereby certify that the foregoing is true and correct. Executed in Los Angeles, California, on March 20, 2015.

Tammy Cleaver
Case Administrator
State Bar Court