BRIAN M. BOYNTON
Acting Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
M. ANDREW ZEE (CA Bar No. 272510)
Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646
Facsimile: (415) 436-6632
E-mail: m.andrew.zee@usdoj.gov

*Attorneys for Defendants Judicial Council of the Ninth Circuit, Cathy Catterson, Audrey Collins, Molly Dwyer, Irma Gonzalez, Ronald Gould, Terry Hatter, Jr., Alex Kozinski, Margaret McKeown, Johnnie Rawlinson, Sidney Thomas*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| CYRUS SANAI,<br><br>Plaintiff,<br><br>v.<br><br>ALEX KOZINSKI, et al.,<br><br>Defendants. | No. 4:19-cv-08162-YGR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR (1) RECUSAL OR, IN THE ALTERNATIVE, (2) DISCLOSURE BY JUDGE OF RELEVANT INFORMATION** |

1    Plaintiff requests disqualification of Judge Gonzalez Rogers under 28 U.S.C. § 455(a), which provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). ECF No. 77 ("Mot."). In his effort to cast the requisite doubt on the Court's impartiality, Plaintiff takes issue with certain details of the Court's rulings in this case. For example, Plaintiff alleges that the Court "repeatedly plagiarized [Defendants'] brief," Mot. 21. Yet this grievance is no more than disagreement with how the Court disposed of Plaintiff's Complaint and granted Defendants' Motion to Dismiss. As the Supreme Court has explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" under § 455(a). *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff also complains about the outcome of his request for leave to file a motion for reconsideration, which the Court denied. *See* Mot. 14. First, he chides the Court for entering two judgments, which he calls "bizarre," but which the docket sheet makes clear was the hardly extraordinary result of a "clerks error as to filing," *see* ECF No. 74. Plaintiffs' baseless attacks on the Court and its staff are woefully insufficient to warrant disqualification. Second, Plaintiff contends that the Court has "pre-judged" motions that have never been filed, *see* Mot. 14. Yet all the Court stated was that Plaintiff enjoys the right to appeal its decision to the Ninth Circuit Court of Appeals—it made no comment on any as-yet-unfiled post-judgment motion. *See* ECF No. 75. Again, Plaintiff's recusal effort is based on no more than disagreement with the outcome of this case—a matter he is free to take up with the Court of Appeals, as the Court rightly observed, *id.* at 1 ("To the extent that Sanai has issue with the Order and the substance therein, the proper procedure is to appeal this Order to the Ninth Circuit Court of Appeals for a review of the Order at Docket Number 72."). *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) ("[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal."); *Downs v. California Atty. Gen.*, 639 F. App'x 435, 436 (9th Cir. 2016) ("The district court did not abuse its discretion in denying Downs's motion for disqualification of the magistrate judge because Downs's disagreement with the magistrate judge's rulings does not provide a basis for recusal."); *United States v. Hymes*, 113 F. App'x 755, 756-57 (9th Cir. 2004) (same).

*Sanai v. Kozinski*, No. 4-19-cv-08162-YGR
Defendants' Opposition to Plaintiff's Motion for Recusal
- 1 -

Setting aside Plaintiff's overheated accusations of "judicial plagiarism," "false characterization," and "defalcation," Mot. 8, 10, 12-14, the Court's rulings that Plaintiff complains of are a far cry from "display[ing] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. This Court is not, as Plaintiff would have it, "the tool of the DOJ and its clients," Mot. 21, and his request for recusal should be denied.[1]

Finally, Plaintiff points to news reports about potential judicial nominations and advances a variety of baseless and conspiratorial speculations that Defendants in this case exerted their influence by threatening to somehow scuttle a hypothetical Ninth Circuit nomination. *See* Mot. 14-15. Plaintiff fails, however, to draw any connection between these reports and his speculative scenarios such that he can establish any plausible basis under which the Court's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In any event, as the Ninth Circuit has observed, even when a party has supported or opposed a presiding judge's actual judicial nomination (which Plaintiff here has not alleged, let alone established), courts have "uniformly concluded" that recusal is not required. *Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992) (citing *Warner v. Global Natural Resources PLC*, 545 F. Supp. 1298, 1301-02 (S.D. Ohio 1982) (party's support for judge's nomination does not require recusal)).

For all of these reasons, Plaintiff's Motion for Recusal should be denied. Plaintiff's alternative request that the Court disclose relevant information should also be denied, as should his baseless attempts to obtain discovery against the presiding judge in his case, *see* ECF Nos. 80, 82. The Court has already twice stated that it "has no relevant information to share or to disclose pursuant to section 455." ECF No. 81, *see also* ECF No. 27.

Dated: May 3, 2021.                                     Respectfully submitted,

                                                        U.S. DEPARTMENT OF JUSTICE

---

[1] In any event, as Plaintiff himself acknowledges, the Court has granted a number of Plaintiff's requests in this case. *See* Mot. 8 (citing Court's allowance of an overlength brief, ECF No. 44); *see also* ECF No. 37 (granting Plaintiff's request for 90 days to respond to motion to dismiss); ECF No. 49 (granting Plaintiff ten additional days to file opposition brief to motion to dismiss).

*Sanai v. Kozinski*, No. 4-19-cv-08162-YGR
Defendants' Opposition to Plaintiff's Motion for Recusal

BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ M. Andrew Zee*
M. ANDREW ZEE (CA Bar No. 272510)
Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646
Facsimile: (415) 436-6632
E-mail: m.andrew.zee@usdoj.gov

*Attorneys for Defendants Judicial Council of the Ninth Circuit, Cathy Catterson, Audrey Collins, Molly Dwyer, Irma Gonzalez, Ronald Gould, Terry Hatter, Jr., Alex Kozinski, Margaret McKeown, Johnnie Rawlinson, Sidney Thomas*