Cyrus M. Sanai, SB#150387
SANAIS
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, California, 90210
Telephone: (310) 717-9840
cyrus@sanaislaw.com

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

CYRUS SANAI, an individual,

    Plaintiff,

vs.

ALEX KOZINSKI, in his personal capacity; CATHY CATTERSON, in her personal capacity; THE JUDICIAL COUNCIL OF THE NINTH CIRCUIT, an administrative agency of the United States; MOLLY DWYER, in her official capacity; SIDNEY THOMAS, in his official and personal capacities; PROCTOR HUG JR., in his personal capacity; M. MARGARET MCKEOWN, in her personal capacity; RONALD M. GOULD, in his personal capacity; JOHNNIE B. RAWLINSON, in her personal capacity; AUDREY B. COLLINS, in her personal capacity; IRMA E. GONZALEZ, in her personal capacity; ROGER L. HUNT, in his personal capacity; TERRY J. HATTER JR., in his personal capacity; ROBERT H. WHALEY, in his personal capacity; THE JUDICIAL COUNCIL OF CALIFORNIA, an administrative agency of the State of California; and DOES 1-10, individuals and entities whose identities and capacities are unknown;

    Defendants.

Case No. 19-CV-08162-YGR

**MOTION FOR LEAVE TO CONDUCT DISCOVERY**

Complaint Filed: December 17, 2019

TO ALL THE CLERK OF THE COURT

    Plaintiff Cyrus Sanai hereby moves this Court for post-judgment discovery pursuant to Fed. R. Civ. Proc. 26(d)(1) as follows:

    I.    To conduct a deposition pursuant to Rules 27, 30 and/or 31 of the Hon. Yvonne Rogers regarding the following matters:

        A.  Her personal relationships with any of the Defendants;

        B.  All circumstances in which she has worked with or alongside any Defendant;

        C.  All communications she has received about her potential appointment to the Ninth Circuit Court of Appeals;

        D.  All communications she has made about her potential appointment to the Ninth Circuit Court of Appeals;

        E.  All third-party statements she is aware of regarding her chances to be appointed to the Ninth Circuit Court of Appeals.

        F.  The facts described in the Request for Judicial Notice, Docket No. 78

    II.    To conduct a deposition pursuant to Rules 27, 30 and/or 31 of the Hon. Sidney Thomas, M. Margaret McKeown, Ronald Gould, and Johnnie B. Rawlinson regarding the following matters:

        A.  His or her personal relationship with the Hon. Yvonne Rogers;

        B.  All circumstances in which he or she worked alongside with the Hon. Yvonne Rogers;

        C.  All communications he or her has received about the potential appointment of the Hon. Yvonne Rogers to the Ninth Circuit Court of Appeals;

        D.  All communications he or she has made about the potential appointment of the Hon. Yvonne Rogers to the Ninth Circuit Court of Appeals;

        E.  All communications he or she has made to any member of the administration of President Joseph Biden regarding the appointment of a circuit judge to the Ninth Circuit to take the place of the Hon. Judge Berzon;

    F. All communications he or she has received from any member of the administration of President Joseph Biden regarding the appointment of a circuit judge to the Ninth Circuit to take the place of the Hon. Judge Berzon;

    G. All communications he or she is aware of regarding the appointment of a circuit judge to the Ninth Circuit to take the place of the Hon. Judge Berzon that are not public.

III. To conduct a deposition pursuant to Rules 27, 30 and/or 31 of the Hon. James Donato regarding the following matters:

    A. His personal relationships with any of the Defendants, in particular the late Judge Hug;

    B. All circumstances in which he has worked with or alongside any Defendant;

    C. All communications he has received about any district court judge's potential appointment to the Ninth Circuit Court of Appeals by the Biden Administration;

    D. All communications he has made about any any district court judge's potential appointment to the Ninth Circuit Court of Appeals;

    E. All third-party statements he is aware of regarding the chances of any judge of the Northern District of California to be appointed to the Ninth Circuit Court of Appeals;

    F. Any communications Judge Donato made or received from Circuit Judge Hug regarding the facts alleged in this lawsuit.

The grounds for this motion are that neither Judge Rogers nor Judge Donato has made timely disclosures of information a reasonable litigant would find relevant to the issue of disqualification, and Judge Rogers' financial interest in potential appointment to the Ninth Circuit Court of Appeals is a very relevant issue in the pending motion for disqualification.

