BRIAN M. BOYNTON
Acting Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
M. ANDREW ZEE (CA Bar No. 272510)
Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646
Facsimile: (415) 436-6632
E-mail: m.andrew.zee@usdoj.gov

*Attorneys for Defendants Judicial Council of the Ninth Circuit, Cathy Catterson, Audrey Collins, Molly Dwyer, Irma Gonzalez, Ronald Gould, Terry Hatter, Jr., Alex Kozinski, Margaret McKeown, Johnnie Rawlinson, Sidney Thomas*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| CYRUS SANAI,<br><br>Plaintiff,<br><br>v.<br><br>ALEX KOZINSKI, et al.,<br><br>Defendants. | No. 4:19-cv-08162-YGR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 59 MOTION TO VACATE JUDGMENT [ECF No. 85] AND RULE 60 MOTION FOR RELIEF FROM JUDGMENT [ECF No. 86]** |

Defendants oppose Plaintiff's requests under Fed. R. Civ. P. 59 to vacate the Court's judgment against him in this case and grant him leave to amend (yet again), ECF No. 85, and under Fed. R. Civ. P. 60 for relief from the judgment, ECF No. 86. These requests are no more than Plaintiff rehashing his prior failed post-judgment requests for relief, which turn on his dissatisfaction with the outcome of his claims and his baseless recusal allegations. Both motions should be denied.

*Plaintiff's Rule 59 Motion*

Plaintiff's contentions under Rule 59 are no different than those he previously made in his Motion for Leave to File Motion for Reconsideration, ECF No. 73. The Court denied that prior request, rejecting Plaintiff's arguments and noting that Plaintiff "merely takes umbrage that the Court ultimately adopted defendants' positions." ECF No. 75 at 1. Undaunted, Plaintiff again contends that the Court's sovereign immunity and judicial immunity conclusions were incorrect, ECF No. 85 at 19-23, and that, in ruling on Count 6, the Court "plagiarized Defendants' false characterization of what happened, *id.* at 24. Repackaging these failed, meritless arguments under Rule 59 does not, however, change the outcome or meet the "high hurdle" required to alter the judgment. *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (permitting plaintiff "to amend his complaint post-judgment . . . would simply grant him the forbidden second bite at the apple" (quotation omitted)). Nor does Plaintiff's attempt to leverage his baseless recusal allegations, which the Court just today wholly rejected, *see* ECF No. 89, get him any further towards that lofty bar. The Rule 59 motion should be denied.

*Plaintiff's Rule 60 Motion*

Plaintiff's Rule 60 Motion for Relief from Judgment, ECF No. 86, is also another rehash—this time of his baseless recusal allegations. He presents his now-familiar diatribe against the Court's supposed biases against him, none of which are remotely rooted in the record. But this Court has just today concluded that Plaintiff's recusal contentions "are inherently unreasonable and untethered to any evidence that might make them even colorable." ECF No. 89 at 7. Put simply, as the Court's detailed Order rejecting all of Plaintiff's recusal theories shows, *id.*, Plaintiff's unfounded accusations offer no basis for recusal in this case, let alone any basis to

*Sanai v. Kozinski*, No. 4-19-cv-08162-YGR
Defendants' Opposition to Plaintiff's Rule 59 Motion to Vacate Judgment and Rule 60 Motion for Relief
- 1 -

vacate or reverse this Court's judgment. *See, e.g.*, *Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n.1 (9th Cir. 1989) (noting that Rule 60 "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances" (quotation omitted)).  Plaintiff's remedy for his evident dissatisfaction with the outcome of the case, to the extent he has one, is through an appeal to the Court of Appeals. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) ("[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal."); *Downs v. California Atty. Gen.*, 639 F. App'x 435, 436 (9th Cir. 2016) ("The district court did not abuse its discretion in denying Downs's motion for disqualification of the magistrate judge because Downs's disagreement with the magistrate judge's rulings does not provide a basis for recusal."); *United States v. Hymes*, 113 F. App'x 755, 756-57 (9th Cir. 2004) (same).  The Rule 60 motion should be denied.

\*   \*   \*

Plaintiff's post-judgment strategy here of attempting to relitigate the merits and to accuse the Court of bias is not unlike that he has adopted in prior cases. *See, e.g.*, *Sanai v. McDonnell*, 809 F. App'x 353, 354 (9th Cir. 2020) (affirming denials of "Sanai's motion for disqualification and disclosure motions related to disqualification because Sanai presented no basis for disqualification" and of post-judgment motion to vacate dismissal); *Sanai v. Sanai*, 141 F. App'x 677, 679 (9th Cir. 2005) (concluding that "[r]eassignment to a different judge is not warranted) (citing *Liteky*, 510 U.S. at 555-56).  Just as post-judgment relief was denied in those cases, this Court should refuse to indulge Plaintiff's ongoing, baseless efforts to consume its resources in support of his fruitless quest for relief.  The Court's disposition of this case suffered from no error cognizable under Rule 59 or Rule 60, and the judgment should not be disturbed.  Plaintiff's motions should be denied.

Dated: May 24, 2021.                             Respectfully submitted,

U.S. DEPARTMENT OF JUSTICE

BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ M. Andrew Zee
M. ANDREW ZEE (CA Bar No. 272510)
Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646
Facsimile: (415) 436-6632
E-mail: m.andrew.zee@usdoj.gov

*Attorneys for Defendants Judicial Council of the Ninth Circuit, Cathy Catterson, Audrey Collins, Molly Dwyer, Irma Gonzalez, Ronald Gould, Terry Hatter, Jr., Alex Kozinski, Margaret McKeown, Johnnie Rawlinson, Sidney Thomas*