Cyrus M. Sanai, SB#150387
SANAIS
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, California, 90210
Telephone: (310) 717-9840
cyrus@sanaislaw.com

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS SANAI, an individual, | Case No. 19-CV-08162-YGR |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION PURSUANT TO FED. R. CIV. P. 59 TO ALTER OR AMEND JUDGMENTS AND FOR NEW TRIAL** |
| vs. | |
| ALEX KOZINSKI, in his personal capacity; CATHY CATTERSON, in her personal capacity; THE JUDICIAL COUNCIL OF THE NINTH CIRCUIT, an administrative agency of the United States; MOLLY DWYER, in her official capacity; SIDNEY THOMAS, in his official and personal capacities; PROCTOR HUG JR., in his personal capacity; M. MARGARET MCKEOWN, in her personal capacity; RONALD M. GOULD, in his personal capacity; JOHNNIE B. RAWLINSON, in her personal capacity; AUDREY B. COLLINS, in her personal capacity; IRMA E. GONZALEZ, in her personal capacity; ROGER L. HUNT, in his personal capacity; TERRY J. HATTER JR., in his personal capacity; ROBERT H. WHALEY, in his personal capacity; THE JUDICIAL COUNCIL OF CALIFORNIA, an administrative agency of the State of California; and DOES 1-10, individuals and entities whose identities and capacities are unknown; | Complaint Filed:   December 17, 2019 |
| Defendants. | |

# TABLE OF CONTENTS OF MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION ................................................................................................................ 2
II.   THE MOTION UNDER RULE 59 SHOULD BE GRANTED UNDER NINTH CIRCUIT PRECEDENT AFTER FINAL DISPOSITION OF MOTIONS TO BE HEARD BEFORE JUDGE DONATO ................................................................................................................ 4
III.  THE DEFENDANTS, FOUR OF WHOM SERVE IN THE SUPERVISING APPELLATE COURT, ARE UTTERLY UNABLE TO REBUT PLAINTIFF'S ANALYSIS DEMONSTRATING JUDGE ROGERS'S MANIFEST LEGAL ERROR ......................... 6
IV.   JUDGE ROGERS'S MANIFESTLY ERRED IN HER ANALYSIS OF FEDERAL JUDICIAL IMMUNITY FROM INJUNCTIVE RELIEF ...................................................... 8
V.    JUDGE ROGERS FAILS TO MAKE ANY MEANINGFUL ANALYSIS OF COUNT 6 10
X.    CONCLUSION ................................................................................................................. 12

- TABLES

# TABLE OF AUTHORITIES

**Cases**

*Cheney v. U.S. Dist. Court for the Dist. of Columbia,* 541 U.S. 913 (2004) . . . . . . . . . . . . . . . 3

*Liberty Mut. Ins. Co. v. EEOC,* 691 F.2d 438, 441 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . 4

*Matal, Interim Director, United States Patent and Trademark Office v. Tam,* 582 US __, 137 S. Ct. 1744, 198 L. Ed. 2d 366 (2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders,* 264 F.3d 52 (D.C. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Wolfe v. George,* 486 F.3d 1120 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wolfe v. Strankman,* 392 F.3d 358 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Statutes**

28 U.S.C. §455 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Other Authorities**

J. Donohue, "I Was a Federal Judge. My Former Colleagues Must Stop Attending Federalist Society Events, " Slate.com, November 12, 2019, at slate.com/news-and-politics/2021/03/biden-judges-nominations-federalist-society-tactics.html . . . . . . . . . . . . . 4

**Rules**

Fed. R. Civ. P. 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 59 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 59(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

Fed. R. Civ. P. 59(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

Fed. R. Civ. P. 60(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

L.R. 7.3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

L.R. 7.3(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Constitutional Provisions**

U.S. Const., amend V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

I.     INTRODUCTION

Plaintiff's motion requests, pursuant to Fed. R. Civ. P. 59(a) and Fed. R. Civ. P. 59(e) that the two judgments of dismissal, Docket Nos. 74 and 76, be vacated due to the violation of 28 U.S.C. §455 by Judge Yvonne Gonzales Rogers and legal errors in her April 9, 2021 order of dismissal, Docket No. 72, and that a new trial be granted.

