UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CYRUS SANAI**, <br> Plaintiff, <br> v. <br> **ALEX KOZINSKI, ET AL.**, <br> Defendants. | Case No. 4:19-cv-08162-YGR <br><br> **ORDER DENYING: (1) MOTION PURSUANT TO FED. R. CIV. P. 59 TO ALTER OR AMEND JUDGMENT AND FOR NEW TRIAL; AND (2) MOTION PURSUANT TO FED. R. CIV. P. 60 FOR RELIEF FROM JUDGMENT AND ORDERS** <br><br> Re: Dkt. Nos. 85, 86 |

*Pro se* plaintiff Cyrus Sanai, an attorney who is suing various current and former federal judges, court staff, and federal and state judicial entities, has filed two post judgment motions: (1) a motion pursuant to Federal Rule of Civil Procedure 59 to alter or amend the judgment and for new trial (Dkt. No. 85); and (2) a motion pursuant to Federal Rule of Civil Procedure 60 for relief from the judgment and orders (Dkt. No. 86).[1] Having reviewed the motions and their briefing, the parties' prior briefing, the Court's prior Orders, and the operative complaint, the post judgment motions are **DENIED**.[2]

---

[1] Mr. Sanai identifies in his motions two final judgments at Docket Numbers 74 and 76 from which he seeks relief. As reflected at Docket Number 74, however, the filing of that document was due to "CLERK'S ERROR AS TO FILING. INCORRECT ENTRY." (*Id.*) The controlling final judgment, issued later that same day, is at Docket Number 76.

[2] The Court has reviewed the papers submitted by the parties in connection with the post judgment motions, and has determined that the motions are appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728-29 (9th Cir. 1991). Accordingly, the Court **VACATES** the June 15, 2021 motions hearing date.

The standards for motions brought under Federal Rules of Civil Procedure 59 and 60 are well known and not in dispute by the parties. Thus:

Federal Rule of Civil Procedure 59 permits a party to file a motion for a new trial, Fed. R. Civ. P. 59(a), or to "alter or amend a judgment no later than 28 days after the entry of the judgment." Fed. Rule Civ. Proc. 59(e). Here, Mr. Sanai brings his Rule 59 motion under Rules 59(a) and 59(e). Rule 59(a) is only facially applicable to instances where a trial has occurred. *See* Fed. R. Civ. P. 59(a)(1). No trial has occurred in this action, which was dismissed based on a Rule 12 motion. Mr. Sanai otherwise cites to no authority suggesting that Rule 59(a) is applicable in this circumstance. Thus, the Court confines its analysis to Rule 59(e).

A court may alter or amend a judgment under Rule 59(e) where: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe RR. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and alterations omitted); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (same). Of these four grounds, Mr. Sanai avers that the Court's prior Order dismissing this case "was clear error" of law or fact and "was manifestly unjust." (Dkt. No. 85 at 19.)

Rule 59(e) is generally seen as "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); *see also Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (substantively same). A motion under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (same); *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (noting that a party must overcome a "high hurdle" to obtain relief under Rule 59(e)).

Indeed, Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)). In other words, "Rule 59(e) does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Patton Boggs, LLP v. Chevron Corp.*, 791 F. Supp. 2d 13, 27 (D.D.C. 2011) (internal quotation marks omitted); *see also see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend [under Rule 59(e)]."); *Vega v. Comm'r of Social Sec. Admin.*, 472 F. App'x 827 (9th Cir. 2012) (denying a Rule 59(e) motion when the argument could have been raised in the earlier dispositive motion).

Next, under Federal Rule of Civil Procedure 60(b):

> [T]he court may relieve a party or its legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, within reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Mr. Sanai's Rule 60 motion indicates that he is bringing his motion under Rule 60(b)(6), "any other reason that justifies relief." (*See* Dkt. No. 86 at 4 ("This motion requests, pursuant to Fed. R. Civ. P. 60(b)(6) . . . ."), 25 ("One of the factors in granting relief under FRCP 60(b)(6) . . . .").)

Rule 60(b)(6) specifically endows courts with discretion "to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) (internal quotation marks omitted). Similar to Rule 59(e), Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an

erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks omitted). Indeed, with respect to such motions, the Ninth Circuit has cautioned:

> Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. Accordingly, a party who moves for such relief must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.

*Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (citations, internal quotation marks, and ellipsis omitted). The "extraordinary circumstances" standard for assessing a Rule 60(b)(6) motion is intended to avoid a mere "second bite at the apple." *In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989).

A district court enjoys considerable discretion for motions brought under Rule 59(e) and Rule 60(b). *See McDowell*, 197 F.3d at 1255 n.1 (noting that "enjoys considerable discretion" in granting or denying a motion to amend or alter a judgment under Rule 59(e)); *Barber v. State of Hawai'i,* 42 F.3d 1185, 1198 (9th Cir.1994) (noting that motions under Rule 60(b) "are addressed to the sound discretion of the district court").

