Cyrus M. Sanai, SB#150387
SANAIS
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, California, 90210
Telephone: (310) 717-9840
cyrus@sanaislaw.com

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

CYRUS SANAI, an individual,

              Plaintiff,

vs.

ALEX KOZINSKI, in his personal capacity; CATHY CATTERSON, in her personal capacity; THE JUDICIAL COUNCIL OF THE NINTH CIRCUIT, an administrative agency of the United States; MOLLY DWYER, in her official capacity; SIDNEY THOMAS, in his official and personal capacities; PROCTOR HUG JR., in his personal capacity; M. MARGARET MCKEOWN, in her personal capacity; RONALD M. GOULD, in his personal capacity; JOHNNIE B. RAWLINSON, in her personal capacity; AUDREY B. COLLINS, in her personal capacity; IRMA E. GONZALEZ, in her personal capacity; ROGER L. HUNT, in his personal capacity; TERRY J. HATTER JR., in his personal capacity; ROBERT H. WHALEY, in his personal capacity; THE JUDICIAL COUNCIL OF CALIFORNIA, an administrative agency of the State of California; and DOES 1-10, individuals and entities whose identities and capacities are unknown;

              Defendants.

Case No.  19-CV-08162-YGR

**MOTION FOR LEAVE TO FILE MOTION PURSUANT TO FED. R. CIV. P. 60(B)(4) AND FED. R. CIV. P. 60(B)(1) FOR RELIEF FROM ORDER OF JUNE 16, 2021, DOCKET NO. 100, ORDER OF JUNE 7, 2021, DOCKET NO. 96, AND ORDER OF MAY 24, 2021, DOCKET NO. 89.**

Complaint Filed:   December 17, 2019

# MOTION

**TO ALL THE PARTIES AND THE CLERK OF THE COURT**

Plaintiff Cyrus Sanai hereby files this motion pursuant to Fed. R. Civ. P. 60(b)(4) and Fed. R. Civ. P. 60(b)(1) for leave to file a motion for relief from the  orders by Judge  Donato of  June 16, Docket No. 100, June 7, 2021, Docket No. 96, and May 24, 2021, Docket No. 89, and  on the grounds that Judge Donato's orders are void as a violation of due process—the rights to be heard in a meaningful manner, the right to equal protection, and the right to ensure that tribunal is impartial under statutory and constitutional basis—and are erroneous.   Plaintiff requests that the orders be vacated, and the motion filed as Docket number 96 be evaluated in accordance with the law applicable to post-judgment proceedings, and that no pre-filing order be imposed as the existing pre-filing order and any pre-filing order, including L.R. 7-9, are both void and contrary to the Federal Rules of Civil Procedure. Vacatur of the  orders of  June 7, 2021 by Judge  Donato, Docket No. 96, and May 24, 2020, Docket No. 89 are also required based on the cumulative errors of Judge Donato having eliminated Plaintiff's constitutional rights to be heard in a meaningful manner, to equal protection, to enforce the right to an impartial tribunal, and to a fair trial.

Though Plaintiff is fully entitled to file a motion directly requesting such relief, Judge Donato has refused to allow Plaintiff to do so, so Plaintiff is filing this motion to demonstrate that Judge Donato's order is void and made in bad faith.

Though Plaintiff references other orders of Judge Donato and Judge Rogers, no such orders are challenged by this motion; any such challenges are reserved for future motions.

By: _____/s/ Cyrus Sanai_____
                    CYRUS SANAI
                    Plaintiff

MOTION FOR RELIEF FROM JUDGMENT AND ORDER

# TABLE OF CONTENTS OF MEMORANDUM OF POINTS AND AUTHORITIES

I.      INTRODUCTION ................................................................................................................ 3
II.     INTRODUCTION AND PROCEDURAL HISTORY ......................................................... 4
III.    WHAT THIS MOTION IS NOT ........................................................................................ 7
IV.     THE COURT'S UNCONSTITUTIONAL CONDUCT REGARDING PLAINTIFF'S
        MOTIONS FORCES PLAINTIFF TO FILE SUCCESSIVE POST-JUDGMENT
        MOTIONS TO AVOID FORFEITURE. ............................................................................. 8
        A. In Order to Avoid Appellate Forfeiture, Plaintiff Must Present All of the Court's
           Defective Reasoning and False Characterizations of the Record and Law in Post-
           Judgment Motions ...................................................................................................... 8
        B. The Court's Disregard and Burdening of Post-Judgment Motion Rights Mean That
           Their Orders and Judgments are Void....................................................................... 9
           1.  Judicial Judgments or Orders That are the Product of Violation of Due Process are
               Void. ..................................................................................................................... 9
           2.  The Orders of Judge Donato are Void and a Mistake, Correctible Under Fed. R.
               Civ. P. 60(b)(1) and 60(b)(4).............................................................................. 14
V.      CONCLUSION ................................................................................................................. 20

--
TABLES

1

# TABLE OF AUTHORITIES

2

**Cases**

*Bolling v. Sharpe,* 347 US 497 (1954) ........................................................................... 10

*Bynoe v. Baca,* 966 F. 3d 972 (9th Cir. 2020) ................................................................. 13

*Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009) ................................................. 10

*Cashner v. Freedom Stores, Inc.,* 98 F.3d 572 (10th Cir. 1996) ...................................... 12

*Cheney v. U.S. Dist. Court for the Dist. of Columbia,* 541 U.S. 913 (2004) .......... 5, 19, 20

*Christmas v. City of Chicago,*  682 F. 3d 632 (7th Cir. 2012) ...................................... 4, 19

*Coppedge v. United States,* 369 U.S. 438 (1962) ............................................................ 18

*Cowen v. Knott,* 252 So. 2d 400 (Fla. Dist. Ct. App. 1971) ............................................. 19

*Dowd v. United States ex rel. Cook,* 340 U.S. 206 (1951) ............................................... 18

*FDIC v. Castle,* 781 F.2d 1101 (5th Cir.1986) ................................................................ 12

*Griffin v. Illinois,* 351 U.S. 12 (1956) ............................................................................ 18

*Honcharov v. Barr,* 924 F.3d 1293 (9th Cir. 2019) ........................................................... 8

*In re 310 Associates,* 346 F.3d 31 (2d Cir.  2003) ........................................................... 11

*In re Center Wholesale, Inc. (Owens-Corning Fiberglas Corp. v. Center Wholesale, Inc.),*
    759 F.2d 1440 (9th Cir. 1985) ................................................................... 3, 9, 13

*In Re Complaint of Judicial Misconduct (Real),* 425 F.3d 1179 (9th Cir. 2005) ............ 21

*In re Int'l Fibercom, Inc.,* 503 F.3d 933 (9th Cir. 2007) ........................................... 12, 19

*Jimenez v. Weinberger,* 417 U.S. 628 (1974) ................................................................. 10

*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F. 3d 347 (9th Cir. 1999) ...... 12, 13

