1  Cyrus M. Sanai, SB#150387
   SANAIS
2  9440 Santa Monica Boulevard, Suite 301
   Beverly Hills, California, 90210
3  Telephone: (310) 717-9840
   cyrus@sanaislaw.com
4

5

6

7

8        UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
                               CALIFORNIA
9

10  CYRUS SANAI, an individual,               )  Case No.  19-CV-08162-YGR
                                              )
11                  Plaintiff,                 )  **REPLY IN SUPPORT OF MOTION**
            vs.                                )  **PURSUANT TO FED. R. CIV. P.**
12                                             )  **60(B)(4) AND FED. R. CIV. P.**
    ALEX KOZINSKI, in his personal            )  **60(B)(1) FOR RELIEF FROM**
13  capacity; CATHY CATTERSON, in her         )  **ORDERS AND JUDGMENT**
    personal capacity; THE JUDICIAL           )
14  COUNCIL OF THE NINTH CIRCUIT,             )  Complaint Filed:   December 17, 2019
    an administrative agency of the United    )
15  States; MOLLY DWYER, in her               )
    official capacity; SIDNEY THOMAS,         )
16  in his official and personal capacities;   )
    PROCTOR HUG JR., in his personal          )
17  capacity; M. MARGARET                     )
    MCKEOWN, in her personal capacity;        )
18  RONALD M. GOULD, in his personal          )
    capacity; JOHNNIE B. RAWLINSON,           )
19  in her personal capacity; AUDREY B.       )
    COLLINS, in her personal capacity;        )
20  IRMA E. GONZALEZ, in her personal         )
    capacity; ROGER L. HUNT, in his           )
21  personal capacity; TERRY J. HATTER        )
    JR., in his personal capacity;  ROBERT    )
22  H. WHALEY, in his personal capacity;      )
    THE JUDICIAL COUNCIL OF                   )
23  CALIFORNIA, an administrative             )
    agency of the State of California; and     )
24  DOES 1-10, individuals and entities        )
    whose identities and capacities are        )
25  unknown;                                   )

26  Defendants.

27

28
                                      -1-

1

### REPLY MEMORANDUM OF POINTS AND AUTHORITIES

2

    The Defendants in this case have admitted that Judge Donato violated Plaintiff's constitutional

3

right to have his claims regarding judicial impartiality properly evaluated by imposing a pre-filing

4

order without following the substantive or procedural requirements for pre-filing orders set out in

5

*Ringgold v. Cty of Los Angeles,* 761 F.3d 1057, 1061-62 (2014) and cases cited therein.

6

    In *Ringgold,* the Ninth Circuit provided the following procedural and substantive requirements

7

for imposition of a pre-filing order.  First, there must be notice and an opportunity to be heard on

8

the issue of imposition of a pre-filing order.    This includes written advance notice, an opportunity

9

to be heard, and oral argument.  *See Ringgold, supra* at 1063, *citing  Molski v. Evergreen Dynasty*

10

*Corp.,* 500 F.3d 1047, 1057 (9th Cir.2007) (per curiam).  In *Molski,* the Ninth Circuit held that

11

that providing notice of an intent to impose a pre-filing order is a mandatory requirement of due

12

process.  ("The first factor under *De Long* is whether Molksi was given notice and an opportunity

13

to be heard before the district court entered the pre-filing order. This is a core requirement of due

14

process. *De Long,* 912 F.2d at 1147.")

15

    Judge Donato filed the order without giving advance notice, and refused to allow Plaintiff the

16

opportunity to address the imposition of the order before imposing it.  He violated this "core

17

requirement of due process", and the Defendants do not not deny this.  Indeed, Defendant Gould

18

was one of Ninth Circuit judges who signed *Molski*. This violation alone results in the final

19

judgment and rulings regarding discovery against Judge Rogers and Judge Donato, and the refusal

20

to order Judge Rogers' recusal, void as a violation of due process.

