UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS SANAI,<br><br>        Plaintiff,<br><br>    v.<br><br>ALEX KOZINSKI, et al.,<br><br>        Defendants. | Case No. 19-cv-08162-YGR   (JD)<br><br>**ORDER RE MOTION FOR LEAVE AND MOTION FOR RELIEF**<br><br>Re: Dkt. Nos. 101, 98 |

       Plaintiff Sanai's request for leave to file a motion for relief is granted. Dkt. No. 101. For the sake of efficiency, the motion for relief, Dkt. No. 98, is deemed filed. The parties' familiarity with the record is assumed, and relief from the orders on recusal, Dkt. Nos. 89, 96, is denied.

       The Northern District of California's Civil Local Rule 7-9 governs motions for reconsideration proposed for filing "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." Civil L.R. 7-9(a). The rule provides guidance because Sanai is challenging the Court's conclusions on recusal, and there will be no final "judgment" on that issue.

       In any event, irrespective of any technical niceties, the same factors that foreclosed Sanai's prior motion, Dkt. No. 95, warrant denial of this one. Sanai's belief that the Court "lied about what *Cheney*, [541 U.S. 913], actually holds," Dkt. No. 98 at 19, speaks more to his personal reaction to the denial of recusal than anything else. A simple dissatisfaction with the Court's conclusions is no basis for reconsideration or similar relief. *See* Dkt. No. 89 at 7 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

       Sanai's complaint that the Court "purported to decide a motion to disqualify him that had not been filed (and still has not)," Dkt. No. 98 at 19, reflects a misunderstanding of the recusal order. The Court expressly stated that "Sanai hints, without clearly stating, that I should recuse

myself under 28 U.S.C. § 455 from deciding the motion against Judge Gonzalez Rogers. Assuming that he has made this request, it is denied." Dkt. No. 89 at 2. Sanai's misreading of the order is not a basis for relief under Federal Rule of Civil Procedure 60(b)(1) or any other standard.

The requirement that Sanai seek approval before making further filings about recusal, Dkt. No. 96, was warranted by his record of filing repetitive motions that rehash claims and arguments, including those that have been put to rest by the Court's rulings. The order embodies "Rule 1's paramount command: the just, speedy, and inexpensive resolution of disputes." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1891 (2016). The Court "possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases,'" and a district court may exercise that power so long as it is "a reasonable response to a specific problem" and the exercise does not "contradict any express rule or statute." *Id*. at 1891-92 (citations omitted).

These requirements have been amply satisfied here. The prior approval order was narrowly tailored to the recusal claim and Sanai's refusal to accept the Court's determinations. Sanai continues to enjoy the privileges of being an ECF filer. His access to the courts has not been restricted in any way. No rule or statute has been trammeled.

Sanai's suggestion that he was robbed of the "right" to file a reply brief because the Court decided "the motion the day before Plaintiff was required to file his reply in support of his motion for discovery," Dkt. No. 101 at 5, is of no moment. There is no absolute right to file a reply. *See NLRB v. Eclipse Lumber Co.*, 199 F.2d 684, 686 (9th Cir. 1952) ("The Company claims that it is a denial of due process not to give a mandatory right to file a reply brief. We know of no such requirement."); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) ("even if Kaiser had been prevented from filing an additional brief in response to BayKeeper's [opposition] memorandum, Kaiser cites no authority suggesting that this would constitute reversible error. In fact, the only case law from this circuit addressing this issue supports a contrary conclusion.") (citing *NLRB*, *supra*). In addition, Sanai has not demonstrated that he was denied a fair opportunity to present his claims or concerns, which is all the more true in that a reply brief may not raise new matters, and a "district court need not consider arguments

raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citation omitted).

**IT IS SO ORDERED.**

Dated: September 7, 2021

_____
JAMES DONATO
United States District Judge