**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CYRUS SANAI**, <br><br>          Plaintiff, <br><br>     v. <br><br> **ALEX KOZINSKI, ET AL.**, <br><br>          Defendants. | Case No.  4:19-cv-08162-YGR <br><br> **ORDER DENYING MOTION PURSUANT TO FED. R. CIV. P. 60 FOR RELIEF FROM ORDERS AND JUDGMENT** <br><br> Re: Dkt. No. 104 |

*Pro se* plaintiff Cyrus Sanai, an attorney who has sued various current and former federal judges, court staff, and federal and state judicial entities, has filed a motion pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(4) for relief from the Court's Judgment of Dismissal and several pre-judgment and post-judgment orders. (Dkt. No. 104).  Mr. Sanai seeks relief under Rule 60(b)(1) with respect to this Court's Order Granting Motion to Dismiss (Dkt. No. 72), Judgment of Dismissal (Dkt. No. 76),[1] and Order Denying Plaintiff's Post-Judgment Motions for Relief Under Rules 59 and 60(b)(6) (Dkt. No. 97).  Plaintiff also seeks relief under Rule 60(b)(4) from the Order of Dismissal, the Order of Referral of Plaintiff's Motion for Recusal (Dkt. No. 79), and Order Denying Plaintiff's Post-Judgment Motions for Relief Under Rules 59 and 60(b)(6). Having reviewed the motion and briefing, the parties' prior briefing, the Court's prior Orders, and the operative complaint, the post-judgment motion for relief is **DENIED**.

Federal Rule of Civil Procedure 60 permits the Court to relieve a party from a final judgment, order, or proceeding.  Under Federal Rule of Civil Procedure 60(b):

> [T]he court may relieve a party or its legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, within reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

---

[1]  Mr. Sanai identifies in his motion two final judgments at Docket Numbers 74 and 76 from which he seeks relief.  As reflected at Docket Number 74, however, the filing of that document was due to "CLERK'S ERROR AS TO FILING. INCORRECT ENTRY." (*Id.*)  The controlling final judgment, issued later that same day, is at Docket Number 76.

> (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Mr. Sanai's Rule 60 motion indicates that he is bringing his motion under Rules 60(b)(1) and (b)(4). (*See* Dkt. No. 104.)

Rule 60(b)(1) specifically gives a district court discretion to modify a final judgment or order on the grounds of "mistake, inadvertence, surprise, or excusable neglect." *Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008); *Barber v. State of Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).

Rule 60(b)(4) provides for relief on the basis that an order or judgment is void. An incorrectly decided judgment is not itself sufficient to render a judgment void. *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 270 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.*

### A.      Notice of Appeal

The Court first considers whether it maintains jurisdiction over certain issues in Mr. Sanai's current motion given his subsequent notice of appeal to the Ninth Circuit. (*See* Dkt. No. 109) (Notice of Appeal).

Generally, once a party files a notice of appeal, the district court is divested of jurisdiction over any matter which is the subject matter of the appeal. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) (stating that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"). There is, however, an exception to this general rule. Federal Rule of Appellate Procedure 4(a)(4)(B)(i) allows a district court to grant relief from a judgment, even when a notice of appeal has been filed, in certain situations. Under Rule 4(a)(4)(B)(i), "if a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of

1  the last such remaining motion is entered." Rule 4(a)(4)(A) identifies several motions, including a
2  Rule 60(b) motion. However, Rule 4(a)(4)(B)(i), only applies if the Rule 60(b) motion was "filed
3  no later than 28 days after the judgment is entered." Fed. R.App. P. 4(a)(4)(A)(vi).

4  On September 8, 2021, plaintiff appealed the Judgment of Dismissal and the Order
5  Denying Post-Judgment Motions for Relief, along with several other orders. (*See* Dkt. No. 109).[2]
6  The Judgment of Dismissal was entered on April 12, 2021 and the Order Denying Post-Judgment
7  Motions for Relief under Rules 59 and 60(b)(6) was entered June 10, 2021. (*See* Dkt. Nos. 76 and
8  97.) Mr. Sanai did not file this current Rule 60(b) motion until August 1, 2021, more than 28 days
9  after the judgment and order was entered. Thus, Rule 4(a)(4)(B)(i) does not apply.

10  Given Mr. Sanai's pending appeal of these orders, and the fact that Rule 4(a)(4)(B)(i) does
11  not apply, the Court finds that the general rule that a district court is divested of jurisdiction once
12  an appeal is pending applies here. Accordingly, the Court does not consider plaintiff's argument
13  with respect to the Judgment of Dismissal and the Order Denying Post-Judgment Motions for
14  Relief under Rules 59 and 60(b)(6) since those orders are on appeal. The Court's analysis is
15  limited to the Court's Order Granting the Motion to Dismiss and the Order of Referral of
16  Plaintiff's Motion for Recusal.

