Cyrus M. Sanai, SB#150387
SANAIS
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, California, 90210
Telephone: (310) 717-9840
cyrus@sanaislaw.com

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS SANAI, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>ALEX KOZINSKI, in his personal capacity; CATHY CATTERSON, in her personal capacity; THE JUDICIAL COUNCIL OF THE NINTH CIRCUIT, an administrative agency of the United States; MOLLY DWYER, in her official capacity; SIDNEY THOMAS, in his official and personal capacities; PROCTOR HUG JR., in his personal capacity; M. MARGARET MCKEOWN, in her personal capacity; RONALD M. GOULD, in his personal capacity; JOHNNIE B. RAWLINSON, in her personal capacity; AUDREY B. COLLINS, in her personal capacity; IRMA E. GONZALEZ, in her personal capacity; ROGER L. HUNT, in his personal capacity; TERRY J. HATTER JR., in his personal capacity; ROBERT H. WHALEY, in his personal capacity; THE JUDICIAL COUNCIL OF CALIFORNIA, an administrative agency of the State of California; and DOES 1-10, individuals and entities whose identities and capacities are unknown;<br><br>        Defendants. | Case No.  19-CV-08162-YGR<br><br>**MOTION PURSUANT TO FED. R. CIV. P. 60(B) AND 62.1 FOR RELIEF FROM ORDERS AND JUDGMENT**<br><br>Hearing Date: Sept. 23, 2022<br>Hearing Time:  2:00 pm<br>Courtroom:  Courtroom 1 4th Floor Oakland<br><br>Complaint Filed:   December 17, 2019 |

MEMORANDUM OF POINTS AND AUTHORITIES

1    TO ALL THE CLERK OF THE COURT

2       Plaintiff Cyrus Sanai hereby files this motion pursuant to Fed. R. Civ. P. 60(b)(1), Fed. R. Civ.

3    P. 60(b)(2),  Fed. R. Civ. P. 60(b)(4), Fed. R. Civ. P. 60(b)(6)  and Fed. R. Civ. P. 62.1 for relief

4    from the Court's order of December 28, 2021, denying Plaintiff's motion for relief from the final

5    judgment (Docket Nos. 74 and 76) and order of dismissal (Docket No. 72), the post-judgment

6    order of referral, Docket No. 79, and order denying motions under Fed. R. Civ. P. 59 and 60(b)(6)

7    pursuant to Fed. R. Civ. P. 60(b)(4) and Fed. R. Civ. P. 60(b)(4) on the following grounds:

8       1.  That the Court's order of December 28, 2021 denying relief from the final judgment and

9           order denying relief from Plaintiff's motion for relief from the order orders denying

10          Plaintiff's post judgment motions are based on mistakes of law by Judge Gonzales Rogers

11          in not applying Fed. R. Civ. P. 62.1.

12      2.  The Court's order of December 28, 2021, when properly readdressed pursuant to Fed. R.

13          App. 12.1 and Fed. R. Civ. P. 62-1, must reverse the rulings of Judge Donato denying

14          relief under Fed. R. Civ. P. 60(b)(1) for mistake as demonstrated by the United States

15          Supreme Court's decision in *Kemp v. United States,* S. Ct. Docket No. 21-5726 (June 13,

16          2022) .

17      3.  That new facts and law have arisen that contradict Judge Donato's analysis regarding

18          disqualification of Judge Rogers.

19

20

21

22                  By: _____/s/ Cyrus Sanai_____
                              CYRUS SANAI
23                            Plaintiff

24

25

26

27

28
                                                    -2-
                                                     2

1

2

# TABLE OF CONTENTS OF MEMORANDUM OF POINTS AND

3

# AUTHORITIES

4

5      I.      INTRODUCTION AND PROCEDURAL HISTORY ........................................................ 6
       II.     THE COURT'S UNCONSTITUTIONAL CONDUCT REGARDING PLAINTIFF'S
6              MOTIONS FORCES PLAINTIFF TO FILE SUCCESSIVE POST-JUDGMENT
               MOTIONS TO AVOID FORFEITURE. .............................................................................. 8
7          A.      In Order to Avoid Appellate Forfeiture, Plaintiff Must Present All of the Court's
          Defective Reasoning and False Characterizations of the Record and Law in Post-Judgment
8         Motions.............................................................................................................................................. 8
          B.      The Court's Disregard and Burdening of Post-Judgment Motion Rights Mean That Their
9         Orders and Judgments are Void .................................................................................................. 10
10         1.      Judicial Judgments or Orders That are the Product of Violation of Due Process are
          Void.   10
11         2.      The Orders of Judge Donato are Void and a Mistake, Correctible Under Fed. R. Civ.
          P. 60(b)(1) and 60(b)(4), however Judge Donato has Denied Plaintiff his Due Process Right
12        to Make Such Arguments. ........................................................................................................... 13
13         2.      Judge Donato's Analysis of Disqualification is Now Rebutted by new Facts............ 20
       III.    CONCLUSION ................................................................................................................. 23
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