By: \_\_\_\_/s/ Cyrus Sanai_____
      CYRUS SANAI
      Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a lawsuit against various present and retired judges, one of whom died shortly before the filing of the complaint. Four of the Defendants currently serve on the Ninth Circuit Court of Appeals. Judge Rogers served on at least one panel of that Court with Defendant Judge Gould. *See Gordon v. County of Orange,* 888 F.3d 1118 (9th Cir. 2018).

Plaintiff previously filed a motion requesting Judge Rogers to disclose any matters that might be considered relevant by a litigant regarding conflicts of interest, citing a plethora of cases, as follows:

> Plaintiff is not moving that Judge Rogers recuse. Instead, he is requesting that Judge Rogers disclose any of the fully disclose all of her relationships with the defendants; any Circuit Judge who had an office in Pasadena; Circuit Judge Ikuta and former Circuit Judge Reinhardt; any judge who served on the Judicial Council of the Ninth Circuit from 1998 to date; and any other information a litigant would be interested in knowing for purposes of either moving for disqualification or moving to have a judge from outside the Ninth Circuit appointed.
>
> This request raises two issues. First, must the federal judge disclose the material facts concerning any relationships with Defendants, witnesses and other concerned parties? Second, even if there is no requirement, should Judge Rogers do it in this case?
>
> The Sixth and Eleventh Circuit have answered this question in the affirmative.
>> We believe instead that litigants (and, of course, their attorneys) should assume the impartiality of the presiding judge, rather than pore through the judge's private affairs and financial matters. Further, judges have an ethical duty to "disclose on the record information which the judge believes the parties or their lawyers might consider relevant to the question of disqualification." *Porter v. Singletary,* 49 F.3d 1483, 1489 (11th Cir. 1995). . . . [The judge] possibly did not consider the matter sufficiently relevant to merit disclosure, but his non-disclosure did not vest in [the parties] a duty to investigate him.
>
> *Am. Textile Mfrs. Inst., Inc. v. Limited, Inc.,* 190 F.3d 729, 741 (6th Cir. 1999).
>
> The Seventh Circuit has agreed that the obligation to uncover conflicts and disclose them is on the jurist. *Ceats, Inc. v. Continental Airlines, Inc.,* 755 F. 3d 1356 (Fed. Cir. 2014) (magistrate judge has duty to disclose relationship with law firm under obligations analogous to 28 U.S. §455). This includes an obligation to disclose matters in the public record:

The Archdiocese argues "if the basis for recusal is a matter of public record, as in this case, then the failure to seek recusal in a timely manner is inexcusable." But there is no such requirement— a party does not have an obligation to discover any potentially disqualifying information that is in the public record. The onus is on the judge to ensure any potentially disqualifying information is brought to the attention of the litigants. 28 U.S.C. § 455(c) ("A judge should inform himself about his personal and fiduciary financial interests."); *see also Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 873 n. 9, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) ("[N]otwithstanding the size and complexity of the litigation, judges remain under a duty to stay informed of any personal or fiduciary financial interest they may have in cases over which they preside."). It would be unreasonable, unrealistic and detrimental to our judicial system to expect litigants to investigate every potentially disqualifying piece of information about every judge before whom they appear. "[L]itigants (and, of course, their attorneys) should assume the impartiality of the presiding judge, rather than pore through the judge's private affairs and financial matters.... `Both litigants and counsel should be able to rely upon judges to comply with their own Canons of Ethics.'" *Am. Textile Mfrs. Inst., Inc. v. Limited, Inc.,* 190 F.3d 729, 742 (6th Cir.1999) (*quoting Porter v. Singletary,* 49 F.3d 1483, 1489 (11th Cir. 1995)).