Plaintiff demanded that because Judge Rogers has pre-emptively denied all post-judgment motions, this motion should be heard by a different judge. *See* April 12, 2021 Order, Docket No. 75. The Defendants appear to concede that the contentions regarding the violation of 28 U.S.C. §455 should be determined by the judge to whom the issue of disqualification of Judge Rogers is finally decided.

However, that final decision has not yet occurred.

After Plaintiff filed his motion under 28 U.S.C. §455 to disqualify Judge Rogers, Docket No. 77, Plaintiff filed his noticed motion for discovery on May 4, 2021. *See* Docket No. 84. The opposition was due 14 days thereafter, and a timely opposition was filed on the due date, May 18, 2021. *See* L.R. 7.3(a); Docket No. 88. The reply is therefore due seven days after the deadline for filing the opposition, on May 25, 2021. L.R. 7.3(c).

However, Judge Donato elected to eliminate Plaintiff's right of reply, guaranteed by both local rules and constitutional due process under the Fifth Amendment, by deciding the motion the day before Plaintiff was required to file his reply. *See* Docket. No. 89; U.S. Const., amend V.

Judge Donato thus intentionally eliminated Plaintiff's right under the local rules to file a reply. This is a straightforward violation of due process as expressed in the local rules and the constitutionally guaranteed norms of civil litigation.

But that was not the only significant aspect of Judge Donato's decision that will require reconsideration. Judge Donato ruled, contrary to every Court of Appeals decision to address the question, that federal judges do not have an obligation to disclose facts which a litigant might consider relevant to the issue of disclosure. *See* Docket No. 89. However, he did rule, contrary to the position taken by Defendants, that discovery can be taken where there is a reasonable issue

-2-
REPLY IN SUPPORT OF MOTION FOR NEW TRIAL AND TO VACATE

regarding disqualification.

Judge Donato then addressed whether such issue existed. Plaintiff's discovery is focused on the following issues:

1. As to all deponents, was there a friendship between the Defendants and either of Judge Rogers and Judge Donato?

2. Is there a pattern and practice of the Defendant judges directly or indirectly expressing their views on candidates for circuit court?

3. Did anyone communicate with either Judge Donato or Judge Rogers regarding this case and the possibility of elevation to the Ninth Circuit?

4. Did the late Circuit Judge Hug ever talk to Judge Donato about the facts of the underlying case?

As to the first issue, Judge Donato cited *Cheney v. U.S. Dist. Court for the Dist. of Columbia,* 541 U.S. 913, 916 (2004)*,* but got the holding 180 degrees backwards. Judge Donato wrote: "recusal is not required based on the mere existence of personal or working relationships among colleagues, or even friendships. *See Cheney,* 541 U.S. 913." In fact, friendship is grounds for recusal where, as in this action, the Defendants are being sued in their personal capacity: "friendship is a ground for recusal of a Justice where the personal fortune or the personal freedom of the friend is at issue….". *Cheney, supra,* at 916 (2004). Accordingly, Plaintiff is entitled to obtain discovery to demonstrate the existence of friendships between Judge Donato and the individual defendants other than Dwyer, and the existence of friendships between Judge Rogers and the individual defendants other than Dwyer, as she is sued in her official capacity only.[1]

---

[1] Judge Donato is correct that working with a person is not necessarily a basis for recusal; colleagues can despise and undermine each other. However, the existence of a working relationship can be an element to prove friendship, and some institutions may have cultures of omerta where tolerance and defense of corrupt conduct is enforced. At least one former federal judge has attributed these qualities to the federal judiciary:

> "A distinct minority of judges behaving outside the norms with the silent acquiescence of the judiciary is reminiscent of the recent judicial sexual harassment scandal. Then, as here, some judges were aware of a minority of colleagues in their midst engaged in offending conduct—yet said and did nothing.

Plaintiff is also entitled to enquire, as will be discussed in the motion to be filed on June 3, 2021, as to the existence of a culture within the courts of the Ninth Circuits which incentivizes the protection of judicial misconduct, particularly sexual harassment.