Here, Mr. Sanai has not overcome the high hurdles under either Rule 59 or Rule 60 which warrant the granting of such motions in extraordinary or highly unusual circumstances. The gravamen of Mr. Sanai's motions is that the Court is required to disclose certain additional information or to recuse under 28 U.S.C. section 455. Indeed, Mr. Sanai's Rule 60 motion is focused exclusively on the refusal of the Court to recuse or to disclose certain additional information. (*See generally* Dkt. No. 86; *see also* Dkt. No. 85 at 20-21 (incorporating the arguments in the Rule 60 motion as to recusal and disclosure).)

As reflected on the docket, Mr. Sanai filed a related motion for recusal or disclosure. (Dkt. No. 77.) In response to Mr. Sanai's incessant allegations and arguments regarding recusal and disclosure, which impugn the integrity of the Court and the judicial process, the Court ordered the

motion to be randomly assigned and heard by another judge in this federal district. (Dkt. No. 79.)[3] The motion for recusal or disclosure was randomly assigned to United States District Judge James Donato. In denying this motion, Judge Donato found Mr. Sanai's "recusal theories [] inherently unreasonable and untethered to any evidence that might make them even colorable," and that a "good argument can be made that they are frivolous" where Mr. "Sanai is a practicing lawyer who can reasonably be expected to have a sharper understanding of the governing standards for recusal than a non-lawyer pro se party." (Dkt. No. 89 at 7.)

Based on this Court's own prior analysis, the Court concurs. Mr. Sanai's arguments as to recusal and disclosure do not overcome the high hurdles requiring extraordinary or highly unusual circumstances to support the granting of the post judgment motions.[4] Mr. Sanai has not otherwise demonstrated any clear or manifest error of law or fact, or any manifest injustice. Thus, the Rule 60 motion is **DENIED** and the Rule 59 motion is **DENIED** on this ground.[5]

Mr. Sanai's additional grounds articulated in his Rule 59 motion do not persuade. Mr. Sanai continues to dispute the Court's conclusions that sovereign immunity bars an action against defendants Sidney Thomas and Molly Dwyer in their official capacity, and that the acts at issue are judicial acts which are entitled to judicial immunity. Mr. Sanai again fails to grapple with or address any of the Court's cited authority weighing against him. (*See* Dkt. No. 75.) Instead, Mr. Sanai has only shown his continued disagreement with the Court's sovereign immunity and judicial immunity analyses, and has otherwise failed to show any clear error or manifest injustice therein that would warrant the granting of a Rule 59(e) motion. *See Bey v. Malec*, No. 18-cv-02626-SI, 2020 WL 3058336, at *2 (N.D. Cal. June 9, 2020) ("While courts within the Ninth

---

[3] In response to further requests by Mr. Sanai to disclose, the Court again reiterated that it had no relevant information to share or disclose pursuant to section 455. (*See* Dkt. No. 81.)

[4] Mr. Sanai's later filed motion seeking relief from Judge Donato's Order was summarily denied by Judge Donato, which Judge Donato noted "simply expresses disagreement" with his Order and which does not satisfy the standards under Rule 60(b). (Dkt. No. 96.)

[5] Mr. Sanai's request to stay a decision on the Rule 60 motion until after the completion of post judgment discovery of the Court is further **DENIED** for reasons articulated by Judge Donato in his Order. (*See* Dkt. No. 89 at 3-5.)

Circuit have not strictly defined what constitutes clear error for Rule 59(e) motions, courts have generally found that 'mere doubts or disagreement about the wisdom of a prior decision of . . . [the] court will not suffice'. . . Rather, for there to be clear error, the previous decision 'must strike [a court] as more than just maybe or probably wrong; it must be dead wrong." (*quoting Teamsters Local 617 Pension and Welfare Funds v. Apollo Grp., Inc.,* 282 F.R.D. 216, 231 (D. Ariz. Mar. 30, 2012)); *see also Weeks*, 246 F.3d at 1236 (concluding that to permit plaintiff "to amend his complaint post-judgment . . . would simply grant him the forbidden second bite at the apple" (internal quotation marks omitted)). In sum, Mr. Sanai's continued umbrage that the Court ultimately adopted defendants' position is not a basis for a Rule 59(e) motion. Thus, the Rule 59 motion is also appropriately **DENIED**.

Accordingly, the post judgment motions brought under Rules 59 and 60 are **DENIED**.

This Order terminates Docket Numbers 85 and 86.

**IT IS SO ORDERED.**

Dated: June 10, 2021

                                                   **YVONNE GONZALEZ ROGERS**
                                                   **UNITED STATES DISTRICT JUDGE**