*Lairsey v. Advance Abrasives Co.,* 542 F.2d 928 (5th Cir. 1976) ..................................... 12

*Liberty Mut. Ins. Co. v. EEOC,* 691 F.2d 438 (9th Cir.1982) .................................... 12, 16

*Malek v. Federal Ins. Co.,* 984 F.2d 49 (2d Cir. 1993) .................................................. 19

*Mathews v. Eldridge,* 424 U.S. 319 (1976). .................................................................... 10

*Mendez v. Republic Bank,* 725 F. 3d 651 (7th. Cir. 2013) ............................... 10, 11, 12

Order of January 17, 2017, *Morris v. Sandoval,* Case No.  12-cv-06132-JD, Docket No. 227 15, 18

Order of September 12, 2016, *Gardner v. Chevron Capital Corp,* Case No. 15-cv-01514-JD,
    Docket No 64 ..................................................................................... 3, 15, 18

*Parks v. U.S. Life & Credit Corp.,* 677 F.2d 838 (11th Cir.1982) ................................... 12

*Ringgold v. Cty of Los Angeles,* 761 F.3d 1057 (2014) ......................................... 16, 17, 21

*SEC v. Internet Solutions for Business Inc.,* 509 F. 3d 1161 (9th Cir. 2007) ................... 14

*Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396 (5th Cir.1981) ............................................ 12

*The Presbyterian Church (USA) v. The United States of America,* 870 F. 2d 518 (9th Cir. 1989) .. 6

*Thomas P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica,*
    614 F.2d 1247 (9th Cir.1980) ...................................................................... 14

*United States v. Frederick,* 78 F.3d 1370 (9th Cir. 1996) ................................................. 4

*United States v. Reyes,* 307 F.3d 451 (6th Cir.2002) ...................................................... 12

*United States v. Wallace,* 848 F. 2d 1464 (9th Cir. 1998) .............................................. 19

*Village of Willowbrook v. Olech,* 528 U.S. 562 (2000) ................................................... 18

**Statutes**

28 U.S.C. §455 ............................................................................................................... 17

**Other Authorities**

Nussbaum, Martha,
    Citadels of Pride-Sexual Assault, Accountability, and Reconciliation (2021) ......................... 19

--

**Rules**

Fed. R. Civ. P. 59 ................................................................................................................. 8
Fed. R. Civ. P. 59(e) ........................................................................................................... 3
Fed. R. Civ. P. 60(b) ........................................................................................................... 9
Fed. R. Civ. P. 60(b)(1) ............................................................................... 3, 11, 13, 14, 16, 17
Fed. R. Civ. P. 60(b)(4) ................................................................................................ 3, 13, 14
L.R. 7.3(a) ........................................................................................................................... 5
L.R. 7.3(c) ........................................................................................................................... 5
L.R. 7-9 .................................................................................... 3, 14, 15, 16, 17, 19, 20, 21

**Constitutional Provisions**

U.S. Const., amend V ........................................................................................................... 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

The two judges in this case, Judge Rogers and Judge Donato, have decide critical motions by putatively misapprehending and misrepresenting judicially noticeable texts.  In the case of Judge Rogers, she committed judicial plagiarism, basing orders on manifestly false characterization of Plaintiff's complaint and judicially noticed orders.  In the case of Judge Donato, he denied an order based on a manifestly false characterization of L.R. 7-9's words; but in at least two other actions, he entered orders which interpreted the local rule in the opposite fashion.

Judge Rogers and Judge Donato's due process violations don't end there.  Judge Rogers explicitly pre-judged Plaintiff's post-judgment motion under Fed. R. Civ. P. 59(e), and Judge Donato validated that pre-judgment.  Order, May 24, 2020, Docket No. 89.  But that was not sufficient for Judge Donato, so with an implied "hold my beer", he denied a motion challenging his May 24, 2021 order by ruling that a post-judgment motion attacking a post-judgment order is barred by L.R. 7-9—but under Judge Donato's own, prior orders, L.R. 7-9 does not apply "at this stage of the litigation.  *See* Civil L.R. 7-9(a)."  Order of September 12, 2016, *Gardner v. Chevron Capital Corp,* Case No. 15-cv-01514-JD, Docket No 64 at 1:15-16  (copy attached hereto as Exhibit B).  He then ruled that Plaintiff's motion under Fed. R. Civ. P. 60(b)(1) failed because it did not provide "new facts or law", when all Plaintiff has to show is a judicial mistake.  *See* June 7, 2021 Order, Docket No. 89.   Finally, Judge Donato issued an order barring Plaintiff from filing any more motions regarding recusal, including recusal of him, thus stripping Plaintiff of any opportunity to present statutory or constitutional grounds to recuse Judge Donato in the first instance.  No rule, statute, or decision was cited.

Both Judge Donato and Judge Rogers' orders are void for the reasons set forth above, and they may be vacated under Fed. R. Civ. P. 60(b)(4).  "We have previously acknowledged that a judgment may be set aside on voidness grounds under Rule 60(b)(4) for a violation of the due process clause of the Fifth Amendment. *Winhoven v. United States,* 201 F.2d 174, 175 (9th Cir. 1952)."  *In re Center Wholesale, Inc. (Owens-Corning Fiberglas Corp. v. Center Wholesale, Inc.),*

759 F.2d 1440, 1448 (9th Cir. 1985).  But the orders' cumulative effect means that they have eliminated Plaintiff's fundamental right to a fair trial.  *United States v. Frederick,* 78 F.3d 1370, 1381 (9th Cir. 1996)  ("Although each of the above errors, looked at separately, may not rise to the level of reversible error, their cumulative effect may nevertheless be so prejudicial to the appellants that reversal is warranted.").  Though cumulative error doctrine normally arises in criminal cases, it also applies in civil cases in state and federal court, sometimes under different names such as "cumulative effect".  *See, e.g. Christmas v. City of Chicago,* 682 F. 3d 632, 643 (7th Cir. 2012).

## II.      INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff filed a motion for recusal of Judge Rogers, docket no. 77, followed by a motion to shorten time on discovery, which is moot, and a motion for discovery, docket no. 84, regarding the issues of disqualification of Judge Rogers and the issue of whether Judge Donato, to whom the motions under Docket Nol. 77 and 84 were assigned, was potentially disqualified under the following grounds:

(1) Friendship with any individual defendant sued in a personal capacity;

(2) Ex parte acquisition of information concerning the underlying facts, particularly from the late Circuit Judge Hug, for whom Judge Donato clerked;

(3) the financial interest of Judge Rogers or any other district court judge arising from consideration for the current open slot in the Ninth Circuit created when Judge Berzon elected to take senior status.

Plaintiff did not file a motion to disqualify Judge Donato, however.

One of the grounds for seeking recusal of Judge Gonzales was that she had pre-judged Plaintiff's post-judgment motions when she wrote of Plaintiff's pre-judgment motion under L.R. 7.3 for leave to file a motion for reconsideration of her interlocutory order of dismissal:

> To the extent that Sanai has issue with the Order and the substance therein, the proper procedure is to appeal this Order to the Ninth Circuit Court of Appeals for a review of the Order at Docket Number 72.