21

    The Defendants response to Judge Donato's "core violation of due process" is to urge that

22

Judge Rogers likewise commit the same violation by denying the motion as a violation of the pre-

23

filing order.  In other words, Judge Gould and his colleagues urge this Court to reject the very

24

published authority signed by Judge Gould, a spectacular violation of due process and

25

    Second,

26

        "[B]efore a district court issues a pre-filing injunction ... it is incumbent on
    the court to make `substantive findings as to the frivolous or harassing nature of
    the litigant's actions.'" *De Long,* 912 F.2d at 1148 (quoting *In re Powell,* 851

27

    F.2d 427, 431 (D.C.Cir.1988) (per curiam)). To determine whether the litigation
    is frivolous, district courts must "look at `both the number and content of the

28

-2-

filings as indicia' of the frivolousness of the litigant's claims." *Id.* (quoting same). While we have not established a numerical definition for frivolousness, we have said that "even if [a litigant's] petition is frivolous, the court [must] make a finding that the number of complaints was inordinate." *Id.* Litigiousness alone is not enough, either: "'The plaintiff's claims must not only be numerous, but also be patently without merit.'" *Molski,* 500 F.3d at 1059 (*quoting Moy*, 906 F.2d at 470).

As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings "show a pattern of harassment." *De Long,* 912 F.2d at 1148. However, courts must "be careful not to conclude that particular types of actions filed repetitiously are harassing," and must "[i]nstead ... `discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court.'" *Id.* at 1148 n. 3 (*quoting Powell,* 851 F.2d at 431).

Finally, courts should consider whether other, less restrictive options, are adequate to protect the court and parties. *See Molski,* 500 F.3d at 1058; *Cromer,* 390 F.3d at 818; *Safir,* 792 F.2d at 24.

....

Whether a litigant's motions practice in two cases could ever be so vexatious as to justify imposing a pre-filing order against a person, we do not now decide. Such a situation would at least be extremely unusual, in light of the alternative remedies available to district judges to control a litigant's behavior in individual cases.

The district court, however, failed to consider whether other remedies were adequate to curb what it viewed as the Ringgolds' frivolous motions practice. The Federal Rules of Civil Procedure provide courts with a means to address frivolous or abusive filings: Rule 11 sanctions. Indeed, "Rule 11's express goal is deterrence." *Warren v. Guelker,* 29 F.3d 1386, 1390 (9th Cir.1994). "[W]hen there is ... conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *see also* Fed.R.Civ.P. 11 advisory committee's note to 1993 Amendments, subdivision (d). Similar to the limitation courts have imposed on vexatious litigant orders, Rule 11 requires that "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct." Fed. R.Civ.P. 11(c)(4). Rule 11 provides a list of sanctions of varying severity that courts may, in their discretion, impose: "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* Before entering this broad pre-filing order, applicable to other cases than this one, the district court assuredly should have considered whether imposing sanctions such as costs or fees on the Ringgolds would have been an adequate deterrent. *See Cromer,* 390 F.3d at 818.

1  *Ringgold, supra* at 1066-1067.

2      Judge Donato's pre-filing order did not even purport to meet any of the requirement of

3  *Ringgold, supra,* or *Molski, supra.*  His orders, and the orders refusal to address his judicial errors,

4  are thus void.

5      The Defendants also argue that "[t]hat Order does no such thing: it merely requires Plaintiff to

6  obtain Court approval before submitting further filings on the particular topic of recusal."  Docket

7  No. 105 at 3:20-22.  The problem with this statement, over and above the procedural and due

8  process violations of the Order, is that Judge Donato refuses to address the request for Court

9  approval, filed on June 22, 2021, Docket No. 70.  Judge Donato has refused to rule on that motion

10 for more than **two months**.  There is no bona-fide opportunity to obtain his permission because he

11 will not even consider a motion requesting approval.