17  **B.     Rule 60(b)(1): Mistake**

18  Mr. Sanai's argues that relief is warranted under Rule 60(b)(1) because: (1) the Court erred
19  in its sovereign and judicial immunity analyses and (2) the Court's decision not to allow plaintiff
20  leave to amend his complaint constituted a mistake.

21  With respect to Mr. Sanai's first argument, plaintiff renews his "*ultra vires*" act argument
22  and argues that the Court erred in finding plaintiff had not alleged sufficient allegations to show
23  that defendants were acting in an *ultra vires* manner. In arguing such, plaintiff relies on a handful

---

[2] Plaintiff also appealed the following orders: (1) Order re Motions for Recusal entered May 24, 2021 (Dkt. 89);(2) Order re Motion for Relied entered June 7, 2021 (Dkt. 96); Order re Terminating Motion for Relief entered June 16, 2021 (Dkt. No. 100); (3) Clerk's Notice Vacating the Motion Hearing Set for 9/7/2021 entered on June on August 31, 2021 (Dkt. No. 107); and (4) Order re Motion for Leave and Motion for Relief entered on September 7, 2021 (Dkt. No. 108). The Court does not address these orders since they either are not at issue in plaintiff's current motion or pertain to orders Judge Donato addressed in his Order re Motion for Leave and Motion for Relief. (*See* Dkt. No. 108.)

1    of distinguishable cases and argues that such cases explain that lawsuits seeking remedies against
2    government officials do not require a showing of personal involvement.  Mr. Sanai's reliance on
3    the cited authorities does not persuade. Contrary to plaintiff's assertion, in *Wolfe v. Strankman*,
4    392 F.3d 358, 364-66 (9th Cir. 2004), the Ninth Circuit did not hold that the judges and Supreme
5    Court of California were properly sued as defendants.  In fact, *Wolfe* held the opposite.  *See*
6    *Strankman*, 392 F.3d at 367 (affirming dismissal of the State of California, the Judicial Council of
7    California, the Superior Court Judge Defendants, and the California Supreme Court Justice).
8    Plaintiff's reliance on *Matal v. Tam*, 137 S.Ct. 1744, 1754 (2017) also fails to persuade, as that
9    case did not deal with sovereign immunity of judicial immunity. Plaintiff has not identified any
10   valid mistake with respect to the Court's immunity analyses.
11          Regarding Mr. Sanai's second argument, plaintiff fails to grapple with the Court's
12   conclusion that amendment would have been futile under the binding case law.  Rather than show
13   how any proposed changes would have addressed the Court's concerns about futility, plaintiff
14   argues in a conclusory fashion that the proposed changes "addressed the barriers to finding the
15   Defendants' actions to be ultra vires." (Mot. for relief at 22.)  However, given the Court's
16   immunity analyses, the proposed changes would have been futile.  Plaintiff fails to cite any
17   authority to the contrary and thus fails to show a valid mistake.
18          Given that, Mr. Sanai has failed to show that the Court's conclusions that sovereign and
19   judicial immunity bars an action against defendants, and that leave to amend would have been
20   futile are valid mistakes.  The authority Mr. Sanai cites does not change the Court's analyses.
21   Accordingly, Mr. Sanai's continued disagreement with the Court's orders presents no grounds that
22   warrant relief, and his motion for relief is **DENIED** on this ground.
23          **C.    Rule 60(b)(4): Void**
24          In arguing that relief is warranted under Rule 60(b)(4), Mr. Sanai argues that the Court's
25   decision not to allow plaintiff to file a sur-reply or oral argument on the motion to dismiss makes
26   the Order Granting the Motion to Dismiss void.  As an initial matter, parties do not have a right to
27   file sur-replies and motions are deemed submitted when the time to reply has expired.  *See* L.R. 7-
28   3(d).  However, where new evidence is presented in a reply, the district court should not consider


the new evidence without giving the non-moving party an opportunity to respond. *JG v. Douglas, County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (holding that district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply.)

Here, plaintiff fails to point to a single new issue that was raised in defendants' reply brief that the Court decided without oral argument or sur-reply briefing. While Mr. Sanai makes reference to defendants' exhaustion of remedies argument, the Court did not decide that issue in its Order Dismissing the Motion to Dismiss. The Court dismissed plaintiff's complaint based on sovereign and judicial immunity and those arguments were properly raised in defendants' opening brief. Thus, plaintiff fails to provide any reasons to justify relief under Rule 60(b)(4).

In light of the foregoing, Mr. Sanai has failed to show that the Court's Order Granting Motion to Dismiss is void. Accordingly, plaintiff's disagreement with the Court's decision to dismiss his case does not warrant relief under Rule 60(b)(4), and his motion for relief is **DENIED** on this ground.[3]

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion for relief under both Rules 60(b)(1) and Rule 60(b)(4).

The Order terminates Docket No. 104.

**IT IS SO ORDERED.**

Dated: December 28, 2021

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court also **DENIES** plaintiff's motion with respect to the Court's Order of Referral of Plaintiff's Motion for Recusal, as Mr. Sanai fails to address how such Order constitutes a violation of due process.