1

# TABLE OF AUTHORITIES

2

3

**Cases**
*Bolling v. Sharpe,* 347 US 497 (1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
*Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009) . . . . . . . . . . . . . . . . . . . . . . . 8
*Cheney v. U.S. Dist. Court for the Dist. of Columbia,* 541 U.S. 913 (2004) . . . . . . . . . . . 21
*Coppedge v. United States,* 369 U.S. 438 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
*Cowen v. Knott,* 252 So. 2d 400 (Fla. Dist. Ct. App. 1971) . . . . . . . . . . . . . . . . . . . . . 19
*Dowd v. United States ex rel. Cook,* 340 U.S. 206 (1951) . . . . . . . . . . . . . . . . . . . . . . . 17
*Griffin v. Illinois,* 351 U.S. 12 (1956) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
*Honcharov v. Barr,* 924 F.3d 1293 (9th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
*Jimenez v. Weinberger,* 417 U.S. 628 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
*Kemp v. United States,* S. Ct. Docket No. 21-5726 (June 13, 2022) . . . . . . . . . 3, 4, 8, 10
*Liberty Mut. Ins. Co. v. EEOC,* 691 F.2d 438 (9th Cir.1982) . . . . . . . . . . . . . . . . . . . . 10
*Malek v. Federal Ins. Co.,* 984 F.2d 49 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . 19
*Mathews v. Eldridge,* 424 U.S. 319 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
*Mendez v. Republic Bank,* 725 F. 3d 651 (7th. Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . 9
Order of January 17, 2017, *Morris v. Sandoval,* Case No. 12-cv-06132-JD, Docket No. 227 . 13
Order of September 12, 2016, *Gardner v. Chevron Capital Corp,* Case No. 15-cv-01514-JD,
    Docket No 64 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13, 14
*Ringgold v. Cty of Los Angeles,* 761 F.3d 1057 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . 15
*SEC v. Internet Solutions for Business Inc.,* 509 F. 3d 1161 (9th Cir. 2007) . . . . . . . . . . . . 12
*The Presbyterian Church (USA) v. The United States of America,* 870 F. 2d 518 (9th Cir. 1989) 22
*Thomas P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica,* 614 F.2d 1247 (9th
    Cir.1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
*United States v. Wallace,* 848 F. 2d 1464 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 18
*Village of Willowbrook v. Olech,* 528 U.S. 562 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Statutes**
28 U.S.C. §455 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Other Authorities**
M.J. Stern, "The Biden-McConnell Deal to Make an Anti-Abortion Advocate a Federal Judge is
    Still On", *Slate,* July 1, 2022 slate.com/news-and-politics/2022/07/biden-mcconnell-chad-
    meredith-abortion-kentucky-judge.html . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**Rules**
Fed. R. App. P. 12-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Fed. R. App. Proc. 12.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Fed. R. Civ. P. 59 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Fed. R. Civ. P. 60 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Fed. R. Civ. P. 60(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Fed. R. Civ. P. 60(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Fed. R. Civ. P. 62.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4
L.R. 7.3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L.R. 7.3(c) ............................................................. 20

MEMORANDUM OF POINTS AND AUTHORITIES

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      **INTRODUCTION AND PROCEDURAL HISTORY**

This motion requests, pursuant to Fed. R. App. P. 12-1,  Fed. R. Civ. P. 62.1,  Fed. R. Civ. P. 60(b)(1), Fed. R. Civ. P. 60(b)(2) and Fed. R. Civ. P. 60(b)(6), that the denials of the motions filed under Fed. R. Civ. P. 60(b), Docket Nos. 98 and 104 be reviewed and the court grant indicative rulings as to whether or not it would grant or deny the motions if jurisdiction would be returned to it.

In reviewing these post judgment orders, the Court will in turn review the  judgment of dismissal, Docket No. 76, the April 9, 2021 order of dismissal, Docket No. 72, the order denying Plaintiff's post-judgments motions for relief under Fed. R. Civ. P. 60(b)(6) and Fed. R. Civ. P. 59(e), and the order of referral, Docket No. 79, under Fed. R. Civ. P. 60(b)(1), Fed. R. Civ. P. 60(b)(2) and Fed. R. Civ. P. 60(b)(6) and Fed. R. Civ. P. 12-1 and the Court make should make indicative rulings stating whether or not it would reverse those rulings if jurisdiction were returned to it and explain why in either case.

The primary purpose of this motion to ensure that Plaintiff has fully perfected his appeal by presenting all arguments, including new arguments based on new facts and new law since the Notice of Appeal was filed, to the two judges whose orders are under appeal.  It serves the secondary purpose of potentially

Judge Rogers' order, Docket 111,  denying Plaintiff's motions under Fed. R. Civ. Proc. 60(b)(6) and 59(e) and her order granting the motions to dismiss are errors of law, and may be reversed under Fed. R. Civ. Proc. 60(b)(1) as mistakes. Judge Rogers was required to address the motions under Fed. R. Civ. Proc. 62.1 and Fed. R. App. P. 12-1, and not rule upon them on the merits.  In addition, under Fed. R. Civ. Proc. 60(b)(1), the United States Supreme Court held that that there is no greater showing required than "mistake" of law or fact.  *Kemp v. United States*, S. Ct. Docket No. 21-5726 (June 13, 2022), slip. op. 4-6.

Plaintiff raised his post-judgment issues before Judge Rogers prior to filing a notice of appeal. Docket No.  104.   Several months after the notice of appeal was filed, Judge Rogers denied the

6

1    motion, refusing to address most of the issues on the grounds of the automatic stay on appeal.

2    Docket No. 111.  Judge Rogers was both right and wrong.  She was correct that the automatic stay

3    barred her from granting the pre-appeal  relief requested by Plaintiff because she waited so long to

4    address them; however, she was wrong that she could not consider the issues, because Fed. R.

5    App. Proc. 12.1 and Fed. R. Civ. P. 62.1 specifically empower a district court judge to provide

6    indicative rulings on matters, which then may be taken up to the Court of Appeals to request a

7    remand.

8        Judge Donato, denied a motion challenging his May 24, 2021 order by ruling that a post-

9    judgment motion attacking a post-judgment order under Fed. R. Civ. Proc. 60(b)(1) is barred by

10   L.R. 7-9—but under Judge Donato's own, prior orders, L.R. 7-9 does not apply "at this stage of

11   the litigation.  *See* Civil L.R. 7-9(a)."  Order of September 12, 2016, *Gardner v. Chevron Capital*

12   *Corp,* Case No. 15-cv-01514-JD, Docket No 64 at 1:15-16 .  Judge Donato's error was

13   affirmatively overruled *in Kemp v. United States,* S. Ct. Docket No. 21-5726 (June 13, 2022).

14       Judge Donato subsequently ruled that Plaintiff's motion under Fed. R. Civ. P. 60(b)(1) failed

15   because it did not provide "new facts or law", when all Plaintiff has to show is a judicial mistake.