A judge should stay up to date on her financial and other interests so she can make informed decisions and avoid either the appearance of impropriety (28 U.S.C. § 455(a)) or actual bias (28 U.S.C. § 455(b)). The informed judge may then recuse herself on her own motion, if necessary. *See Hampton v. Chicago,* 643 F.2d 478, 480 n. 7 (7th Cir.1981) (per curiam) (noting district court "may disqualify himself on his own motion since, for example, he is probably best informed about his minor children's financial interests"). The informed judge can also disclose any concerns he might have so that the parties can proceed with full knowledge. 28 U.S.C. § 455(e) (noting "waiver may be accepted [under § 455(a)] provided it is preceded by a full disclosure on the record of the basis for disqualification"). Had that been done here, any purported timing issues or concerns that the Committee had questionable motives in filing the motion would have resolved themselves earlier in the proceedings.

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Whether a judge's impartiality might be reasonably questioned is an objective determination. *In re Hatcher,* 150 F.3d 631, 637 (7th Cir.1998). The question is whether a reasonable person could perceive "a significant risk that the judge will resolve the case on a basis other than the merits." *Id.* (*quoting Hook v. McDade,* 89 F.3d 350, 354 (7th Cir.1996)).

> *Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731, 750-1 (7th Cir. 2015).
>
> ….
>
> There is quite simply no principled argument that disclosure is not required, for the reasons articulated in *Listecki* and *Am. Textile Mfrs. Inst., Inc., supra*. But disclosure is necessary for a second reason. Part of the underlying justification for the requests for relief in the Complaint are that Judge Kozinski's current occupation, as a lawyer practicing before the Ninth Circuit Court of Appeals, is a threat to judicial integrity and due process. Kozinski can effectively operate with impunity, as he is permanently protected by the Judicial Council which actively enabled his sexual misconduct for decades. Even if there were a change of heart by some members, Kozinski's ability to expose his enablers at any time forces them to continue to defend him and to overlook any misconduct he may commit as a lawyer, such as seeking secret ex parte relief from his former colleagues on behalf of clients. This risk is exacerbated by the fact that the Ninth Circuit refuses to recognize a duty of disclosure by federal judges of relationships with attorneys, lawyers and witnesses. Accordingly, one of the requested items of injunctive relief is an order requiring the Judicial Council to promulgate effective rules and procedures to ensure this is done in the future. See Complaint, Docket #1, at 36, ¶85.

Application for Disclosure by Judge of Relevant Information, etc., Docket No. 8, at 7:5-10:16.

The application expressly cited *Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731(7th Cir. 2015) and *Am. Textile Mfrs. Inst., Inc. v. Limited, Inc.,* 190 F.3d 729, 741 (6th Cir. 1999) to support the contention that 28 U.S.C. §455 requires disclosure, and the quotations from those cases cite three other supporting decisions, in particular *Porter v. Singletary,* 49 F.3d 1483, 1489 (11th Cir. 1995), where the Eleventh Circuit held that judges have an ethical duty to "disclose on the record information which the judge believes the parties or their lawyers might consider relevant to the question of disqualification." *Porter v. Singletary,* 49 F.3d 1483, 1489 (11th Cir. 1995).

Judge Rogers denied the motion stating that:

> The Court perceives no reason for disqualification nor does the Court have any relevant information to share or to disclose pursuant to section 455.[1] To the extent plaintiff requires more information, the request is **DENIED**.
>
> ─────────────
> ….The Court is aware of no authority requiring disclosures to prove a negative, that is, where no basis for disqualification exists.
>
> Order of March 20, 2020 Docket No. 27 at 2:1-3 and fn. 1.