Because Judge Rogers has refused to make specific disclosures about her personal relationships with the Defendants, and Judge Donato has stated that no such spontaneous disclosure is required, Plaintiff has the right to depose the Defendants, Judge Rogers, and Judge Donato.  Accordingly, this motion to vacate under Fed. R. Civ. P. 59 and the motion for relief under Rule 60 cannot be addressed until after the discovery is completed and written submissions made.

Furthermore, Plaintiff will be filing, on June 3, 2021, a motion under Fed. R. Civ. P. 60(b)(1) for reconsideration of the Judge Donato's order.   The Ninth Circuit has held that a motion under Fed. R. Civ. P. 60(b)(1) may be filed to attack the legal correctness of a post-judgment order.  *See Liberty Mut. Ins. Co. v. EEOC,* 691 F.2d 438, 441 (9th Cir. 1982).

In addition, Plaintiff will be filing a motion for recusal of Judge Donato under Fed. R. Civ. P. 60(b)(6), and a second motion under  Fed. R. Civ. P. 60(b)(6) as to Judge Rogers, which raises a new argument as to her that is common as to Judge Donato, which relies in part on Judge Donato's order, and a new academic work published on May 11, 2021 by one of the most highly regarded law professors in the United States regarding the underlying facts in Plaintiff's complaint.

**II.     THE MOTION UNDER RULE 59 SHOULD BE GRANTED UNDER NINTH CIRCUIT PRECEDENT AFTER FINAL DISPOSITION OF MOTIONS TO BE HEARD BEFORE JUDGE DONATO**

The Ninth Circuit has stated that reconsideration of an interlocutory order on the merits of the case is appropriate in the following situations:

> Reconsideration is appropriate if the district court (1) is presented with newly

---

Because of their silence, sexual harassers harmed more victims, and the judiciary's reputation was stained when the scandal finally exploded."
J. Donohue, "I Was a Federal Judge.  My Former Colleagues Must Stop Attending Federalist Society Events, " Slate.com, November 12, 2019, at slate.com/news-and-politics/2021/03/biden-judges-nominations-federalist-society-tactics.html

-4-
REPLY IN SUPPORT OF MOTION FOR NEW TRIAL AND TO VACATE

discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *See All Hawaii Tours, Corp. v. Polynesian Cultural Center,* 116 F.R.D. 645, 648 (D.Hawaii 1987), *rev'd on other grounds,* 855 F.2d 860 (9th Cir.1988). There may also be other, highly unusual, circumstances warranting reconsideration.

*School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993).

Because Judge Rogers initially failed to enter a judgment alongside her order to dismiss, Plaintiff filed a motion for leave for reconsideration under the local rules. Judge Rogers refused to consider the merits of the argument, stating that the only remedy was an appeal. That was manifestly wrong under binding Ninth Circuit authority. *Id.*

Because Judge Rogers was wrong that there is no post-judgment remedy, she must address whether she committed "clear error or the initial decision was manifestly unjust".

Before addressing the specifics in the reply, it is important to properly analyze which arguments fall into which specific portion of the Federal Rules.

Plaintiff filed the instant motion under Rules 59(a) and 59(e). The Ninth Circuit has never addressed whether Rule 59(a) is a proper means for challenge of an erroneous dismissal order under Fed. R. Civ. P. 12(b). Plaintiff raises it just to be on the safe side.

Rule 59(e) clearly is one proper mechanism to address Judge Rogers' ruling on the merits. It is therefore required that she address the specific errors addressed in the motion. It is particularly important because the Defendants have no rebuttal of any kind. Given that four of the Defendants are on the current reviewing body, it is incumbent on Judge Rogers, in the interests of transparency, justice, and public confidence in the judiciary, to explicitly address Plaintiff's arguments, given that the Defendants can't must a single argument against them.