April 12, 2021 Order Docket No. 75 at 1:16-18.

Plaintiff filed his noticed motion for discovery on May 4, 2021.  *See* Docket No. 84.  The

1    opposition was due 14 days thereafter, and a timely opposition was filed on the due date, May 18,

2    2021.  *See* L.R. 7.3(a);  Docket No. 88.  The reply was therefore due seven days after the deadline

3    for filing the opposition, on May 25, 2021.  L.R. 7.3(c).

4        However, Judge Donato elected to eliminate Plaintiff's right of reply, guaranteed by both local

5    rules and constitutional due process under the Fifth Amendment, by deciding the motion the day

6    before Plaintiff was required to file his reply in support of his motion for discovery.  *See* Docket.

7    No. 89; U.S. Const., amend V.  Judge Donato not only denied the motion for disqualification and

8    discovery, he falsely stated that Plaintiff had moved to disqualify Judge Donato, and denied that

9    motion, as follows:

        Although the analysis of each Section 455(a) recusal request must be guided by
        "an independent examination of the unique facts and circumstances of the particular
10       claim at issue," id., a well-informed, thoughtful observer would be aware that recusal
        is not required based on the mere existence of personal or working relationships
11       among colleagues, or even friendships. *See* Cheney, 541 U.S. 913.
        The discovery Sanai seeks goes exactly to these irrelevant concerns. He asks to
12       explore "Judge Donato's background" and related topics that bear no meaningful
        connection to the purposes of Section 455. Dkt. No. 80 at 2-3; see also Dkt. No. 84
13       at 2-3 (listing discovery topics such as Judge Gonzalez Rogers' and the Court's
        "personal relationships with any of the Defendants.").
14
15
16   Docket No. 89 at 4:21-5:3.

17        Judge Donato's citation to *Cheney* for the proposition that "recusal is not required based on

18   the mere existence of …. even friendships" is totally and completely false.  In *Cheney v. U.S. Dist.*

19   *Court for the Dist. of Columbia,* 541 U.S. 913, 916 (2004) Justice Scalia wrote that recusal is

20   required if one is suing a government official in their personal capacity and damages are

21   requested: "friendship is a ground for recusal of a Justice where the personal fortune or the

22   personal freedom of the friend is at issue….".  *Cheney, supra,* at  916.  The majority of Justice

23   Scalia's pellucid verbiage in *Cheney* is devoted to a self-evident exception:  recusal is not

24   required where one is suing a government official **solely** in their official capacity:

        That an officer is named has traditionally made no difference to the proposition
25       that friendship is not considered to affect impartiality in official-action suits.
        Regardless of whom they name, such suits, when the officer is the plaintiff, seek
26       relief not for him personally but for the Government; and, when the officer is the
        defendant, seek relief not against him personally, but against the Government.
27

28   *Cheney, supra,* at 917.

-5-

MEMORANDUM OF POINTS AND AUTHORITIES

The reason this is self-evident is that when one sues a federal or state official solely in an

official capacity, one is actually suing the government; naming an official is the

> *Ex parte Young* fiction, which permitted a plaintiff to name a government official
> as the defendant in equitable actions to redress government misconduct, on the
> pretense that the suit was not actually against the government. By invoking the
> Young fiction plaintiffs could, even before Congress amended § 702 in 1976,
> maintain an action for equitable relief against unconstitutional government
> conduct, whether or not such conduct constituted "agency action" in the APA
> sense. *See, e.g., Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682,
> 689-91, 69 S.Ct. 1457, 1461-62, 93 L.Ed. 1628 (1949); *U.S. v. Yakima Tribal
> Court,* 806 F.2d 853, 859 (9th Cir.1986); *Clark v. Library of Congress,* 750 F.2d
> 89, 102 (D.C.Cir.1984).

*The Presbyterian Church (USA) v. The United States of America,* 870 F. 2d 518, 525-6 (9th Cir.

1989).

The fiction is still alive and well, except when it is invoked by Plaintiff in a case involving

judicial misconduct.

In addition to rejecting Plaintiff's arguments by stating that cited authority means the opposite

of what it clearly states, Judge Donato, like Judge Rogers, lobbed a threat of sanctions:

> Overall, Sanai's recusal theories are inherently unreasonable and untethered to
> any evidence that might make them even colorable. A good argument can be
> made that they are frivolous, especially in light of the fact that Sanai is a
> practicing lawyer who can reasonably be expected to have a sharper
> understanding of the governing standards for recusal than a non-lawyer pro se
> party.

Order, Docket No. 89 at 7:17-21.

The reality is the opposite:  it is Plaintiff who has asserted valid theories, which Judge Donato

could not address without turning relevant authority on its head and trying to shake it to death.

Plaintiff filed a motion to vacate Judge Donato's erroneous order under Fed. R. Civ. P. (b)(1) on

June 4, 2021.  He also stated that he would be filing on June 7, 2021 a motion to disqualify Judge

Donato.

Judge Donato beat the second motion to the punch, filing the following order:

> ORDER. Sanai's "motion for relief" [95] is an improper request for
> reconsideration that does not meet the requirements of Civil L.R. 7-9. No new
> facts or law of any materiality are presented, and the motion simply expresses
> disagreement with the Court's conclusions in the Order re Motions for Recusal,
> Disclosure, and Discovery [89]. That is no basis for reconsideration. To the extent

-6-

the motion is proper under Federal Rule of Civil Procedure 60(b)(1), which is questionable, it does not establish a "mistake" for the same reasons. Sanai's request to appoint a special master under Rule 53 is denied as unwarranted and unsupported by the record. There is no discovery for a special master to preside over, and the Court has already resolved the disqualification issue. No further filings on recusal will be accepted without prior Court approval. Signed by Judge James Donato on 6/7/2021. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jdlc2S, COURT STAFF) (Filed on 6/7/2021)

Order, June 7, 2021, Docket No. 96.

Plaintiff filed a motion on June 10, 2021, Docket No. 98, attacking the same orders under attack in this motion other than Docket No. 99.  Judge Donato refused to consider the merits of the order because he held that a motion seeking to vacate his erroneous orders was a motion that under Docket No. 96 required his permission for leave to file.  See June 16, 2021 Order Docket No. 100. Notably, Judge Donato did not assert that Plaintiff had violated L.R. 7-9; he only contended that his order was violated.  Of course, this now lacks any pretense of being grounded in rule or case law.

## III.    WHAT THIS MOTION IS NOT

Because Judge Donato has demonstrated that he will intentionally misconstrue a motion so that he can knock down a straw man version of a motion he suspects will be later filed, Plaintiff will explain what this motion is not.

First, this motion is not an attack on any orders of Judge Rogers. That motion is filed separately.

This motion is not addressing Judge Rogers' violation of due process except to set the stage and context for what Judge Donato did.