12     Judge Donato's ruling on the issue of recusal, including discovery, are aimed at one thing: to

13 avoid any inquiry into personal relationships between himself and the Defendants, and between

14 Judge Rogers and the Defendants.  The methods he utilizes to avoid this inquiry are to issue

15 written orders that either lie about the procedural history of this case—such as contending that

16 Plaintiff filed a recusal motion as to him, when no such motion was filed—and by making patently

17 false rulings statements about manifest judicial principles, such as by ruling that Local Rule 7-9

18 applies, when his own past orders show this is not the case—and most spectacularly, by lying

19 about the plain language of Supreme Court precedent. In *Cheney v. U.S. Dist. Court for the Dist.*

20 *of Columbia,* 541 U.S. 913, 916 (2004) Justice Scalia wrote that recusal is required if one is suing

21 a government official in their personal capacity and damages are requested: "friendship is a

22 ground for recusal of a Justice where the personal fortune or the personal freedom of the friend is

23 at issue….".  *Cheney, supra,* at  916.  Judge Donato refuses to recognizes the plain language of

24 the statue, and instead wrote that "recusal is not required based on the mere existence of …. even

25 friendship.  *See Cheney,* 541 U.S. 913." Docket No. 89 at 4:23-5.

26     Judge Donato's statement regarding the disqualification for friendship is clear error, and given

27 Judge Donato's mendacity regarding L.R. 7-9 and his imposition of a pre-filing order without

28 notice or an opportunity to be heard, almost certainly the product of intentional mendacity.  What

1   Justice Scalia actually wrote in *Cheney, supra,*  is directly the opposite of what Judge Donato

2   ruled.  By denying any discovery on this issue, Plaintiff's due process right to an impartial

3   judiciary under statute and the Fifth Amendment was denied.

4       The Defendants' efforts to argue that due process was not violated in other ways rely on

5   confusing due process as set out in the rules with judicial bias.  Thus when faced with the obvious

6   due process violation of refusing to allow Plaintiff a reply that is required by the local rules, the

7   Defendants cite a case addressing whether such denial constitutes a sign of bias.    See Docket No.

8   105 at 3:6-10.   But Plaintiff is not arguing the issue of bias of Judge Donato in his motion, for

9   which the remedy is disqualification.  Indeed, Plaintiff repeatedly notes, he has NEVER MOVED

10  FOR JUDGE DONATO'S DISQUALIFICATION.  Instead, Plaintiff has argued, and argues here,

11  that he has been prevented from obtaining discovery and presenting his arguments regarding

12  discovery and the statutory disqualification of Judge Rogers.  These are judicial errors that render

13  the proceedings void as they prevent obtaining evidence of, among other things, the kind of bias

14  based on friendship that Justice Scalia confirmed was grounds for disqualification in *Cheney,*

15  *supra.*

16      The blatant violations of due process committed by two district court judges are not going to

17  be argued to just the Ninth Circuit.  Congressmen and Senators have proposed a Judicial

18  Accountability Act to strip judges of statutory and common law protections and grant various

19  statutory protections already available to other governmental employees.  *See*

20  https://nadler.house.gov/news/documentsingle.aspx?DocumentID=394714. However, the handling

21  of this case by Judge Rogers and Judge Donato to date show that the federal judiciary is unwilling

22  to grant minimum due process rights to persons who seek redress for plain judicial misconduct.

23  Indeed, merely seeking to inquire as to personal friendships between judicial defendants and

24  district court judges is seen by the Defendants, the Department of Justice and Judge Donato as

25  litigation misconduct.

26      If Judge Rogers and Judge Donato, two judges appointed by the current party in power (and

27  the party of the sponsors of the Judicial Accountability Act) cannot provide a trial court process

28  that even approaches the minimum requirements of due process where past judicial punishment

-5-

for blowing the whistle on judicial misconduct is at issue, then Congress will be impelled to create greater disincentives to the kind of judicial misconduct displayed by Judge Donato, who is Exhibit A in the inadequacy of current federal procedures to ensure due process and equal protection of the laws when faced with claims of judicial misconduct, including sexual harassment.   It is now up to Judge Rogers whether she wishes to continue to be Exhibit B.

Dated:  August 23, 2021

By:  _____/s/ Cyrus Sanai_____
                          CYRUS SANAI
                          Plaintiff

REPLY RE MOTION UNDER F.R.C.P. 60(B)(1) and 60(B)(4)