16   *See* June 7, 2021 Order, Docket No. 89; *Kemp, supra.*   Again, his order was affirmatively

17   overruled by *Kemp.*  Judge Donato issued an order barring Plaintiff from filing any more motions

18   regarding recusal, including recusal of him, thus stripping Plaintiff of any opportunity to present

19   statutory or constitutional grounds to recuse Judge Donato in the first instance.   That order is

20   illegal, and again, barred by *Kemp;* a party can keep filing Rule 60 motions until the judge applies

21   the correct standard for evaluating them.   Lastly, Judge Donato issued an order denying Plaintiff's

22   last Rule 60(b) motion before him on September 7, 2022; that is the order which of his that is

23   directly challenged, thought in doing so every prior erroneous order of his, which is all of them,

24   are brought up again for review under the correct standard of Rule 60(b)(1), which is mere mistake

25   of law or fact by the Court.

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

1

2    **II.    THE COURT'S UNCONSTITUTIONAL CONDUCT REGARDING PLAINTIFF'S**

3    **MOTIONS FORCES PLAINTIFF TO FILE SUCCESSIVE POST-JUDGMENT**
     **MOTIONS TO AVOID FORFEITURE.**

4        **A.   In Order to Avoid Appellate Forfeiture, Plaintiff Must Present All of the Court's**
             **Defective Reasoning and False Characterizations of the Record and Law in Post-**

5            **Judgment Motions**

6        The Ninth Circuit and other appellate courts dictate that a litigant who fails to bring an issue or

7    contention to the attention of a trial court risks forfeiture of such issue or contention on appeal.  A

8    recent decision explained that:

9            Waiver and forfeiture are an important part of any adjudicative system, whether
             judicial or administrative. These doctrines "preserve the integrity of the appellate

10           structure" by ensuring that "an issue must be presented to, considered and decided
             by the trial court before it can be raised on appeal." *Torres de la Cruz v. Maurer,*

11           483 F.3d 1013, 1023 (10th Cir. 2007) (quoting *Tele-Communications, Inc. v.*
             *Comm'r of Internal Rev.,* 104 F.3d 1229, 1233 (10th Cir. 1997)). Particularly

12           when the issue requires resolving disputed facts, such presentation is crucial
             because it allows the adjudicator with the best understanding of the case to make

13           an initial determination, make the necessary findings, and conduct any additional
             proceedings necessary to reach a fair and just result. Waiver and forfeiture also

14           encourage the orderly litigation and settlement of claims by preventing parties
             from withholding "secondary, back-up theories" at the trial court level, thus

15           allowing party-opponents to appraise frankly the claims and issues at hand and
             respond appropriately. *See id.*

16

17           Waiver and forfeiture are thus important tools for preserving the structure of
             hierarchical court systems by allowing appellate courts to act as courts of "review,

18           not first view." *Maronyan v. Toyota Motor Sales, USA., Inc.,* 658 F.3d 1038, 1043
             n.4 (9th Cir. 2011) (quoting *Cutter v. Wilkinson,* 544 U.S. 709, 718 n.7, 125 S.Ct.

19           2113, 161 L.Ed.2d 1020 (2005)).

20   *Honcharov v. Barr,* 924 F.3d 1293, 1295-6 (9th Cir. 2019)

21       In the ordinary course of litigation, both parties should have the ability to thoroughly address

22   all issues via briefing at an appropriate length plus oral argument, unless the district court provides

23   less space then necessary, denies oral argument, and/or decides the motion or case based on

24   grounds not raised in the briefing or oral argument.  If the district court does not ensure that all

25   issues are properly addressed, the remedy for the losing party is, in the Northern District, prior to

26   judgment, a motion for leave to file a motion for reconsideration under L.R. 7-9, after judgment, a

27   motion under Fed. R. Civ. P. 59, and both before and after judgment, a motion under Fed. R. Civ.

28

P. 60(b).

Rather than conduct these proceedings in an orderly and deliberative process and preparing judicial orders that accurately lay out the facts, explain the relevant legal principles with accurate citations to relevant law, and then apply such principles in a logical and ordered fashion, this Court has repeatedly dealt with the law and facts like Donald Trump being interviewed by CNN.

While Judge Donato, like Judge Rogers, keeps pointing Plaintiff to seek redress at the Court of Appeals and Plaintiff has indeed filed a notice of appeal and amended it once, it is premature for him to file his opening brief until he has presented as many arguments and issues to the trial court as possible to avoid forfeiture.  Because both Judge Rogers and Judge Donato without notice pull out manifestly false characterizations of the undisputed records and obviously mistaken interpretations of law like dead rabbits out of a moth-eaten hat and drop them into their orders, Plaintiff is forced to file post-judgment motions to attack these judicial defects to ensure there is no forfeiture of issues.  Because the orders of both Judge Donato and Judge Rogers reject the availability of post-judgment motions and orders, they are not only restricting Plaintiff's established due process rights under the Federal Rules of Civil Procedure, they are also creating substantial  burdens on his appellate rights.

Plaintiff fulfilled his obligations to bring all arguments he had last year to the attention of this Court.  However, Judge Rogers refused to decide most of them since she believed that some, but not all, of the orders were subject to the automatic stay on appeal.  Judge Donato filed his order before the notice of appeal was filed, so he hand no good cause for what he did.

Judge Rogers was wrong about the automatic stay and how to handle it.  First, all of the orders were subject to the automatic stay because all are subject to appellate review.  Thus the Court's denying reconsideration of those orders on the merits was error.  The Court's options under Fed. R. Civ. P. 62.1 are deny the motions for lack of jurisdiction, defer consideration, or state either that it would grant the motion or that it states a substantial issue.  Judge Rogers failed to acknowledge Rule 62.1, perhaps because she was unaware of it.