Subsequently, Judge Rogers referred a motion for recusal and request for judicial

notice filed by Plaintiff, Docket Nos. 77-78, to be heard by another judge, Docket No. 79. According to a published decision authored by Judge Donato, transfer to another judge is permitted.  See *Nat. Abortion Fed. v. Center for Medical Progress,* 257 F.Supp.3d 1084, 1088 (CAND 2017). In a rather bizarre coincidence, Judge Donato was again assigned a disqualification motion that he was not required to hear.

The motion requested recusal based on Judge Rogers actions in the case, her statement pre-judging post-judgment motions that have yet to be filed, her judicial plagiarism of manifestly FALSE factual assertions made by the Defendants, and her financial interest in obtaining an appointment to the Ninth Circuit Court of Appeals.

After the motion was referred to Judge Donato, Plaintiff filed a second motion for disclosure.  Judge Rogers filed an order stating that just as there was nothing to disclose on March 20, 2020, there continued to be nothing to disclose.  *See* Order, Docket No. 81.

## II.    THE REPEATED FAILURES OF DISCLOSURE MERIT DISCOVERY

Judge Rogers claimed in her most recent order that there was, and continues to be, nothing that she should have disclosed.  *See* Docket No. 81.  That's simply not true.  Under the authority repeatedly cited to her, Judge Rogers was clearly required to notify Plaintiff that, inter alia, she had been publicly identified as being a candidate for promotion by the Biden Administration to the Ninth Circuit, and further required to notify Plaintiff when Circuit Judge Berzon announced that she was taking senior status.  It is beyond peradventure that these facts raise a colorable question of disqualification.  Judge Rogers' failure to provide clearly required disclosure merits discovery against her.

As for Judge Donato, he has failed to respond to the ex parte motion for discovery. Plaintiff has learned that he was a judicial clerk to Defendant Hug; and even though Judge Hug is dead, the interest in protecting his reputation raises questions about his impartiality that require disclosure of how close they were prior to his death.  It is also possible that Judge Hug may have spoken to Judge Donato about the facts alleged in this lawsuit, raising a separate ground for disqualification.

As for the Defendants, the requested disclosure will provide relevant facts about the role Ninth Circuit judges could play in pushing or blacklisting Judge Rogers' candidacy to the Ninth Circuit. It is certainly in the public interest to have such facts publicly disclosed.

## III.     THE DEPOSITION PROCEDURES

Plaintiff is fully vaccinated against COVID-19, and he operation last month to correct his vision was a success, though he is still healing.  Accordingly, Plaintiff could conduct in person depositions or depositions via Zoom.

However, Plaintiff is also willing to stipulate to an altered form of depositions via written questions that would proceed in two phases.  First, Plaintiff would submit written questions that would be returned to him; then, if necessary Plaintiff would conduct a zoom or in person deposition that would require affirmation of the answers, followed by any follow-up questions.  If any written documents are identified, a subpoena duces tecum could be issued.

To be clear, Plaintiff has no strong interest in conducting the deposition if the information were obtainable by the method contemplated by case law interpreting §455: robust, prompt, and forthright disclosure.  But neither Judge Rogers nor Judge Donato are doing so.

Leave of court is required under Fed. R. Civ. Proc. §26.  This motion is the subject of a pending administrative motion to shorten time.  *See* Docket No. 82.

## IV.     CONCLUSION

Case law imposes upon federal judges the obligation to make disclosures about facts that a reasonable person may believe are relevant to the issue of judicial disqualification.   Judge Rogers has averred that there is nothing to disclose, when that is manifestly false.  Judge Donato failed to disclose that he was a clerk for a defendant, and has not responded to a pending request.  The requested discovery is therefore the only means for protecting Plaintiff's statutory and constitutional due process interests.

Dated:  May 4, 2021

By: _____/s/ Cyrus Sanai_____
         CYRUS SANAI
            Plaintiff