Plaintiff also asserted his challenge under Fed. R. Civ. P. 60(b)(6) under Rule 59 as well. The reason he did so is that the case in which the United States Supreme Court held that Fed. R. Civ. P. 60(b)(6) is a proper mechanism for challenging a violation of 28 U.S.C. §455, the motion was filed after the time for a Rule 59(e) motion had expired. *Liljebarg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863 (1988). A decision made by a judge who should disqualify herself is "manifestly unjust." Accordingly there is an argument that where a party addresses a violation of

-5-
REPLY IN SUPPORT OF MOTION FOR NEW TRIAL AND TO VACATE

28 U.S.C. §455 within the 28 days after entry of judgment, Fed. R. Civ. P. 59(e) can or should be used.  Plaintiff therefore makes these arguments under both rules, incorporates by reference his arguments in the accompanying reply filed in support of the motion pursuant to Fed. R. Civ. P. 60(b)(6).

### III.  THE DEFENDANTS, FOUR OF WHOM SERVE IN THE SUPERVISING APPELLATE COURT, ARE UTTERLY UNABLE TO REBUT PLAINTIFF'S ANALYSIS DEMONSTRATING JUDGE ROGERS'S MANIFEST LEGAL ERROR

Judge Rogers addressed this issue in a footnote:

> Sanai's citation to *Adams* does not persuade. There, the Court stated that "[b]ecause the merits of the Constitutional challenge merge with the sovereign immunity issue . . . the Court [would] conduct[] an analysis of viability of the constitutional claim" in considering the motion to dismiss. 165 F. Supp. 3d at 919; see also id. ("Suits that charge federal officials with unconstitutional acts are not barred by sovereign immunity since the federal official is considered to be acting outside an official capacity (i.e., acting ultra vires) if the actions are nconstitutional."
> (internal quotation marks omitted)).
> Here, however, the complaint plainly states that claims brought against Thomas in part and Dwyer in total are in their official capacities, and only to the extent required to obtain his requested relief. See Compl. ¶ 5 ("To the extent that injunctive and declaratory relief against the [Judicial Council] requires an individual defendant, Defendant [Sidney Thomas], the current Chairman of the [Judicial Council], is sued in his official capacity to obtain injunctive and declaratory relief."), ¶ 9 ("Defendant, [Molly Dwyer] is sued in her official capacity as Clerk of the Ninth Circuit Court of Appeals. The only relief requested of her is the public release of documents in her control."). There are otherwise no allegations in the complaint regarding any actions that specifically Dwyer undertook which were ultra vires acts, especially where the gravamen of the complaint concerns the 2010 Order, predating Dwyer's current tenure on the Judicial Council. The allegations as to Thomas in his official capacity as the current chairperson of the Judicial Council are also bald and insufficient to demonstrate any ultra vires act.

April 9, 2021 Order, Docket No. 72 at 10 fn. 12.

Lawsuits seeking remedies for application of unconstitutional lawsuits against government officials do not need to show that the particular individual federal defendants actually did anything wrong.  Individual state and federal officers who did nothing are regularly sued by name to challenge unlawful statutes or acts of other governmental agents.  Thus wardens are sued in habeas

-6-

cases alleging wrongful convictions, even though the wardens have nothing to do with it. The Chief Justice of the Supreme Court of the State of California and other judges were held to be properly sued in constitutional attacks on California's vexatious litigant statute, even though the judges had no role in creating the statute. *Wolfe v. Strankman,* 392 F.3d 358, 364-5 (9th Cir. 2004); *Wolfe v. George,* 486 F.3d 1120 (9th Cir. 2007). The same is true in federal court. In one of the more recent cases holding a federal statute unconstitutional, the defendant was the director of the Patent and Trademark Office. *See Matal, Interim Director, United States Patent and Trademark Office v. Tam,* 582 US __, 137 S. Ct. 1744, 1754, 198 L. Ed. 2d 366 (2017). ("Tam contested the denial of registration…. [e]ventually, he took the case to federal court"). A federal governmental individual defendant does not have to have played any role in the creation of the unconstitutional statute to be validly sued. The Court's assumption that such a requirement exists is manifestly erroneous and not supported by any citation to authority.