This is not a motion to disqualify Judge Donato.  Such a motion will be filed, indeed must be filed.  But it has not yet been filed in this case.

This is not a motion addressing the merits of recusal.  Rather, this is a motion seeking to file a motion to vacate all of the procedural barricades erected by Judge Donato to obtaining discovery against Judge Donato and Judge Rogers regarding recusal, in part on the grounds that the order requiring such pre-filing, Docket No. 96, is without support in any rule or case law, and is void as a violation of the due process right to be heard.

MEMORANDUM OF POINTS AND AUTHORITIES

**IV.   THE COURT'S UNCONSTITUTIONAL CONDUCT REGARDING PLAINTIFF'S MOTIONS FORCES PLAINTIFF TO FILE SUCCESSIVE POST-JUDGMENT MOTIONS TO AVOID FORFEITURE.**

**A.   In Order to Avoid Appellate Forfeiture, Plaintiff Must Present All of the Court's Defective Reasoning and False Characterizations of the Record and Law in Post-Judgment Motions**

The Ninth Circuit and other appellate courts dictate that a litigant who fails to bring an issue or contention to the attention of a trial court risks forfeiture of such issue or contention on appeal. A recent decision explained that:

> Waiver and forfeiture are an important part of any adjudicative system, whether judicial or administrative. These doctrines "preserve the integrity of the appellate structure" by ensuring that "an issue must be presented to, considered and decided by the trial court before it can be raised on appeal." *Torres de la Cruz v. Maurer,* 483 F.3d 1013, 1023 (10th Cir. 2007) (quoting *Tele-Communications, Inc. v. Comm'r of Internal Rev.,* 104 F.3d 1229, 1233 (10th Cir. 1997)). Particularly when the issue requires resolving disputed facts, such presentation is crucial because it allows the adjudicator with the best understanding of the case to make an initial determination, make the necessary findings, and conduct any additional proceedings necessary to reach a fair and just result. Waiver and forfeiture also encourage the orderly litigation and settlement of claims by preventing parties from withholding "secondary, back-up theories" at the trial court level, thus allowing party-opponents to appraise frankly the claims and issues at hand and respond appropriately. *See id.*

> Waiver and forfeiture are thus important tools for preserving the structure of hierarchical court systems by allowing appellate courts to act as courts of "review, not first view." *Maronyan v. Toyota Motor Sales, USA., Inc.,* 658 F.3d 1038, 1043 n.4 (9th Cir. 2011) (quoting *Cutter v. Wilkinson,* 544 U.S. 709, 718 n.7, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005)).

*Honcharov v. Barr,* 924 F.3d 1293, 1295-6 (9th Cir. 2019)

In the ordinary course of litigation, both parties should have the ability to thoroughly address all issues via briefing at an appropriate length plus oral argument, unless the district court provides less space then necessary, denies oral argument, and/or decides the motion or case based on grounds not raised in the briefing or oral argument. If the district court does not ensure that all issues are properly addressed, the remedy for the losing party is, in the Northern District, prior to judgment, a motion for leave to file a motion for reconsideration under L.R. 7-9, after judgment, a motion under Fed. R. Civ. P. 59, and both before and after judgment, a motion under Fed. R. Civ.

-8-

P. 60(b).

Rather than conduct these proceedings in an orderly and deliberative process and preparing judicial orders that accurately lay out the facts, explain the relevant legal principles with accurate citations to relevant law, and then apply such principles in a logical and ordered fashion, this Court has repeatedly dealt with the law and facts like Donald Trump being interviewed by CNN.

While Judge Donato, like Judge Rogers, keeps pointing Plaintiff to seek redress at the Court of Appeals, it is premature for him to do so until he has presented all arguments and issues to the trial court to avoid forfeiture.  Because both Judge Rogers and Judge Donato without notice pull out manifestly false characterizations of the undisputed records and obviously mistaken interpretations of law like dead rabbits out of a moth-eaten hat and drop them into their orders, Plaintiff is forced to file post-judgment motions to attack these judicial defects to ensure there is no forfeiture of issues.  Because the orders of both Judge Donato and Judge Rogers reject the availability of post-judgment motions and orders, they are not only restricting Plaintiff's established due process rights under the Federal Rules of Civil Procedure, they are also creating substantial, perhaps fatal, burdens on this appellate rights.

### B. The Court's Disregard and Burdening of Post-Judgment Motion Rights Mean That Their Orders and Judgments are Void

#### 1. Judicial Judgments or Orders That are the Product of Violation of Due Process are Void.

Under federal law, an order or judgment is void if it involves a violation of due process of law:

> As noted above, Owens-Corning is appealing the bankruptcy and district courts' denial of its Rule 60(b) motion on voidness grounds. A judgment is not void merely because it is erroneous. It is void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, **or if the court acted in a manner inconsistent with due process of law.** See 11 C. Wright & A. Miller, Federal Practice and Procedure § 2862 at 198-200 (1973) and cases cited therein.
> ….We have previously acknowledged that a judgment may be set aside on voidness grounds under Rule 60(b)(4) for a violation of the due process clause of the Fifth Amendment. *Winhoven v. United States,* 201 F.2d 174, 175 (9th Cir. 1952).

*In re Center Wholesale, Inc. (Owens-Corning Fiberglas Corp. v. Center Wholesale, Inc.),* 759 F.2d 1440, 1448 (9th Cir. 1985)

-9-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Due process has three fundamental elements: the right to notice, the right to be heard in a meaningful manner, and the right to a tribunal that is not biased. *Goldberg v. Kelly,* 397 U.S. 254 (1970). The tribunal also cannot appear to be biased under the constitutional standard articulated in *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009). In addition, in the sphere of federal law, violation of equal protection is also a violation of due process under the Fifth Amendment. *See Bolling v. Sharpe,* 347 US 497, 499 (1954); *Jimenez v. Weinberger,* 417 U.S. 628, 637 (1974) (basing judgment on the "equal protection of the laws guaranteed by the due process provision of the Fifth Amendment.")

The second due process basis for post-judgment motions is that the due process itself requires a district court to properly address post-judgment motions. The due process right to be heard

> is the opportunity to be heard "at a meaningful time and in a meaningful manner."
> *Armstrong v. Manzo,* 380 U. S. 545, 552 (1965). *See Grannis v. Ordean,* 234 U.
> S. 385, 394 (1914).

*Mathews v. Eldridge,* 424 U.S. 319, 333 (1976).