As for Judge Donato, he has repeatedly taken the position that he does not have to reconsider his ruling when attacked under Rule 60(b)(1) unless there is a new showing of law and fact.  He's

MEMORANDUM OF POINTS AND AUTHORITIES

wrong, according to the Supreme Court.  _See Kemp, supra._

**B.  The Court's Disregard and Burdening of Post-Judgment Motion Rights Mean That Their Orders and Judgments are Void**

**1.  Judicial Judgments or Orders That are the Product of Violation of Due Process are Void.**

Under federal law, an order or judgment is void if it involves a violation of due process of law:

> As noted above, Owens-Corning is appealing the bankruptcy and district courts' denial of its Rule 60(b) motion on voidness grounds. A judgment is not void merely because it is erroneous. It is void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, **or if the court acted in a manner inconsistent with due process of law.** See 11 C. Wright & A. Miller, Federal Practice and Procedure § 2862 at 198-200 (1973) and cases cited therein.
>
> ….We have previously acknowledged that a judgment may be set aside on voidness grounds under Rule 60(b)(4) for a violation of the due process clause of the Fifth Amendment. _Winhoven v. United States,_ 201 F.2d 174, 175 (9th Cir. 1952).

_In re Center Wholesale, Inc. (Owens-Corning Fiberglas Corp. v. Center Wholesale, Inc.),_ 759 F.2d 1440, 1448 (9th Cir. 1985)

Due process has three fundamental elements: the right to notice, the right to be heard in a meaningful manner, and the right to a tribunal that is not biased. _Goldberg v. Kelly,_ 397 U.S. 254 (1970).  The tribunal also cannot appear to be biased under the constitutional standard articulated in _Caperton v. A.T. Massey Coal Co.,_ 556 U.S. 868 (2009).  In addition, in the sphere of federal law, violation of equal protection is also a violation of due process under the Fifth Amendment. _See Bolling v. Sharpe,_ 347 US 497, 499 (1954); _Jimenez v. Weinberger,_ 417 U.S. 628, 637 (1974) (basing judgment on the "equal protection of the laws guaranteed by the due process provision of the Fifth Amendment.")

The second due process basis for post-judgment motions is that the due process itself requires a district court to properly address post-judgment motions.  The due process right to be heard

> is the opportunity to be heard "at a meaningful time and in a meaningful manner." _Armstrong v. Manzo,_ 380 U. S. 545, 552 (1965). _See Grannis v. Ordean,_ 234 U. S. 385, 394 (1914).

_Mathews v. Eldridge,_ 424 U.S. 319, 333 (1976).

Post-judgment motions to attack a trial court's orders or judgments are a very important part of

a litigant's due process rights, as the Seventh Circuit explained in its discussion of Fed. R. Civ. P.

60(b)(1) motions:

> [W]e agree with the significant majority of the circuits that subsection (1) of Rule 60(b) allows a district court to correct its own errors that could be corrected on appeal, at least if the motion is not a device to avoid expired appellate time limits.As Judge Friendly observed nearly fifty years ago, "no good purpose is served by requiring the parties to appeal to a higher court, often requiring remand for further trial proceedings, when the trial court is equally able to correct its decision in the light of new authority on application made within the time permitted for appeal...." *Schildhaus v. Moe,* 335 F.2d 529, 531 (2d Cir.1964) (citations omitted). Likewise in the rare case where a district judge recognizes a clear legal or factual error before a pending appeal has been briefed, no purpose is served by prohibiting the district judge from remedying the error. The parties in such cases, consistent with the goal of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive" resolution of disputes, may be spared the effort and expense of preparing an appeal and educating a new court on the particulars of their case. *See* Fed.R.Civ.P. 1; *see also Varhol v. Nat'l R.R. Passenger Corp.,* 909 F.2d 1557, 1574 (7th Cir.1990) (en banc) (Manion, J., concurring) (noting that Rule 1 is a rule of construction for interpreting the Rules).

*Mendez v. Republic Bank,* 725 F. 3d 651, 661-2 (7th. Cir. 2013) (footnotes omitted).

In *Kemp, supra,* the Unites States Supreme Court just validated this approach, and held that

motions attacking final orders or judgments may be made for mistake of law or fact by the judge

without any greater showing than mistake:

> We ultimately disagree with Kemp and agree with the Government to a point. As a matter of text, structure, and history, the Government is correct that a "mistake" underRule 60(b)(1) includes a judge's errors of law. But we see no reason to limit Rule 60(b)(1) to "obvious" legal mistakes,as the Government proposes. We first explain whyRule 60(b)(1) covers all mistakes of law made by a judge, and then address why the Government's and Kemp's contrary interpretations of "mistake" do not persuade us.
>
> ....
>
> The Government contends that the term "mistake" encompasses only so-called "obvious" legal errors. Brief for United States 11. Several Courts of Appeals agree that Rule 60(b)(1) may be used to correct only "'obvious errors' of law, such as overlooking controlling statutes or case law." *In re Ta Chi Navigation (Panama) Corp. S. A.,* 728 F. 2d 699, 703 (CA5 1984). The Government argues that this limitation "has historical roots" because courts of equity traditionally "could grant relief from legal errors, but only 'in the most unquestionable and flagrant cases.'" Brief for United States 18 (quoting <u>Snell v. Insurance Co.,</u> 98 U. S. 85, 91 (1878)).We are unconvinced. None of the English language or legal dictionaries noted above, supra, at 4–5, suggests this "obviousness" gloss. Nor does the Government tie the equity practice it invokes to the text or history of

> Rule 60(b).Finally, we question the administrability of a rule that requires courts to decide not only whether there was a "mistake" but also whether that mistake was sufficiently "obvious." The text does not support—let alone require—that judges engage in this sort of complex line-drawing.

*Kemp v. United States,* S. Ct. Docket No. 21-5726 (June 13, 2022), slip. op. 4-6 (footnote omitted).

The Court in *Kemp* held that there is no greater showing or limitation on presenting a Fed. R. Civ. P. 60(b)(1) motion other than showing mistake.  The Court explicitly rejected the contention that a party must show anything in the motion other than mistake or meet any additional requirements other than timeliness.

It's therefore clear that a party may raise legal error and factual error as grounds for reversing a trial court's error without having to show new facts or new law, though new facts and new law are also accepted as grounds for relief.  A party may attack a final order or judgment, which includes all post-judgment orders.  *Liberty Mut. Ins. Co. v. EEOC,* 691 F.2d 438, 441 & n. 5 (9th Cir.1982).

The Ninth Circuit also does not require that a motion under Fed. R. Civ. P. 60(b)(1) to follow the time limit of an appeal.