But even if were the case, as to the judicial defendants, a straightforward amendment to the complaint addresses this problem. As shown in the attached Exhibit 1 to the motion under Rule 59, Docket No. 85, which is a mark-up of the ORIGINAL COMPLAINT, Plaintiff can simply change the complaint to sue every individual in an individual and personal capacity; Exhibit 2 has the same changes made to the proposed First Amended Complaint filed as Docket No. 55-1. See Docket No. 85. This eliminates the issue of sovereign immunity as to them. Ninth Circuit case law states that ""[L]eave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Information Services LLC*, 629 F.3d 876, 892 (9th Cir. 2010), citing Fed. R. Civ. P. 15(a). This rule has been interpreted to require a district court to grant leave to amend with two exceptions. The first exception is prejudice. While this case has been pending for nearly a year, the Defendants have not filed an answer, and not all Defendants have been served due to obstruction. Thus there is no prejudice to the Defendants. The second is futility. These proposed changes addressed the barriers to finding the Defendants' actions to be ultra vires.

Defendants have exactly zero argument to rebut the above analysis. The Court must, after discovery and the issue of judicial disqualification is addressed, address the above argument and vacate Judge Rogers' order in this respect.

### IV. JUDGE ROGERS'S MANIFESTLY ERRED IN HER ANALYSIS OF FEDERAL JUDICIAL IMMUNITY FROM INJUNCTIVE RELIEF

Judge Rogers held that federal judges, unlike state court judges, are immune from injunctive and declaratory relief:

> the weight of authority demonstrates that this immunity applies beyond instances merely concerning damages, including instances where declaratory and injunctive relief are asserted even without a *Bivens* claim. *See Atkinson- Baker*, 7 F.3d at 1454 (immunity from First and Fifth Amendment claims for injunctive and declaratory relief); *Moore v. Brewster,* 96 F.3d 1240, 1243-44 (9th Cir. 1996) (immunity from claims that bond release "constituted a Due Process violation, civil conspiracy, fraud, and intentional infliction of emotional distress"). *See also Mullis,* 828 F.2d at 1394.

April 9, 2021 Order, Docket No. 72 at 12.

However, the immunity described is only for judicial acts, that is to say, acts that are subject to review by higher courts. After conceding that United States Supreme Court decisional law exempted state courts from judicial immunity for injunctive and declaratory relief, Judge Tashima ruled that:

> Our research has found only two post- Pulliam cases in which the defendant asserted judicial immunity against equitable relief in a *Bivens* action. In *Affeldt v. Carr,* 628 F. Supp. 1097 (N.D.Ohio 1985), the court dismissed an action for damages and declaratory and injunctive relief against a United States magistrate based on asserted violations of plaintiff's constitutional rights. The court there followed Pulliam, holding that the magistrate had absolute judicial immunity from damages, but that judicial immunity did not apply to claims for declaratory and injunctive relief. Id. at 1102. Nonetheless, the court noted that the usual requirements for an award of equitable relief applied in civil rights cases so that "the plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." Id. at 1103 (citing *Pulliam,* 466 U.S. at 537, 104 S.Ct. at 1978). *Affeldt* held that plaintiff had an adequate remedy at law because all of the magistrate's acts could have been reviewed on appeal to the district court, the court of appeals and the Supreme Court or by extraordinary writ. As an alternative, plaintiff could have sought disqualification of the magistrate. Id. The court also found that plaintiff had not shown any threat of irreparable harm or injury and that greater injury would "be caused to the administration of justice and the ability of the Magistrate to perform his duties" if it were to grant the declaratory and injunctive relief sought. *Id.* Thus, the court held that equitable relief was unavailable in the circumstances of that case.
>
> *Affeldt* illustrates the anomaly that arises when the *Pulliam* exception to judicial immunity is applied against a federal judicial officer. Where a federal official meets the prerequisites for judicial or quasi-judicial immunity from damages, there will invariably be an adequate remedy through either ordinary appeals or by extraordinary

writ. In the case at bench, appellant had adequate remedies through: (1) appeal from the bankruptcy court to the bankruptcy appellate panel or the district court and then to this Court under 28 U.S.C. § 158(a), (b)(1) and (d); (2) this Court's powers under the All Writs Act, 28 U.S.C. § 1651; (3) a motion to withdraw the reference to the bankruptcy court, 28 U.S.C. § 157(d); or (4) a motion to disqualify the bankruptcy judge, Bankr.R. 5004(a), or the district judge, 28 U.S.C. § 144 455. Indeed, a quick perusal of the voluminous entries on the docket of the underlying bankruptcy case reveals that Mullis made more than ale use of the available procedures for appeal and mandamus.