Post-judgment motions to attack a trial court's orders or judgments are a very important part of a litigant's due process rights, as the Seventh Circuit explained in its discussion of Fed. R. Civ. P. 60(b)(1) motions:

> [W]e agree with the significant majority of the circuits that subsection (1) of Rule 60(b) allows a district court to correct its own errors that could be corrected on appeal, at least if the motion is not a device to avoid expired appellate time limits.[4] As Judge Friendly observed nearly fifty years ago, "no good purpose is served by requiring the parties to appeal to a higher court, often requiring remand for further trial proceedings, when the trial court is equally able to correct its decision in the light of new authority on application made within the time permitted for appeal...." *Schildhaus v. Moe,* 335 F.2d 529, 531 (2d Cir.1964) (citations omitted). Likewise in the rare case where a district judge recognizes a clear legal or factual error before a pending appeal has been briefed, no purpose is served by prohibiting the district judge from remedying the error. The parties in such cases, consistent with the goal of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive" resolution of disputes, may be spared the effort and expense of preparing an appeal and educating a new court on the particulars of their case. *See* Fed.R.Civ.P. 1; *see also Varhol v. Nat'l R.R. Passenger Corp.,* 909 F.2d 1557, 1574 (7th Cir.1990) (en banc) (Manion, J., concurring) (noting that Rule 1 is a rule of construction for interpreting the Rules).

*Mendez v. Republic Bank,* 725 F. 3d 651, 661-2 (7th. Cir. 2013).

As the Seventh Circuit observed, nearly all circuits have decided that Fed. R. Civ. P. 60(b)(1)

authorizes a litigant to attack both the legal and factual errors made by a court, in addition to new

law:

> With only two exceptions, all of the circuits that have considered this
> question have concluded that Rule 60(b)(1) may appropriately be used to grant
> relief from judgment for legal errors that may be corrected on appeal. For cases in
> favor of Rule 60(b)(1) relief in such circumstances. *See In re 310 Associates,* 346
> F.3d 31, 35 (2d Cir.2003) ("In two early cases, this Court established a principle
> that Rule 60(b)(1) was available for a district court to correct legal errors by the
> court.") (citation omitted); *United States v. Reyes,* 307 F.3d 451, 455 (6th
> Cir.2002) (Rule 60(b)(1) relief available "when the judge has made a substantive
> mistake of law or fact in the final judgment or order"); *Cashner v. Freedom
> Stores, Inc.,* 98 F.3d 572, 578 (10th Cir. 1996) ("The Tenth Circuit has made it
> clear that certain substantive mistakes in a district court's rulings may be
> challenged by a Rule 60(b)(1) motion."); *FDIC v. Castle,* 781 F.2d 1101, 1104
> (5th Cir.1986) ("The law of this circuit permits a trial judge, in his discretion, to
> reopen a judgment on the basis of an error of law.") (citation omitted); *Liberty
> Mut. Ins. Co. v. EEOC,* 691 F.2d 438, 441 & n. 5 (9th Cir.1982) ("The law in this
> circuit is that errors of law are cognizable under Rule 60(b)."); *Parks v. U.S. Life
> & Credit Corp.,* 677 F.2d 838, 839-40 (11th Cir.1982) (Rule 60(b)(1)
> "encompasses mistakes in the application of the law").
>
> For a circuit opposed, *see Venegas-Hernandez v. Sonolux Records,* 370 F.3d
> 183, 189 (1st Cir.2004) ("One might, and some courts do, think that Rule
> 60(b)(1)'s reference to `mistake' as a grounds for relief from judgment includes
> this type of error of law. But this circuit decided that question the other way in
> 1971."). The Third Circuit has taken a similar approach in a non-precedential
> order in 2005 that we refrain from citing.

*Mendez, supra,* at 659 fn. 4

It's therefore clear that a party may raise legal error and factual error as grounds for reversing

a trial court's error without having to show new facts or new law, though new facts and new law

are also accepted as grounds for relief.

The seven circuits, including the Ninth Circuit, that accept Fed. R. Civ. P. 60(b)(1) as a tool to

correct a mistake made by a judge differ somewhat in how it applies and if there is a deadline

shorter than the one-year deadline in the rule.

The Second Circuit allows both legal and factual errors to be corrected under Fed. R. Civ. P.

60(b)(1). *In re 310 Associates,* 346 F.3d 31 (2d Cir.  2003).   The motion must be filed within the

time to appeal the challenged orders.   *Id.*   There is no heightened burden to correction.

The Sixth Circuit holds that a motion must be filed within the time to appeal to address it on all issues. *United States v. Reyes,* 307 F.3d 451, 455 (6th Cir.2002). Relief available "when the judge has made a substantive mistake of law or fact in the final judgment or order" with no heightened burden for correction.

The Seventh Circuit, has discussed above, requires that a motion must be filed within the time to appeal, and relief is available on issues of fact and law upon a showing of "clear error of fact and law." *Mendez, supra.*

The Tenth Circuit allows relief "where the judge has made a substantive mistake of law or fact in the final judgment or order" but has not found a specific deadline exists yet. *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir. 1996).

The Fifth Circuit allows the motion to made to correct errors of fact and law, and relief should be liberally granted "in order to do substantial justice." *FDIC v. Castle,* 781 F.2d 1101, 1104 (5th Cir.1986), *quoting Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981). The time to take an appeal is not a limitation on seeking relief. *Lairsey v. Advance Abrasives Co.,* 542 F.2d 928 (5th Cir. 1976).

The Eleventh Circuit held that all mistakes of judges can be corrected and there is no heightened showing. *Parks v. U.S. Life & Credit Corp.,* 677 F.2d 838, 839-40 (11th Cir.1982). Any challenge must be filed before the time to appeal has run, or while an appeal is pending.

Finally, the Ninth Circuit has explicitly held that error of law by the judge may be addressed by the motion. *Liberty Mut. Ins. Co. v. EEOC,* 691 F.2d 438, 441 & n. 5 (9th Cir.1982), or mistakes of fact by the judge, *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F. 3d 347, 350 (9th Cir. 1999). There is no heightened showing as to errors of law; indeed, the Ninth Circuit subsequently made clear that in *Liberty Mutual,* the relief was granted for "mere mistake." *In re Int'l Fibercom, Inc.,* 503 F.3d 933, 941 n.7 (9th Cir. 2007).[1] Last year the Ninth Circuit reminded

---

[1] Plaintiff speculated in his first motion under Fed. R. Civ. P. 60(b)(1) that a heightened showing might be required in the Ninth Circuit. While the Ninth Circuit has not addressed this question as to mistakes of fact, it is clear from the above case law that the Ninth Circuit does not require a showing of clear or manifest error; it is sufficient to show "mere mistake." *In re Int'l Fibercom, Inc.* at 941 n.7.

-12-

district courts that:

> Bynoe seeks relief under Rule 60(b), which permits litigants to request reconsideration of a final judgment, order, or proceeding entered against them. **The Rule lists five circumstances that may justify reopening a final judgment**—including, for example, newly discovered evidence, fraud by the opposing party, **or a mistake committed by the court**—and a sixth, catch-all category.

*Bynoe v. Baca,* 966 F. 3d 972, 979 (9th Cir. 2020) (bold emphasis added).

The Ninth Circuit also does not require that a motion under Fed. R. Civ. P. 60(b)(1) follow the time limit of an appeal.