> But Rule 60(b)(1) is not limited to mistake or inadvertence by the judgment debtor. Because the words "mistake" and "inadvertence" are not so limited, they may include mistake and inadvertence by the judge. We held that a district court can correct its own mistake months after judgment, under Rule 60(b), in *Gila River Ranch, Inc. v. United States,* 368 F.2d 354, 357 (9th Cir. 1966); see also Restatement of Judgments 2d § 68, illustration 5 (1982).

*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F. 3d 347, 350 (9th Cir. 1999)

As for attacking an order or judgment as void under Fed. R. Civ. P. 60(b)(4), there is no time limit whatsoever:

> The rule requires that a 60(b)(4) motion "be 1448*1448 made within a reasonable time," but if a judgment is void, a motion to set it aside may be brought at any time. See 11 C. Wright & A. Miller, Federal Practice and Procedure § 2862 at 197 (1973) and cases cited therein. Moreover, a void judgment cannot acquire validity because of laches on the part of the judgment debtor (Owens-Corning in this case). Id. Therefore, Owens-Corning's delay in bringing its Rule 60(b)(4) motion is irrelevant and the motion was timely.

*In re Center Wholesale, supra,* at 1448-9.

In addition, a court is without its normal discretion to refuse to vacate a judgment when it is

MEMORANDUM OF POINTS AND AUTHORITIES

void and attacked under Fed. R. Civ. P. 60(b)(4):

> "Necessarily a motion under this part of the rule differs markedly
> from motions under the other clauses of Rule 60(b). There is no
> question of discretion on the part of the court when a motion is
> under Rule 60(b)(4). Nor is there any requirement, as there usually
> is when default judgments are attacked under Rule 60(b), that the
> moving party show that he has a meritorious defense. Either a
> judgment is void or it is valid. Determining which it is may well
> present a difficult question, but when that question is resolved, the
> court must act accordingly." (Footnotes omitted.) Wright & Miller,
> Federal Practice & Procedure: Civil § 2862, at 197.

> We have been asked to review the District Court's exercise of discretion in
> granting relief from default for mistake, inadvertence, surprise, or excusable
> neglect, under Rule 60(b)(1). The District Court did not need to and should not
> have reached that question. The motion filed by the Consejo on January 11, 1977
> was adequate to warrant both dismissal of the action and complaint and relief
> from the default judgment. If the Court had ruled properly on that motion, the
> Rule 60(b)(1) argument would have been moot.

> …..
> Because it is clear from the record that ….the judgment was, therefore, void, the
> District Court had a nondiscretionary duty to grant relief….

*Thomas P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica,* 614 F.2d 1247,
1256 (9th Cir.1980); *SEC v. Internet Solutions for Business Inc.,* 509 F. 3d 1161 (9th Cir. 2007)
(Because the only basis upon which the district court could have properly granted the motion was
that the judgment was void….the district court was without its normal discretion to grant or deny
the motion and, therefore, consideration of the merits of the defense, prejudice, or culpability was
not proper", *citing Thomas P. Gonzalez Corp., supra*).

      **2.  The Orders of Judge Donato are Void and a Mistake, Correctible Under Fed.
R. Civ. P. 60(b)(1) and 60(b)(4), however Judge Donato has Denied Plaintiff
his Due Process Right to Make Such Arguments.**

Judge Donato's September 7, 2021 order, Docket No. 109, June 16, 2021 Order, Docket No.

100, and  June 7, 2021 Order, Docket No. 93  are  invalid and void orders when made, which may

be vacated under Fed. R. Civ. P. 60(b)(4) and vacated well as under Fed. R. Civ. P. 60(b)(1).  The

orders rest on three manifestly false assertions: first, Judge Donato is applying L.R. 7-9  to a

motion attacking a **post-judgment** order.  The plain language of L.R. 7-9 demonstrates that L.R.

7-9 is simply inapplicable:

> (a)  Leave of Court Requirement. **Before the entry of a judgment
> adjudicating all of the claims and the rights and liabilities of all the parties in
> a case,** any party may make a motion before a Judge requesting that the Judge

grant the party leave to file a motion for reconsideration of any **interlocutory** order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.
Cross Reference
*See Fed. R. Civ. P. 54(b) regarding discretion of Court to reconsider its orders prior to entry of final judgment.*

L.R. 7-9 (bold emphasis added, italics in original).

In addition, *Kemp* now makes clear that there is no heightened standard for showing of error under Rule 60(b)(1). A party claiming judicial mistake of law must simply show mistake. This is particularly important distinction where a judge like Judge Donato makes an indefensible reading of relevant authority and when called on it, instead of acknowledging obvious error, he refuses to acknowledge and correct the error on the grounds that there are no new facts or law. When a party points out that a judge has made a dumb, or bad-faith mistake, there often will be no better authority than that originally briefed; the shield of denying relief by stubbornly sticking to a legal analysis that no competent impartial tribunal can maintain has been eliminated in Kemp, at least as to final orders and judgments, which include post-judgment orders.

Plaintiff was not requesting "[b]efore the entry of a judgment" that Judge Donato reconsider "any interlocutory order". The order being attacked was not interlocutory, but post-judgment.

Judge Donato knows that his order was post-judgment: he wrote that:
**No pre-judgment motion** for reconsideration under Local Rule 7-9 may be brought without leave of court. *See* Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the **interlocutory order** for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the **interlocutory order**; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before **such interlocutory order**. *See* Civil L.R. 7-9(b).

Order of January 17, 2017, *Morris v. Sandoval,* Case No. 12-cv-06132-JD, Docket No. 227, at 1:18-2:3

In a case the year before the order in *Morris* quoted above and attached hereto as Exhibit B, Judge Donato denied a motion for reconsideration of a dismissal order and judgment filed post-judgment "because motions for reconsideration are unavailable at this stage of the litigation. *See* Civil L.R. 7-9(a)." Order of September 12, 2016, *Gardner v. Chevron Capital Corp,* Case No. 15-

cv-01514-JD, Docket No. 64 at 1:15-16 .