Given these remedies, a bankruptcy litigant cannot show an inadequate remedy "at law" and a serious risk of irreparable harm, prerequisites to injunctive relief under *Pulliam,* 466 U.S. at 537, 104 S.Ct. at 1978. However, the threat of damage to the orderly administration of justice in the federal court system is great. By styling his or her complaint as a *Bivens* injunctive action, a federal court litigant could circumvent the limitations on direct appeal, including interlocutory appeal, and for extraordinary writs. To allow a district court to grant injunctive relief against a bankruptcy court or the district court in the underlying bankruptcy case would be to permit, in effect, a "horizontal appeal" from one district court to another or even a "reverse review" of a ruling of the court of appeals by a district court. Such collateral attacks on the judgments, orders, decrees or decisions of federal courts are improper. *See Brown v. Baden,* 815 F.2d 575, 576-77 (9th Cir. 1987); *In re Braughton,* 520 F.2d 765, 766 (9th Cir. 1975); *Tanner Motor Livery Ltd. v. Avis, Inc.,* 316 F.2d 804, 810 (9th Cir.), cert. denied, 375 U.S. 821, 84 S.Ct. 59, 11 L.Ed.2d 55 (1963).

Moreover, once the reviewing court issued a decision, the losing party conceivably could then file a successive suit for injunctive relief alleging violations of its constitutional rights and so on ad infinitum. Cf. Baier v. Parker, 523 F. Supp. 288, 291 (M.D.La. 1981) (dismissing an action for declaratory relief that essentially sought review of decisions rendered by another district court and a court of appeals).

These problems suggest that the *Pulliam* exception to judicial immunity should not apply in a *Bivens* action pending in federal court.

*Mullis v. U.S. Bankr. Court for Dist. of Nevada,* 828 F.2d 1385, 1391-3 (9th Cir. 1987).

While *Mullis* only addressed *Bivens* actions, there is an argument that it can be extended to any situation where the litigant seeks to impose a collateral attack where the litigant has the right of appeal or mandamus to a higher court. But Judge Rogers concedes that no such right existed as to the Judicial Council's Censure Order. Since there is no right to appeal or obtain a writ of mandamus, *Mullis* and the cases which cite to it manifestly do not apply; they only apply, at most, to "judicial acts" for which an appellate, mandamus, or certiorari remedy exists, which is not the case here.

-9-
REPLY IN SUPPORT OF MOTION FOR NEW TRIAL AND TO VACATE

The nonsensical nature of Judge Rogers' opinion is made clear when her analysis concerning *Mullis* and its progeny is put side by side with her own words, which quote the D.C. Circuit:

> *McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders,* 264 F.3d 52, 58-64 (D.C. Cir. 2001). *See also id.* at 62 (refusing "to read [the judicial review bar] to allow review of constitutional as-applied claims by conventional courts"). Indeed, as the D.C. Circuit recognized in *McBryde,* jurisdiction is appropriate for only those claims challenging the facial constitutionality of the Judicial Conduct and Disability Act of 1980 itself—and no other type of claim. *Id.* at 58-59, 62. Sanai otherwise cites no authority for the proposition that ultra vires claims are not subject to this judicial review bar, and the Court can find no logic in extending this one exception to section 357 to cover such ultra vires claims.

April 9, 2021 Order, Docket No. 72 at 11:13-18.

Plaintiff's lawsuit raises facial claims, which he sought to highlight in his proposed FAC, alleging that:

> The Censure Order was unconstitutional, because the JCDA does not give the JC jurisdiction to issue such orders, and the JCDA does not give complainants due process rights to prove their complaints or even an independent, impartial tribunal with notice of evidence used against a complainant. Indeed, after filing a complaint, the evidence uncovered by any investigation is kept secret.