> But Rule 60(b)(1) is not limited to mistake or inadvertence by the judgment debtor. Because the words "mistake" and "inadvertence" are not so limited, they may include mistake and inadvertence by the judge. We held that a district court can correct its own mistake months after judgment, under Rule 60(b), in *Gila River Ranch, Inc. v. United States,* 368 F.2d 354, 357 (9th Cir. 1966); see also Restatement of Judgments 2d § 68, illustration 5 (1982).

*Kingman, supra,* at 350.

Plaintiff has filed this motion before the time for any appeal has expired.  Accordingly, even under the more restrictive views of other circuits, which are not applicable in the Ninth Circuit, this motion is timely.

As for attacking an order or judgment as void under Fed. R. Civ. P. 60(b)(4), there is no time limit whatsoever:

> The rule requires that a 60(b)(4) motion "be 1448*1448 made within a reasonable time," but if a judgment is void, a motion to set it aside may be brought at any time. See 11 C. Wright & A. Miller, Federal Practice and Procedure § 2862 at 197 (1973) and cases cited therein. Moreover, a void judgment cannot acquire validity because of laches on the part of the judgment debtor (Owens-Corning in this case). Id. Therefore, Owens-Corning's delay in bringing its Rule 60(b)(4) motion is irrelevant and the motion was timely.

*In re Center Wholesale, supra,* at 1448-9.

In addition, a court is without its normal discretion to refuse to vacate a judgment when it is void and attacked under Fed. R. Civ. P. 60(b)(4):

> "Necessarily a motion under this part of the rule differs markedly from motions under the other clauses of Rule 60(b). There is no question of discretion on the part of the court when a motion is under Rule 60(b)(4). Nor is there any requirement, as there usually is when default judgments are attacked under Rule 60(b), that the moving party show that he has a meritorious defense. Either a judgment is void or it is valid. Determining which it is may well

-13-

present a difficult question, but when that question is resolved, the court must act accordingly." (Footnotes omitted.) Wright & Miller, Federal Practice & Procedure: Civil § 2862, at 197.

We have been asked to review the District Court's exercise of discretion in granting relief from default for mistake, inadvertence, surprise, or excusable neglect, under Rule 60(b)(1). The District Court did not need to and should not have reached that question. The motion filed by the Consejo on January 11, 1977 was adequate to warrant both dismissal of the action and complaint and relief from the default judgment. If the Court had ruled properly on that motion, the Rule 60(b)(1) argument would have been moot.

…..
Because it is clear from the record that ….the judgment was, therefore, void, the District Court had a nondiscretionary duty to grant relief….

*Thomas P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica,* 614 F.2d 1247, 1256 (9th Cir.1980); *SEC v. Internet Solutions for Business Inc.,* 509 F. 3d 1161 (9th Cir. 2007) (Because the only basis upon which the district court could have properly granted the motion was that the judgment was void….the district court was without its normal discretion to grant or deny the motion and, therefore, consideration of the merits of the defense, prejudice, or culpability was not proper", *citing Thomas P. Gonzalez Corp., supra*).

### 2.  The Orders of Judge Donato are Void and a Mistake, Correctible Under Fed. R. Civ. P. 60(b)(1) and 60(b)(4)

Judge Donato's June 16, 2021 Order, Docket No. 100, and  June 7, 2021 Order, Docket No. 93 are  invalid and void orders when made, which may be vacated under Fed. R. Civ. P. 60(b)(4) and vacated well as under Fed. R. Civ. P. 60(b)(1).  The orders rest on three manifestly false assertions: first, Judge Donato is applying L.R. 7-9  to a motion attacking a **post-judgment** order. The plain language of L.R. 7-9 demonstrates that L.R. 7-9 is simply inapplicable:

(a)  Leave of Court Requirement. **Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case,** any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any **interlocutory** order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion. Cross Reference
*See Fed. R. Civ. P. 54(b) regarding discretion of Court to reconsider its orders prior to entry of final judgment.*

L.R. 7-9 (bold emphasis added, italics in original).

Plaintiff was not requesting "[b]efore the entry of a judgment" that Judge Donato reconsider

-14-

"any interlocutory order".  The order being attacked was not interlocutory, but post-judgment.

Judge Donato knows that his order was post-judgment: he wrote that:

> **No pre-judgment motion** for reconsideration under Local Rule 7-9 may be brought without leave of court. *See* Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the **interlocutory order** for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the **interlocutory order**; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before **such interlocutory order**. *See* Civil L.R. 7-9(b).

Order of January 17, 2017, *Morris v. Sandoval,* Case No.  12-cv-06132-JD, Docket No. 227, at 1:18-2:3 (attached hereto as Exhibit A, italics in original, bold emphasis added)

In a case the year before the order in *Morris* quoted above and attached hereto as Exhibit B, Judge Donato denied a motion for reconsideration of a dismissal order and judgment filed post-judgment "because motions for reconsideration are unavailable at this stage of the litigation.  *See* Civil L.R. 7-9(a)."  Order of September 12, 2016, *Gardner v. Chevron Capital Corp,* Case No. 15-cv-01514-JD, Docket No. 64 at 1:15-16  (copy attached hereto as Exhibit B).

Judge Donato clearly knows and has ruled that L.R. 7-9 only applies to pre-judgment motions attacking interlocutory (i.e. pre-judgment) orders.  *See Morris,* at, Exh. A at 1:18-2:3; *Gardner*, Exh. B at 1:15-16.  His refusal to apply in Plaintiff's case the same rule he applies in other cases is a violation of the constitutional guarantee of equal protection, and a violation of the constitutional due process, specifically the right to be heard in a meaningful manner and the right to ensure that a party has an impartial tribunal.  To put it bluntly, Judge Donato knows how to read and interpret the plain language of L.R. 7-9, but he refused to apply it to Plaintiff Sanai to disadvantage him and avoid addressing the merits of his arguments.

Judge Donato's second manifestly false assertion of law was that because "[n]o new facts or law of any materiality" are asserted, that the motion was improper under L.R. 7-9.  However, "new facts or law" are not required under L.R. 7-9:

> The moving party must specifically show reasonable diligence in bringing the motion, and **one** of the following:
> (1)  That at the time of the motion for leave, a material difference in fact

or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2)  The emergence of new material facts or a change of law occurring after the time of such order; or

**(3)  A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.**

L. R. 7-9 (bold emphasis added),

Thus even if L.R. 7-9 did apply, which it does not because the order was not interlocutory and the motion was filed after entry of judgment, new facts or law is just one of three grounds for reconsideration.