Judge Donato clearly knows and has ruled that L.R. 7-9 only applies to pre-judgment motions attacking interlocutory (i.e. pre-judgment) orders.  *See Morris* 1:18-2:3; *Gardner,* at 1:15-16.  His refusal to apply in Plaintiff's case the same rule he applies in other cases is a violation of the constitutional guarantee of equal protection, and a violation of the constitutional due process, specifically the right to be heard in a meaningful manner and the right to ensure that a party has an impartial tribunal.  To put it bluntly, Judge Donato knows how to read and interpret the plain language of L.R. 7-9, but he refused to apply it to Plaintiff Sanai to disadvantage him and avoid addressing the merits of his arguments.

Judge Donato's second manifestly false assertion of law was that because "[n]o new facts or law of any materiality" are asserted, that the motion was improper under L.R. 7-9.  However, "new facts or law" are not required under L.R. 7-9:

> The moving party must specifically show reasonable diligence in bringing the motion, and **one** of the following:
> > (1)  That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> > (2)  The emergence of new material facts or a change of law occurring after the time of such order; or
> > **(3)  A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.**

L. R. 7-9 (bold emphasis added),

Thus even if L.R. 7-9 did apply, which it does not because the order was not interlocutory and the motion was filed after entry of judgment and thus covered by *Kemp,* new facts or law is just one of three grounds for reconsideration.

However, it does not apply under *Kemp, supra,* which is law Judge Donato must follow.

Judge Donato's third manifestly false contention of law was that the only proper basis for a motion under Fed. R. Civ. P. 60(b)(1) was "new facts or law".  That contention was never valid in the Ninth Circuit, and is now overturned by *Kemp, supra.*

The portion of Judge Donato's June 7, 2021 order, Docket No. 96, stating that no further motions may be made regarding recusal without leave of court is also a violation of due process, as was his June 16, 2021 order, Docket No. 100.  Federal courts have limited authority to restrict filings in federal court outside impartially neutral rules applied to all:

> Restricting access to the courts is, however, a serious matter. "[T]he right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner,* 143 F.3d 1219, 1222 (9th Cir. 1998). The First Amendment "right of the people ... to petition the Government for a redress of grievances," which secures the right to access the courts, has been termed "one of the most precious of the liberties safeguarded by the Bill of Rights." *BE & K Const. Co. v. NLRB,* 536 U.S. 516, 524-25, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) (internal quotation marks omitted, alteration in original); *see also Christopher v. Harbury,* 536 U.S. 403, 415 n. 12, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (noting that **the Supreme Court has located the court access right in the Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and the Fourteenth Amendment equal protection clause**).

> Profligate use of pre-filing orders could infringe this important right, *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir.2007) (per curiam), as the pre-clearance requirement imposes a substantial burden on the free-access guarantee.

*See Ringgold v. Cty of Los Angeles,* 761 F.3d 1057, 1061-62 (2014)(bold emphasis added, italics in original).

Judge Donato does not attempt to explain or justify his order barring Plaintiff from filing any motion to recuse Judge Donato without his prior permission.  However, as discussed below, it violates *Kemp,* as it purports to restrict post-judgment filings, and he does not assert that he is filing any kind of vexatious litigant order; and if he were, his June 7, 2021 order completely fails every single requirement in *Ringgold, supra.*

Judge Donato's application of a different set of procedural rules to Plaintiff than he has applied to other litigants raised not only the issue of an appearance of bias, but demonstrates **actual** bias. In Judge Donato's May 24, 2021 order , Judge Donato falsely asserted that Plaintiff had moved to recuse him under 28 U.S.C. §455, when Plaintiff did no such thing. *See* Docket No. 89.  Judge Donato in his June 7, 2021 order, Docket No. 96,refused to address a motion to vacate his order denying a motion that Plaintiff never filed, and barred Plaintiff from filing a motion to recuse him without his permission, which motion Plaintiff has yet to file.  Judge Donato is thus placing a "substantial burden" on Plaintiff exercising his statutory and constitutional rights by pre-deciding

motions Plaintiff has not filed, then intentionally misapply L.R. 7-9, all to ensure that Plaintiff cannot exercise his statutory and constitutional rights to obtain an impartial tribunal.

As discussed above, Judge Donato pre-emptively falsely claimed that Plaintiff filed a motion to disqualify him that was never made, Docket No. 89.  When Plaintiff filed a motion under  Fed. R. Civ. P. 60(b)(1) to vacate it Docket No. 89, Judge Donato held, in the alternative, that this motion violated L.R. 7-9 or that it failed under Fed. R. Civ. P. 60(b)(1) because no new facts or law were asserted.  Order, Docket No. 94.  This violated Kemp; and as it was a violation of fundamental due process, it was void.

These scheme violates the due process right to be heard in a meaningful time and a meaningful manner.  It has crippled Plaintiff of his right to file a motion to disqualify Judge Donato under statutory and constitutional grounds.

Judge Donato's orders, Docket nos. 94 and 100, also violate equal protection.  Judge Donato applied L.R. 7-9 in Docket no. 94 when he knows, and has ruled, that L.R. 7-9 does not apply to post judgment attacks or order which are not interlocutory.  This intentional and dishonest action is violation "class of one" equal protection, recognized by  the United States Supreme Court  in *Village of Willowbrook v. Olech,* 528 U.S. 562 (2000).  In *Willowbrook,* the United States Supreme Court formally clarified that an equal protection claim can be raised by a person without alleging he belongs in any protected class.

A class of one equal protection claim can overlap with, but is fundamentally different from, a claim of error.  A claim of error says that the law is X, but the state court rule Y.  A claim of equal protection violation has to flavors; first, that a court or judge in the past has ruled that the law is X, but in the case of the victim, the court ruled that the law is Y, the opposite of X; or second, that most litigants have the right to do X, but in the case of the victim, the right is eliminated or burdened.