Proposed FAC, Docket No. 55-1, ¶79; see also Exhibit 2, ¶79.

That is a facial, overbreadth as standing contention as to Complainants, but also a pure facial attack as to complainants and judges regarding the absence of any right to an impartial tribunal. Under Judge Rogers' analysis, it is literally impossible to bring such a facial attack due to the combination of sovereign and judicial immunity from injunctive relief. This demonstrates that Judge Rogers' analysis is absurd, because it directly conflicts with published appellate law she acknowledges is correct.

The Defendants, four of whom are Ninth Circuit Judges, have literally zero argument to address the manifest error committed by Judge Rogers. The Court must, after discovery and the issue of judicial disqualification are addressed, address the above argument.

V. **JUDGE ROGERS FAILS TO MAKE ANY MEANINGFUL ANALYSIS OF COUNT 6**

Count 6 concerns the bar complaint filed by Catterson which resulted in a private admonition, and then Catterson's subsequent secret efforts to bulldoze the Office of Chief Trial Counsel into

bringing charges for the judicial misconduct complaint Plaintiff filed as well as other matters. Judge Rogers made no meaningful analysis of Count 6 because she got the underlying facts wrong by failing to read the Complaint and instead plagiarizing Defendants' false characterization of what happened.  She dismissed Count 6 on the grounds of the "judicial review bar" in the Act. However, Count 6 does not implicate judicial review of the Censure Order.  The Censure Order could be completely correct, and still all Defendants could be found liable under Count 6.

The Censure Order instructed that "[t]he Clerk shall also serve this order on the State Bar of California, 1149 S. Hill Street, Los Angeles, CA, 90015-2219, to consider appropriate disciplinary action."  Docket No. 36-5 at 3.

Catterson's performance of this act—service of the Censure Order—resulted in no material injury to Plaintiff.    See Complaint, Docket No. 1, at ¶71.  The State Bar declined to initiate a misconduct proceeding and instead issued a private admonition, recognizing that the Judicial Council's refusal to provide documents doomed any such proceeding.  If Catterson had done nothing more, Count 6 would never have been filed.  However, she did much more than that; and her activities in bulldozing the State Bar into filing a meritless bar complaint are the proximate cause of the injuries suffered by Sanai.  These actions also were not judicial or administrative actions.  They were not made pursuant to any official order or directive of the Judicial Council or any Court.  Instead, they were taken at the behest of Judge Kozinski, with the silent assent of the other Defendants. *See* Complaint, Docket No. 1 at ¶¶ 72-73.  Nor were these action judicial or administrative in nature; anyone can file a complaint with the Bar.

Because the actions of Catterson, at the behest of Kozinski and with the complicity of the Judicial Council members, were not official actions of the Judicial Council nor actions which were exclusively judicial or administrative, and because these actions do not require any review of the correctness of the Censure Order, the judicial review bar, judicial immunity, and sovereign immunity do not apply.  Judge Rogers committed manifest error in dismissing Count 6 pursuant to the judicial review bar when no judicial review of the Censure Order is necessary or even relevant.

Defendants have exactly zero argument to rebut the above analysis.  The Court must, after discovery and the issue of judicial disqualification is addressed, address the above argument and

-11
REPLY IN SUPPORT OF MOTION FOR NEW TRIAL AND TO VACATE

vacate Judge Rogers' order of dismissal as to Count 6.

## X.  CONCLUSION

The Court should therefore order discovery.  After discovery is concluded and the results submitted to the Court, the Court should hold oral argument on the issues set forth herein, then explicitly address Plaintiff's arguments.  In doing so Judge Rogers' judgment and orders on the merits discussed above should be vacated, as there is literally no conceivable argument rebutting Plaintiff's analysis.  Leave to amend should be granted in the form attached as Exhibit 2 attached to the motion to vacate.

Dated:  June 1, 2021

By: _____/s/ Cyrus Sanai_____
       CYRUS SANAI
         Plaintiff