Judge Donato's third manifestly false contention of law was that the only proper basis for a motion under Fed. R. Civ. P. 60(b)(1) was "new facts or law".  Judge Donato cites no authority for this proposition, because he knows from reading Plaintiff's motion that it's a lie.  *See Liberty Mut. Ins. Co, supra.*

The portion of Judge Donato's June 7, 2021 order, Docket No. 96, stating that no further motions may be made regarding recusal without leave of court is also a violation of due process, as was his June 16, 2021 order, Docket No. 100.  Federal courts have limited authority to restrict filings in federal court outside impartially neutral rules applied to all:

Restricting access to the courts is, however, a serious matter. "[T]he right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner,* 143 F.3d 1219, 1222 (9th Cir. 1998). The First Amendment "right of the people ... to petition the Government for a redress of grievances," which secures the right to access the courts, has been termed "one of the most precious of the liberties safeguarded by the Bill of Rights." *BE & K Const. Co. v. NLRB,* 536 U.S. 516, 524-25, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) (internal quotation marks omitted, alteration in original); *see also Christopher v. Harbury,* 536 U.S. 403, 415 n. 12, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (noting that **the Supreme Court has located the court access right in the Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and the Fourteenth Amendment equal protection clause**).

Profligate use of pre-filing orders could infringe this important right, *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir.2007) (per curiam), as the pre-clearance requirement imposes a substantial burden on the free-access guarantee.

*See Ringgold v. Cty of Los Angeles,* 761 F.3d 1057, 1061-62 (2014)(bold emphasis

-16-

1    added, italics in original).

2        Judge Donato does not attempt to explain or justify his order barring Plaintiff from filing any

3    motion to recuse Judge Donato without his prior permission.  However, as discussed below, it

4    completely fails to meet the requirements of L.R. 7-9, as it purports to restrict post-judgment

5    filings, and he does not assert that he is filing any kind of vexatious litigant order; and if he were,

6    his June 7, 2021 order completely fails every single requirement in *Ringgold, supra.*

7        Judge Donato's application of a different set of procedural rules to Plaintiff than he has applied

8    to other litigants raised not only the issue of an appearance of bias, but demonstrates **actual** bias.

9    In Judge Donato's May 24, 2021 order , Judge Donato falsely asserted that Plaintiff had moved to

10   recuse him under 28 U.S.C. §455, when Plaintiff did no such thing. *See* Docket No. 89.  Judge

11   Donato in his June 7, 2021 order, Docket No. 96, he refused to address a motion to vacate his

12   order denying a motion that Plaintiff never filed, and barred Plaintiff from filing a motion to

13   recuse him without his permission, which motion Plaintiff has yet file.  Judge Donato is thus

14   placing a "substantial burden" on Plaintiff exercising his statutory and constitutional rights by pre-

15   deciding motions Plaintiff has not filed, then intentionally misapply L.R. 7-9, all to ensure that

16   Plaintiff cannot exercise his statutory and constitutional rights to obtain an impartial tribunal.

17       As discussed above, Judge Donato pre-emptively falsely claimed that Plaintiff filed a motion

18   to disqualify him that was never made, Docket No. 89.  When Plaintiff filed a motion under  Fed.

19   R. Civ. P. 60(b)(1) to vacate it Docket No. 89, Judge Donato held, in the alternative, that this

20   motion violated L.R. 7-9 or that it failed under Fed. R. Civ. P. 60(b)(1) because no new facts or

21   law were asserted.  Order, Docket No. 94.  However, as discussed above, not a single Circuit,

22   including the Ninth holds that motions under Fed. R. Civ. P. 60(b)(1) may only be granted under

23   new facts and law.  Finally, he issued a pre-filing filing order; if under L.R. 7-9, it violates the

24   plain language of the rule, as Judge Donato knows, and if under some other authority, it violates

25   both Due Process and the First Amendment.  *Ringgold, supra.*

26       These scheme violates the due process right to be heard in a meaningful time and a meaningful

27   manner.  It has crippled Plaintiff of his right to file a motion to disqualify Judge Donato under

28   statutory and constitutional grounds.

Judge Donato's orders, Docket nos. 94 and 100, also violate equal protection.  Judge Donato applied L.R. 7-9 in Docket no. 94 when he knows, and has ruled, that L.R. 7-9 does not apply to post judgment attacks or order which are not interlocutory.  *See* Exh. A, Exh. B.  This intentional and dishonest action is violation "class of one" equal protection, recognized by  the United States Supreme Court  in *Village of Willowbrook v. Olech,* 528 U.S. 562 (2000).  In *Willowbrook,* the United States Supreme Court formally clarified that an equal protection claim can be raised by a person without alleging he belongs in any protected class.

A class of one equal protection claim can overlap with, but is fundamentally different from, a claim of error.  A claim of error says that the law is X, but the state court rule Y.  A claim of equal protection violation has to flavors; first, that a court or judge in the past has ruled that the law is X, but in the case of the victim, the court ruled that the law is Y, the opposite of X; or second, that most litigants have the right to do X, but in the case of the victim, the right is eliminated or burdened.

The Supreme Court has applied the equal protection clause to procedural rules.  In one of the earliest examples of class of one application, the United States Supreme Court held that a rule which effectively prohibited or impaired the ability to file a state court appeal was a violation of the equal protection clause.   *Dowd v. United States ex rel. Cook,* 340 U.S. 206 (1951).   In particular, the United States Supreme Court stated that "a discriminatory denial of the statutory right of appeal is a violation of the Equal Protection Clause of the Fourteenth Amendment." *Id.* at 208.

Even the landmark decision in *Griffin v. Illinois,* 351 U.S. 12 (1956), was based on both Fourteenth Amendment guarantees of due process and equal protection. In *Coppedge v. United States,* 369 U.S. 438 (1962), the court in referring to *Griffin v. Illinois* said:

> We found the failure of the State to provide for appellate review for indigents in noncapital cases, when such review was available for all defendants able to purchase transcripts, an `invidious discrimination' inconsistent with the guarantees of due process and equal protection of the laws of the Fourteenth Amendment.

369 U.S. at 447, fn. 13.

Here, Judge Donato imposed a burden—a pre-filing motion requirement—in the post-judgment context where he knows it is not relevant. This was a fundamental violation of equal

-18-

protection.

Judge Donato's rulings also effectively eliminated Plaintiff's right to ensure that he has an impartial tribunal under the statutory and constitutional basis. Where the defendants are judges, one of the most obvious potential grounds for disqualification is a personal friendship. However, Judge Donato denied that is possible. He wrote that "recusal is not required based on the mere existence of …. even friendship. *See Cheney,* 541 U.S. 913." Docket No. 89 at 4:23-5.

Judge Donato's statement regarding the disqualification for friendship is clear error, and given Judge Donato's mendacity regarding L.R. 7-9, almost certainly the product of intentional mendacity. What Justice Scalia actually wrote in *Cheney, supra,* is directly the opposite. He stated that: "friendship is a ground for recusal of a Justice where the personal fortune or the personal freedom of the friend is at issue….". *Cheney, supra,* at 916. However, because Judge Donato clearly lied in his discussion of L.R. 7-9, as he knows the correct law, in the context of this case, Judge Donato's application of a fake rule of law to Plaintiff rises to the level of an intentional violation of equal protection.