The Supreme Court has applied the equal protection clause to procedural rules.  In one of the earliest examples of class of one application, the United States Supreme Court held that a rule which effectively prohibited or impaired the ability to file a state court appeal was a violation of the equal protection clause.  *Dowd v. United States ex rel. Cook,* 340 U.S. 206 (1951).   In

particular, the United States Supreme Court stated that "a discriminatory denial of the statutory

right of appeal is a violation of the Equal Protection Clause of the Fourteenth Amendment." *Id.* at

208.

Even the landmark decision in *Griffin v. Illinois,* 351 U.S. 12 (1956), was based on both

Fourteenth Amendment guarantees of due process and equal protection. In *Coppedge v. United*

*States,* 369 U.S. 438 (1962), the court in referring to *Griffin v. Illinois* said:

> We found the failure of the State to provide for appellate review for indigents in
> noncapital cases, when such review was available for all defendants able to
> purchase transcripts, an `invidious discrimination' inconsistent with the guarantees
> of due process and equal protection of the laws of the Fourteenth Amendment.

369 U.S. at 447, fn. 13.

Here, Judge Donato imposed a burden—a pre-filing motion requirement—in the post-

judgment context where he knows it is not relevant. This was a fundamental violation of equal

protection.

Judge Donato's rulings also effectively eliminated Plaintiff's right to ensure that he has an

impartial tribunal under the statutory and constitutional basis.  Where the defendants are judges,

one of the most obvious potential grounds for disqualification is a personal friendship.  However,

Judge Donato denied that is possible.  He wrote that "recusal is not required based on the mere

existence of …. even friendship.  *See Cheney,* 541 U.S. 913." Docket No. 89 at 4:23-5.

Judge Donato's statement regarding the disqualification for friendship is clear error, and given

Judge Donato's mendacity regarding L.R. 7-9, almost certainly the product of intentional

mendacity.  What Justice Scalia actually wrote in *Cheney, supra,* is directly the opposite.  He

stated that: "friendship is a ground for recusal of a Justice where the personal fortune or the

personal freedom of the friend is at issue….".  *Cheney, supra,* at  916.  However, because Judge

Donato clearly lied in his discussion of L.R. 7-9, as he knows the correct law, in the context of this

case, Judge Donato's application of a fake rule of law to Plaintiff rises to the level of an

intentional violation of equal protection.

Judge Donato's ruling regarding recusal and discovery, as to himself and Judge Rogers, are

void.  But it should not be forgotten that they also count as error correctible under Fed. R. Civ. P.

60(b)(1).  Where judicial mistake of law is attacked under that rule, under the Ninth Circuit it is

1    sufficient to show "mere mistake."   *In re Int'l Fibercom, Inc., supra,* at  941 n.7; see also Kemp,

2    *supra*.

3        In analyzing the prejudicial effect of Judge Donato's orders, it is not proper to conduct a

4    "balkanized, issue-by-issue harmless error review".  *United States v. Wallace,* 848 F. 2d 1464,

5    1476 (9th Cir. 1998).  The Court must conduct a cumulative error or cumulative effect analysis of

6    the due process violations.  *See Christmas, supra,* at 643  (applying Seventh Circuit "cumulative

7    effect" test in civil case to determine whether "the district court's evidentiary rulings along with

8    their conduct at trial deprived them of a fair trial"); *Malek v. Federal Ins. Co.,* 984 F.2d 49, 55 (2d

9    Cir. 1993); *Cowen v. Knott,* 252 So. 2d 400, 401 (Fla. Dist. Ct. App. 1971)("mistake compounded

10   is reversible error").

11       If Judge Donato's conduct of his portion of this case involved prejudicial due process

12   violations, his orders and the resolution of Fed. R. Civ. P. 60(b)(6) motion by Judge Rogers are

13   void; his last order may also be attacked under Fed. R. Civ. P. 60(b)(1) as mistake.  Taken

14   together, Judge Donato's conduct of this litigation would be suspected by any reasonable observer

15   to be aimed at ensuring that actual friendships between himself and Judge Rogers with one or

16   more of the Defendants are never publicly revealed or addressed.  It explains why Judge Donato

17   lied about what *Cheney, supra,* actually holds; why he purported to decide a motion to disqualify

18   him that had not been filed (and still has not); and why, when these mistake of law were pointed

19   out, Judge Donato lied about what L.R. 7-9 states, even though his prior rulings state the opposite

20   of what he claims.

21       Plaintiff has never had the opportunity to file a motion to recuse Judge Donato, or to attack his

22   pre-filing orders, which were entered without notice or an opportunity to be heard.  His motion for

23   leave to file a motion for reconsideration—even though it is not required in the post-judgment

24   context—was filed more than a month ago, and Judge Donato has refused to rule on it.  See

25   Docket No. 101.

26       Because Judge Donato's orders are void, any judge can vacate them.  However, the pathway

27   which has the least conflict as to the local rules if for Judge Rogers to vacate the order of referral,

28   Docket No. 79,  to Judge Donato on the grounds that he has not, and continues to not, allow

19

Plaintiff a meaningful opportunity to be heard.

### 2.  Judge Donato's Analysis of Disqualification is Now Rebutted by new Facts.

Plaintiff filed a motion for recusal of Judge Rogers, docket no. 77, followed by a motion to shorten time on discovery, which is moot, and a motion for discovery, docket no. 84, regarding the issues of disqualification of Judge Rogers and the issue of whether Judge Donato, to whom the motions under Docket Nol. 77 and 84 were assigned, was potentially disqualified under the following grounds:

(1) Friendship with any individual defendant sued in a personal capacity;

(2) Ex parte acquisition of information concerning the underlying facts, particularly from the late Circuit Judge Hug, for whom Judge Donato clerked;

(3) the financial interest of Judge Rogers or any other district court judge arising from consideration for the current open slot in the Ninth Circuit created when Judge Berzon elected to take senior status.

Plaintiff did not file a motion to disqualify Judge Donato, however.

One of the grounds for seeking recusal of Judge Gonzales was that she had pre-judged Plaintiff's post-judgment motions when she wrote of Plaintiff's pre-judgment motion under L.R. 7.3 for leave to file a motion for reconsideration of her interlocutory order of dismissal:

> To the extent that Sanai has issue with the Order and the substance therein, the proper procedure is to appeal this Order to the Ninth Circuit Court of Appeals for a review of the Order at Docket Number 72.