Judge Donato's ruling regarding recusal and discovery, as to himself and Judge Rogers, are void. But it should not be forgotten that they also count as error correctible under Fed. R. Civ. P. 60(b)(1). Where judicial mistake of law is attacked under that rule, under the Ninth Circuit it is sufficient to show "mere mistake." *In re Int'l Fibercom, Inc., supra,* at 941 n.7.

In analyzing the prejudicial effect of Judge Donato's orders, it is not proper to conduct a "balkanized, issue-by-issue harmless error review". *United States v. Wallace,* 848 F. 2d 1464, 1476 (9th Cir. 1998). The Court must conduct a cumulative error or cumulative effect analysis of the due process violations. *See Christmas, supra,* at 643 (applying Seventh Circuit "cumulative effect" test in civil case to determine whether "the district court's evidentiary rulings along with their conduct at trial deprived them of a fair trial"); *Malek v. Federal Ins. Co.,* 984 F.2d 49, 55 (2d Cir. 1993); *Cowen v. Knott,* 252 So. 2d 400, 401 (Fla. Dist. Ct. App. 1971)("mistake compounded is reversible error").

If Judge Donato's conduct of his portion of this case involved prejudicial due process violations, his orders and the resolution of Fed. R. Civ. P. 60(b)(6) motion by Judge Rogers are

void.  Taken together, Judge Donato's conduct of this litigation would be suspected by any reasonable observer to be aimed at ensuring that actual friendships between himself and Judge Rogers with one or more of the Defendants are never publicly revealed or addressed.  It explains why Judge Donato lied about what *Cheney, supra,* actually holds; why he purported to decide a motion to disqualify him that had not been filed (and still has not); and why, when these mistake of law were pointed out, Judge Donato lied about what L.R. 7-9 states, even though his prior rulings state the opposite of what he claims.

## V.    CONCLUSION

This lawsuit arises from decades of misconduct by multiple judges that were facilitated by some federal judges and known about by more.  The story is far from over; last month one of America's most prominent legal philosophers addressed it, and Plaintiff is aware of at least one other book on the subject in the course of publication. *See* Nussbaum, Martha, Citadels of Pride-Sexual Assault, Accountability, and Reconciliation (2021), at 125-149.  Another book covering this issue is due for publication in October.

This stage of the litigation could be seen as an ironic payback on Judge Rogers' flip comment that "[t]o the extent that Sanai has issue with the Order and the substance therein, the proper procedure is to appeal this Order to the Ninth Circuit Court of Appeals for a review of the Order at Docket Number 72." April 12, 2021 Order Docket No. 75 at 1:16-18.  Because the Order at Docket No.72, and Order at Docket No. 75 and every order after that with legal content has incorporated a factual falsehood, a legal misrepresentation, and/or a violation of constitutional rights, Plaintiff has been forced to file multiple post-judgment motions to ensure that he does not forfeit any appellate issues.  As every motion by Plaintiff triggers another effort by this Court to sidestep the clear errors and misrepresentations of fact and law, the issues in this case are ballooning.  Now Plaintiff is filing a motion for leave to file a motion to vacate void orders of this Court, a completely unnecessary step that has been implemented due to Judge Donato's fear of having to explain his misrepresentation of the holding of *Cheney, supra.*

MEMORANDUM OF POINTS AND AUTHORITIES

Judge Donato also has no ability to explain the grounds for his pre-filing order either.  It does not meet the standards of *Ringgold, supra.*  He has abandoned L.R. 7-9 as grounds for it.  His conduct easily meets the description of judicial misconduct articulated by Defendant Alex Kozinski:

> I believe the judge who is the subject of the complaint in this case has committed serious misconduct by abusing his judicial power. See Jeffrey M. Shaman, Steven Lubet James J. Alfini, Judicial Conduct and Ethics, § 2.07, at 50 (3d ed. 2000)[hereinafter Shaman, Lubet Alfini] ("Judges abuse the power of the judicial office when they abbreviate or change critical aspects of the adversary process in ways that run counter to the scheme established by relevant constitutional and statutory law.")…..
> …..
> The so-called hearing on the second of these motions gives a pretty good flavor of the judge's attitude in this matter. The motion (and an unrelated motion) were argued together on June 18, 2001 — after Deborah Canter had occupied the property for some 15 months past the eviction judgment. Deborah was present (apparently pro se), but said nothing of substance. After counsel for the Trust soliloquized for about a page of transcript, we find the following unilluminating exchange:
> > THE COURT: Defendants' motion to dismiss is denied, and the motion for lifting of the stay is denied — I'm sorry. The motion to dismiss is granted with ten days to amend.
> > MR. KATZ: And the motion to lift the stay is denied?
> > THE COURT: Denied; that's right.
> > **MR. KATZ: May I ask the reasons, your Honor?**
> > **THE COURT: Just because I said it, Counsel.**
> I could stop right here and have no trouble concluding that the judge committed misconduct. It is wrong and highly abusive for a judge to exercise his power without the normal procedures and trappings of the adversary system — a motion, an opportunity for the other side to respond, **a statement of reasons for the decision, reliance on legal authority.** These niceties of orderly procedure are not designed merely to ensure fairness to the litigants and a correct application of the law, though they surely serve those purposes as well. More fundamentally, they lend legitimacy to the judicial process by ensuring that judicial action is — and is seen to be — based on law, not the judge's caprice.

*In Re Complaint of Judicial Misconduct (Real),* 425 F.3d 1179, 1183, 1184-5  (9th Cir. 2005)(bold emphasis added).

Judge Donato's orders are indistinguishable from the reversible judicial misconduct committed by the late Judge Real in the Deborah Canter matter.  Plaintiff has a due process right to file a motion to reverse Judge Donato's pre-filing order.  While the order requiring this motion is void and illegal, Plaintiff is nonetheless following the procedure, even though it will most likely result

in another example of Judge Donato issuing an order the legal authority for which is "Just because I said it, Counsel."

Dated:  June 22, 2021

By: _____/s/ Cyrus Sanai_____
                        CYRUS SANAI
                        Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES

1

# DECLARATION

2

Cyrus Sanai hereby declares as follows:

3

4    1.        I am an attorney admitted in the state of California, and have been so admitted since

5  1990.  The following facts are taken from personal knowledge, except where so indicated.

6    2.        Attached hereto as Exhibit A is a true and correct copy that I downloaded from

7  PACER of  Judge Donato's Order of January 17, 2017, *Morris v. Sandoval,* Case No.  12-cv-

8  06132-JD, Docket No. 227.  Attached hereto as Exhibit B is a true and correct copy that I

9  downloaded from PACER of Judge Donato's Order of September 12, 2016, *Gardner v. Chevron*

10 *Capital Corp,* Case No. 15-cv-01514-JD, Docket No. 64.

11

12 I declare, under penalty of perjury of the law of the United States that the foregoing is true and

13 correct.

14

Dated as of June 22, 2021  in Santa Monica, California

15

16                                                      /s/ Cyrus Sanai

17

18

19

20

21

22

23

24

25

26

27

28