April 12, 2021 Order Docket No. 75 at 1:16-18.

Plaintiff filed his noticed motion for discovery on May 4, 2021.  *See* Docket No. 84.  The opposition was due 14 days thereafter, and a timely opposition was filed on the due date, May 18, 2021.  *See* L.R. 7.3(a);  Docket No. 88.  The reply was therefore due seven days after the deadline for filing the opposition, on May 25, 2021.  L.R. 7.3(c).

However, Judge Donato elected to eliminate Plaintiff's right of reply, guaranteed by both local rules and constitutional due process under the Fifth Amendment, by deciding the motion the day before Plaintiff was required to file his reply in support of his motion for discovery.  *See* Docket.

MEMORANDUM OF POINTS AND AUTHORITIES

No. 89; U.S. Const., amend V.  Judge Donato not only denied the motion for disqualification and discovery, he falsely stated that Plaintiff had moved to disqualify Judge Donato, and denied that motion, as follows:

> Although the analysis of each Section 455(a) recusal request must be guided by "an independent examination of the unique facts and circumstances of the particular claim at issue," id., a well-informed, thoughtful observer would be aware that recusal is not required based on the mere existence of personal or working relationships among colleagues, or even friendships. *See* Cheney, 541 U.S. 913.
> The discovery Sanai seeks goes exactly to these irrelevant concerns. He asks to explore "Judge Donato's background" and related topics that bear no meaningful connection to the purposes of Section 455. Dkt. No. 80 at 2-3; see also Dkt. No. 84 at 2-3 (listing discovery topics such as Judge Gonzalez Rogers' and the Court's "personal relationships with any of the Defendants.").

Docket No. 89 at 4:21-5:3.

Judge Donato's citation to *Cheney* for the proposition that "recusal is not required based on the mere existence of …. even friendships" is totally and completely false.  In *Cheney v. U.S. Dist. Court for the Dist. of Columbia,* 541 U.S. 913, 916 (2004) Justice Scalia wrote that recusal is required if one is suing a government official in their personal capacity and damages are requested: "friendship is a ground for recusal of a Justice where the personal fortune or the personal freedom of the friend is at issue….".  *Cheney, supra,* at  916.  The majority of Justice Scalia's pellucid verbiage in *Cheney* is devoted to a self-evident exception:  recusal is not required where one is suing a government official **solely** in their official capacity:

> That an officer is named has traditionally made no difference to the proposition that friendship is not considered to affect impartiality in official-action suits. Regardless of whom they name, such suits, when the officer is the plaintiff, seek relief not for him personally but for the Government; and, when the officer is the defendant, seek relief not against him personally, but against the Government.

*Cheney, supra,* at 917.

The reason this is self-evident is that when one sues a federal or state official solely in an official capacity, one is actually suing the government; naming an official is the

> *Ex parte Young* fiction, which permitted a plaintiff to name a government official as the defendant in equitable actions to redress government misconduct, on the pretense that the suit was not actually against the government. By invoking the Young fiction plaintiffs could, even before Congress amended § 702 in 1976, maintain an action for equitable relief against unconstitutional government conduct, whether or not such conduct constituted "agency action" in the APA

sense. *See, e.g., Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 689-91, 69 S.Ct. 1457, 1461-62, 93 L.Ed. 1628 (1949); *U.S. v. Yakima Tribal Court,* 806 F.2d 853, 859 (9th Cir.1986); *Clark v. Library of Congress,* 750 F.2d 89, 102 (D.C.Cir.1984).

*The Presbyterian Church (USA) v. The United States of America,* 870 F. 2d 518, 525-6 (9th Cir. 1989).

The fiction is still alive and well, except when it is invoked by Plaintiff in a case involving judicial misconduct.

Judge Donato denied Sanai's third theory on the grounds that sitting and formal federal judges have not role in the appointment of new judges.  Even though it is common knowledge that support from within the judiciary by judges appointed by the same party as the appointing President is a key factor in obtaining an appointment, at the time Judge Donato made this ruling Plaintiff could not point to any publicly available information to the contrary.  Thanks to Defendant Rawlinson, such information is now available. until April 15, 2022, when David Lat, a legal journalist and friend of Defendant Kozinski,  addressed the efforts of Defendant Rawlinson to pick her successor on the Ninth Circuit.  *See* David Lat, "Biden's Judicial Nominees: Turnabout is Fair Play", *Original Jurisdiction*, April 15, 2022 found at davidlat.substack.com/p/bidens-judicial-nominees-turnabout?s=r./  . Mr. Lat, for the first time as far as Plaintiff can tell, put into writing what is commonly known:

> Sometimes judges try to subtly influence the selection of their successors—for example, by using surrogates or intermediaries to whisper into the ears of decision makers in the White House or Senate. But there's nothing subtle about Judge Rawlinson's approach.

*Id.*

Defendant Judge Rawlinson and Mr. Lat have now provided a clear showing that sitting Circuit Judges attempt to influence the selection of new Circuit judges.  Once that dam broke, a second story addressing the effort of a sitting federal judge to influence the selection of her successor was revealed, and in becoming subject to public scrutiny, collapsed.   See M.J. Stern, "The Biden-McConnell Deal to Make an Anti-Abortion Advocate a Federal Judge is Still On", *Slate,* July 1, 2022 slate.com/news-and-politics/2022/07/biden-mcconnell-chad-meredith-abortion-

MEMORANDUM OF POINTS AND AUTHORITIES

kentucky-judge.html  ("Caldwell conditioned her move upon the confirmation of a successor—specifically the conservative Meredith").

This information constitutes new facts that demonstrate Judge Donato's legal and factual error in denying the relief sought by Plaintiff.

## III.    CONCLUSION

The Court should issue an order that Plaintiff's motion raises serious and substantial issues that merit a limited remand, and then grant the relief sought in this motion and Plaintiff's prior post-judgment motions.

Dated:  August 14, 2022

By: _____/s/ Cyrus Sanai_____
              CYRUS SANAI
              Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES